IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

AMANDA BOSARGE, JAQUELYN BUTLER,
KIMBERLY HARRELL, WILLIAM MORGAN,
PASTOR PAUL PERKINS, BRANDI RENFROE,
and DR. JEANA STANLEY, Individually and on
behalf of their Minor Children                                                                    PLAINTIFFS

VS.                                                           CIVIL ACTION NO. 1:22-cv-233-HSO-BWR

DANIEL P. EDNEY, in his official capacity
as the State Health Officer; LYNN FITCH,
in her official capacity as Attorney General
of Mississippi; ASHLEY BLACKMAN, in
her official capacity as Principal of East Central
Lower Elementary School; DR. ARCHIE R.
MITCHELL, in his official capacity as
Principal of Senatobia Elementary School;
ALLISON MERIT, in her official capacity
as Principal of North Bay Elementary School;
DR. ASHLEY ALLRED, in her official
capacity as Principal of Vancleave Upper
Elementary School; and DOUGLAS L.
TYNES, in his official capacity as the City
Prosecutor for Ocean Springs, Mississippi                                                 DEFENDANTS

**<u>MOTION TO STAY ANY PARTICIPATION BY DEFENDANT, DOUGLAS L. TYNES, IN HIS OFFICIAL CAPACITY AS THE CITY PROSECUTOR FOR OCEAN SPRINGS, MISSISSIPPI, IN THE ACTIVE LITIGATION OF THIS CASE AND TO GRANT OTHER RELATED RELIEF OR, ALTERNATIVELY, TO EXTEND AND ENLARGE THE TIME FOR RESPONDING TO PLAINTIFFS' VERIFIED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF [DOC. 1], MOTION FOR SUMMARY JUDGMENT [DOC. 4] AND MOTION FOR PRELIMINARY INJUNCTION [DOC. 3]</u>**

COMES NOW Defendant, Douglas L. Tynes, in his official capacity as the City Prosecutor for Ocean Springs, Mississippi ("Tynes"), and, without waiving any and all defenses, including those under F.R.C.P. 12 or otherwise, hereby moves the district court to stay any participation that would otherwise be required of him in the above-styled and numbered civil action, and to grant other related relief as requested below or, alternatively, to extend and enlarge the time for responding to Plaintiffs' Complaint [Doc. 1], Motion for Summary Judgment [Doc. 4] and Motion for Preliminary Injunction [Doc. 3]. In support of this motion, Tynes shows unto the Court the following:

1

1. In filing and pursuing this civil action, Plaintiffs' goal is to have Miss. Code Ann. § 41-23-37 declared unconstitutional on the ground that it does not contain a religious exemption, so its enforceability can be enjoined, thereby permitting certain children of the Plaintiffs to gain enrollment at schools in Mississippi.

2. As the complaint explains, Tynes is being sued in his official capacity as the City Prosecutor for the City of Ocean Springs, Mississippi.

3. Plaintiffs are also seeking to recover attorneys' fees and costs from Tynes and other defendants under 42 U.S.C. § 1988.

4. In view of the Fifth Circuit's prior holding in *Echols v. Parker*, 909 F.2d 795 (5th Cir.1990), however, Plaintiffs cannot recover any attorneys' fees or costs from Tynes. Since the statute in dispute in this case clearly represents official policy of the State of Mississippi, a local official like Tynes cannot be required to pay attorneys' fees or costs, inasmuch as he would be merely pursuing his duties as an agent of the state in enforcing state law and policy. *Id.* at 801. See also *Laudermilk v. Fordice*, 1997 WL 786776 (N.D. Miss. 1997) (county officials enforcing state statute act as state agents and are not liable for attorneys' fees).

5. In addition, in the capacity in which he is being sued, Tynes is merely a nominal defendant who should not be required to actively participate in the litigation of this proceeding. A nominal party is a person or entity "identified as a plaintiff or defendant [who] no interest in the litigation but there has been included to meet some technical pleading requirement or for other procedural reasons." Vol. 18 *Moore's Federal Practice*, § 131.40[2][b] (Matthew Bender 3d ed.). In this case, that label definitely describes the position of Tynes, because based on information and belief, Tynes was merely joined to avoid the assertion of a necessary party defense by the State of Mississippi, since Tynes as the city prosecutor is an individual having responsibility for enforcing local State laws within the city limits of Ocean Springs, Mississippi.

6. Yet because Tynes must conform to the requirements of Mississippi law and policy, and because his position is thereby clearly aligned with the State of Mississippi, there is no need for him to actively participate in the ongoing litigation of these disputes. As the Fifth Circuit observed in *Echols v. Parker*, local officials cannot be disassociated from the State when they have a duty to follow and enforce its statutes and policies. *Echols*, 909 F.2d at 801.

7. Tynes should thus be permitted to remain on the sidelines, as it were, with the clearly implied understanding that he is supporting and will follow the positions taken by the State in this case and with the further understanding and acknowledgement that any ***final*** decision rendered in bringing this case to a conclusion will be *res judicata* as to him in his official capacity as city prosecutor.

8. Alternatively, the district court should extend the time for responding to Plaintiffs' Complaint, Motion for Summary Judgment and Motion for Preliminary Injunction and trial on the merits through and including December 15, 2022.

9. Other good and valid grounds for the relief being sought will be presented upon a hearing of this motion.

WHEREFORE, PREMISES CONSIDERED, Defendant, Douglas L. Tynes, in his official capacity as the city prosecutor for Ocean Springs, Mississippi, hereby prays that upon a hearing of this motion, the district court will enter an order that a) stays any active involvement by Tynes in the ongoing active litigation of this case, with the result that he will thereby be relieved from any obligation to answer or otherwise respond to Plaintiffs' Complaint, to respond in any manner to any motions previously or hereafter filed, to participate in any hearing, to participate in any discovery, to proceed to trial, and/or to take any other action; and b) also recognizes and adjudicates that any ***final*** decision rendered in bringing this case to a conclusion will be *res judicata* as to him in his official capacity; or, alternatively, c) extends the time for responding to Plaintiffs' Complaint, Motion for

Summary Judgment and Motion for Preliminary Injunction and trial on the merits through December 15, 2022.

THIS 10th day of November 2022.

Respectfully submitted,

DOUGLAS L. TYNES, IN HIS OFFICIAL CAPACITY AS CITY PROSECUTOR FOR OCEAN SPRINGS, MISSISSIPPI, Defendant

By: /s/ A. Kelly Sessoms, III
A. Kelly Sessoms, III (MS Bar No. 9466)

Robert W. Wilkinson (MS Bar No. 7215)
A. Kelly Sessoms, III (MS Bar No. 9466)
Wilkinson, Williams, Bosio & Sessoms, PLLC
734 Delmas Avenue (39567)
Post Office Box 1618
Pascagoula, MS 39568-1618
rwilkinson@wwbslaw.com
ksessoms@wwbslaw.com
*Attorneys for Defendant, Douglas L. Tynes, in his official capacity as city prosecutor for Ocean Springs, Mississippi*