**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

**AMANDA BOSARGE, ET AL.**                                                **PLAINTIFFS**

**VS.**                                    **Civil Action No. 1:22-cv-00233-HSO-BWR**

**DANIEL P. EDNEY, in his official capacity
as the State Health Officer, ET AL.**                              **DEFENDANTS**

---

<u>**SEPARATE ANSWER AND DEFENSES OF DEFENDANT LYNN FITCH, IN HER
OFFICIAL CAPACITY AS ATTORNEY GENERAL OF MISSISSIPPI,
TO PLAINTIFFS' VERIFIED COMPLAINT FOR DECLARATORY
AND INJUNCTIVE RELIEF**</u>

---

COMES NOW Defendant Lynn Fitch, in her official capacity as Attorney General of Mississippi, ("Defendant") by and through counsel, and files this her Separate Answer and Defenses to the Verified Complaint for Declaratory and Injunctive Relief [Dkt. #1] ("Complaint") filed against her by the plaintiffs, Amanda Bosarge, Jaquelyn Butler, Kimberly Harrell, William Morgan, Pastor Paul Perkins, Brandi Renfroe, and Dr. Jeana Stanley, individually and on behalf of their minor children, (hereinafter collectively "Plaintiffs") herein, as follows:

### **FIRST DEFENSE**

Defendant alleges a lack of subject matter jurisdiction and moves for dismissal.

### **SECOND DEFENSE**

Plaintiffs' Complaint fails to state a claim against Defendant upon which relief can be granted, and Defendant moves for dismissal.

### **THIRD DEFENSE**

Defendant asserts that there exists an unresolved issue of state law, namely whether the Mississippi Religious Freedom Restoration Act, MISS. CODE ANN. § 11-61-1, requires that

Plaintiffs be afforded a religious exemption option in connection with enforcement of the school vaccination requirements of Miss. Code Ann. § 41-23-37, which issue, if resolved, will obviate any federal constitutional question, and Defendant invokes the doctrine of abstention predicated upon *R.R. Comm'n of Tex. v. Pullman Co.*, 312 U.S. 496 (1941), and accordingly moves to dismiss or, alternatively, to stay this litigation, pending a Mississippi state court's determination of the above-mentioned issue.

### FOURTH DEFENSE

Defendant alleges a misjoinder of parties and/or claims.

### FIFTH DEFENSE

Defendant alleges a lack of standing in bar of Plaintiffs' claims.

### SIXTH DEFENSE

Defendant affirmatively pleads the doctrine of sovereign immunity and the provisions and protections of the Eleventh Amendment to the United States Constitution, as well as any and all privileges and immunities afforded thereby, in bar of Plaintiffs' claims.

### SEVENTH DEFENSE

Defendant invokes all applicable statutes of limitations and the doctrines of laches, estoppel, and waiver in bar of Plaintiffs' claims.

### EIGHTH DEFENSE

AND NOW, without waiving the above and foregoing defenses, and responding to Plaintiffs' Complaint paragraph by paragraph, Defendant answers and alleges as follows:

With regard to the allegations contained in the first unnumbered paragraph preceding Paragraph 1 of Plaintiffs' Complaint, at pages 1-2, except to state that Plaintiffs' Complaint will speak for itself in terms of the relief requested therein, Defendant denies all such allegations.

With regard to the allegations contained in the second unnumbered paragraph preceding Paragraph 1 of Plaintiffs' Complaint, at page 2, all such allegations appear to be statements of intent, and as such require no response from Defendant.  If, however, Defendant is mistaken in her belief, and a response is necessary and/or the allegations contained in the aforementioned paragraph are intended to or do adversely affect Defendant, then Defendant denies all such allegations.

1.      Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 1 and footnotes 1 and 2 of Plaintiffs' Complaint and therefore denies the same.

2.      Except to state that the law, where applicable, will speak for itself, Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 2 of Plaintiffs' Complaint and therefore denies the same.

3.      Except to state that the law, where applicable, will speak for itself, Defendant denies the allegations contained in Paragraph 3 of Plaintiffs' Complaint.

4.      Except to state that the law, where applicable, will speak for itself, Defendant denies the allegations contained in Paragraph 4 of Plaintiffs' Complaint.

5.      Except to state that the law, where applicable, will speak for itself, Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 5 and footnote 3 of Plaintiffs' Complaint and therefore denies the same.

6.      Except to state that the law, where applicable, will speak for itself, Defendant denies the allegations contained in Paragraph 6 of Plaintiffs' Complaint.

7.      Except to state that the law, where applicable, will speak for itself, Defendant denies the allegations contained in Paragraph 7 of Plaintiffs' Complaint.

8.      Except to state that the law, where applicable, will speak for itself, Defendant denies the allegations contained in Paragraph 8 of Plaintiffs' Complaint.

9.      Except to state that the law, where applicable, will speak for itself, Defendant denies the allegations contained in Paragraph 9 of Plaintiffs' Complaint.

10.     Defendant denies the allegations contained in Paragraph 10 of Plaintiffs' Complaint.

11.     Except to state that the law, where applicable, will speak for itself, Defendant denies the allegations contained in Paragraph 11 of Plaintiffs' Complaint.

12.     Defendant denies that this Court has subject matter jurisdiction.  Except to state that the law, where applicable, will speak for itself, Defendant denies the remaining allegations contained in Paragraph 12 of Plaintiffs' Complaint.

13.     Except to state that venue is proper, if at all, in the Southern District of Mississippi, and except to further state that the law, where applicable, will speak for itself, Defendant denies the allegations contained in Paragraph 13 of Plaintiffs' Complaint.

14.     Except to state that the law, where applicable, will speak for itself, Defendant denies the allegations contained in Paragraph 14 of Plaintiffs' Complaint.

15.     Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 15 of Plaintiffs' Complaint and therefore denies the same.

16.     Defendant admits that a document labeled "Exhibit A" is attached to Plaintiffs' Complaint.  Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations contained in Paragraph 16 of Plaintiffs' Complaint and/or the allegations contained in Exhibit A to Plaintiffs' Complaint and therefore denies all such allegations.

17.     Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 17 of Plaintiffs' Complaint and therefore denies the same.

18.     Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 18 of Plaintiffs' Complaint and therefore denies the same.

19.     Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 19 of Plaintiffs' Complaint and therefore denies the same.

20.     Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 20 of Plaintiffs' Complaint and therefore denies the same.

21.     Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 21 of Plaintiffs' Complaint and therefore denies the same.

22.     Except to state that the law, where applicable, will speak for itself, Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 22 of Plaintiffs' Complaint and therefore denies the same.

23.     Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 23 of Plaintiffs' Complaint and therefore denies the same.

24.     Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 24 of Plaintiffs' Complaint and therefore denies the same.

25.     Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 25 of Plaintiffs' Complaint and therefore denies the same.

26.     Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 26 of Plaintiffs' Complaint and therefore denies the same.

27.     Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 27 of Plaintiffs' Complaint and therefore denies the same.

28.     Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 28 of Plaintiffs' Complaint and therefore denies the same.

29.     Defendant admits that a document labeled "Exhibit B" is attached to Plaintiffs' Complaint.  Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations contained in Paragraph 29 of Plaintiffs' Complaint and/or the allegations contained in Exhibit B to Plaintiffs' Complaint therefore denies all such allegations.

30.     Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 30 of Plaintiffs' Complaint and therefore denies the same.

31.     Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 31 of Plaintiffs' Complaint and therefore denies the same.

32.     Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 32 of Plaintiffs' Complaint and therefore denies the same.

33.     Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 33 of Plaintiffs' Complaint and therefore denies the same.

34.     Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 34 of Plaintiffs' Complaint and therefore denies the same.

35.     Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 35 of Plaintiffs' Complaint and therefore denies the same.

36.     Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 36 of Plaintiffs' Complaint and therefore denies the same.

37.     Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 37 of Plaintiffs' Complaint and therefore denies the same.

38.     Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 38 of Plaintiffs' Complaint and therefore denies the same.

39.     Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 39 of Plaintiffs' Complaint and therefore denies the same.

40.     Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 40 of Plaintiffs' Complaint and therefore denies the same.

41.     Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 41 of Plaintiffs' Complaint and therefore denies the same.

42.     Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 42 of Plaintiffs' Complaint and therefore denies the same.

43.     Defendant admits that a document labeled "Exhibit C" is attached to Plaintiffs' Complaint.  Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations contained in Paragraph 43 of Plaintiffs' Complaint and/or the allegations contained in Exhibit C to Plaintiffs' Complaint and therefore denies all such allegations.

44.     Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 44 of Plaintiffs' Complaint and therefore denies the same.

45.     Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 45 of Plaintiffs' Complaint and therefore denies the same.

46.     Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 46 of Plaintiffs' Complaint and therefore denies the same.

47.     Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 47 of Plaintiffs' Complaint and therefore denies the same.

48.     Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 48 of Plaintiffs' Complaint and therefore denies the same.

49.     Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 49 of Plaintiffs' Complaint and therefore denies the same.

50.     Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 50 of Plaintiffs' Complaint and therefore denies the same.

51.     Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 51 of Plaintiffs' Complaint and therefore denies the same.

52.     Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 52 of Plaintiffs' Complaint and therefore denies the same.

53.     Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 53 of Plaintiffs' Complaint and therefore denies the same.

54.     Defendant admits that a document labeled "Exhibit D" is attached to Plaintiffs' Complaint.  Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations contained in Paragraph 54 of Plaintiffs' Complaint and/or the allegations contained in Exhibit D to Plaintiffs' Complaint and therefore denies all such allegations.

55.     Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 55 of Plaintiffs' Complaint and therefore denies the same.

56.     Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 56 of Plaintiffs' Complaint and therefore denies the same.

57.     Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 57 of Plaintiffs' Complaint and therefore denies the same.

58.     Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 58 of Plaintiffs' Complaint and therefore denies the same.

59.     Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 59 of Plaintiffs' Complaint and therefore denies the same.

60.     Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 60 of Plaintiffs' Complaint and therefore denies the same.

61.     Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 61 of Plaintiffs' Complaint and therefore denies the same.

62.     Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 62 of Plaintiffs' Complaint and therefore denies the same.

63.     Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 63 of Plaintiffs' Complaint and therefore denies the same.

64.     Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 64 of Plaintiffs' Complaint and therefore denies the same.

65.     Defendant admits that a document labeled "Exhibit E" is attached to Plaintiffs' Complaint.  Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations contained in Paragraph 65 of Plaintiffs' Complaint and/or the allegations contained in Exhibit E to Plaintiffs' Complaint and therefore denies all such allegations.

66.     Defendant admits that a document labeled "Exhibit F," which will speak for itself in terms of its content, is attached to Plaintiffs' Complaint.  Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations contained in Paragraph 66 of Plaintiffs' Complaint and therefore denies the same.

67.     Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 67 of Plaintiffs' Complaint and therefore denies the same.

68.     Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 68 of Plaintiffs' Complaint and therefore denies the same.

69.     Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 69 of Plaintiffs' Complaint and therefore denies the same.

70.     Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 70 of Plaintiffs' Complaint and therefore denies the same.

71.     Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 71 of Plaintiffs' Complaint and therefore denies the same.

72.     Defendant admits that a document labeled "Exhibit G" is attached to Plaintiffs' Complaint.  Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations contained in Paragraph 72 of Plaintiffs' Complaint and/or the allegations contained in Exhibit G to Plaintiffs' Complaint and therefore denies all such allegations.

73.     Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 73 of Plaintiffs' Complaint and therefore denies the same.

74.     Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 74 of Plaintiffs' Complaint and therefore denies the same.

75.     Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 75 of Plaintiffs' Complaint and therefore denies the same.

76.     Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 76 of Plaintiffs' Complaint and therefore denies the same.

77.     Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 77 of Plaintiffs' Complaint and therefore denies the same.

78.     Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 78 of Plaintiffs' Complaint and therefore denies the same.

79.     Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 79 of Plaintiffs' Complaint and therefore denies the same.

80.     Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 80 of Plaintiffs' Complaint and therefore denies the same.

81.     Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 81 of Plaintiffs' Complaint and therefore denies the same.

82.     Defendant admits that a document labeled "Exhibit H" is attached to Plaintiffs' Complaint.  Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations contained in Paragraph 82 of Plaintiffs' Complaint and/or the allegations contained in Exhibit H to Plaintiffs' Complaint and therefore denies all such allegations.

83.     Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 83 of Plaintiffs' Complaint and therefore denies the same.

84.     Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 84 of Plaintiffs' Complaint and therefore denies the same.

85.     Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 85 of Plaintiffs' Complaint and therefore denies the same.

86.     Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 86 of Plaintiffs' Complaint and therefore denies the same.

87.     Plaintiffs' representation that Defendant Daniel P. Edney is sued in his official capacity as State Health Officer for Mississippi is a statement of intent, and as such requires no response from Defendant.  Defendant states that the law, where applicable, will speak for itself.  The remaining allegations contained in Paragraph 87 of Plaintiffs' Complaint are directed to others and require no response from Defendant.

88.     Plaintiffs' representation that Defendant Lynn Fitch is sued in her official capacity as Attorney General of Mississippi is a statement of intent, and as such requires no response from Defendant.  Except to state that the law, where applicable, will speak for itself, Defendant denies the remaining allegations contained in Paragraph 88 of Plaintiffs' Complaint.

89.     Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in the final sentence of Paragraph 89 of Plaintiffs' Complaint and therefore denies the same.  Defendant states that the law, where applicable, will speak for itself.  The remaining allegations contained in Paragraph 89 of Plaintiffs' Complaint are directed to others and require no response from Defendant.

90.     Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in the final sentence of Paragraph 90 of Plaintiffs' Complaint and therefore denies the same.  Defendant states that the law, where applicable, will speak for itself.  The remaining allegations contained in Paragraph 90 of Plaintiffs' Complaint are directed to others and require no response from Defendant.

91.     Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in the final sentence of Paragraph 91 of Plaintiffs' Complaint and therefore denies the same.  Defendant states that the law, where applicable, will speak for itself.  The

remaining allegations contained in Paragraph 91 of Plaintiffs' Complaint are directed to others and require no response from Defendant.

92.     Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in the final sentence of Paragraph 92 of Plaintiffs' Complaint and therefore denies the same.  Defendant states that the law, where applicable, will speak for itself.  The remaining allegations contained in Paragraph 92 of Plaintiffs' Complaint are directed to others and require no response from Defendant.

93.     Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in the final sentence of Paragraph 93 of Plaintiffs' Complaint and therefore denies the same.  Defendant states that the law, where applicable, will speak for itself.  The remaining allegations contained in Paragraph 93 of Plaintiffs' Complaint are directed to others and require no response from Defendant.

94.     Except to state that Mississippi legislative and legal history, as determined from accurate sources and where applicable, will speak for itself, Defendant denies the allegations contained in Paragraph 94 of Plaintiffs' Complaint.

95.     Except to state that Mississippi legal history, as determined from accurate sources and where applicable, will speak for itself, Defendant denies the allegations contained in Paragraph 95 of Plaintiffs' Complaint.

96.     Except to state that the Mississippi Supreme Court's opinion in *Brown v. Stone*, 378 So. 2d 218 (Miss. 1979), will speak for itself, Defendant denies the allegations contained in Paragraph 96 of Plaintiffs' Complaint.

97.     Except to state that the Mississippi Supreme Court's opinion in *Brown v. Stone*, 378 So. 2d 218 (Miss. 1979), will speak for itself, and except to further state that subsequent

Supreme Court and federal district court decisions, where applicable, will speak for themselves, Defendant denies the allegations contained in Paragraph 97 of Plaintiffs' Complaint.

98.     Except to state that federal case law, where applicable, and Arkansas legal history, as determined from accurate sources and where applicable, will speak for themselves, Defendant denies the allegations contained in Paragraph 98 and footnote 4 of Plaintiffs' Complaint.

99.     Except to state that U.S. Supreme Court case law, where applicable, will speak for itself, Defendant denies the allegations contained in Paragraph 99 of Plaintiffs' Complaint.

100.    Except to state that the law, where applicable, and Mississippi legislative history, as determined from accurate sources and where applicable, will speak for themselves, Defendant denies the allegations contained in Paragraph 100 and footnote 5 of Plaintiffs' Complaint.

101.    Except to state that Mississippi legislative history, as determined from accurate sources and where applicable, will speak for itself, Defendant denies the allegations contained in Paragraph 101 of Plaintiffs' Complaint.

102.    Except to state that the law, where applicable, will speak for itself, Defendant denies the allegations contained in Paragraph 102 of Plaintiffs' Complaint.

103.    Except to state that the law, where applicable, will speak for itself, Defendant denies the allegations contained in Paragraph 103 of Plaintiffs' Complaint.

104.    Except to state that the law, where applicable, will speak for itself, Defendant denies the allegations contained in Paragraph 104 of Plaintiffs' Complaint.

105.    Except to state that the law, where applicable, will speak for itself, Defendant denies the allegations contained in Paragraph 105 of Plaintiffs' Complaint.

106.    Except to state that the law, where applicable, will speak for itself, Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 106 of Plaintiffs' Complaint and therefore denies the same.

107.    Except to state that the law, where applicable, will speak for itself, Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 107 of Plaintiffs' Complaint and therefore denies the same.

108.    Except to state that the law, where applicable, and legal history, as determined from accurate sources and where applicable, will speak for themselves, Defendant denies the allegations contained in Paragraph 108 and footnotes 6 through 12 of Plaintiffs' Complaint.

109.    Except to state that the law, where applicable, will speak for itself, Defendant denies the allegations contained in Paragraph 109 of Plaintiffs' Complaint.

110.    Except to state that the law, where applicable, will speak for itself, Defendant denies the allegations contained in Paragraph 110 of Plaintiffs' Complaint.

111.    Except to state that the law, where applicable, will speak for itself, Defendant denies the allegations contained in Paragraph 111 of Plaintiffs' Complaint.

112.    Except to state that the law, where applicable, will speak for itself, and except to further state that any published medical exemption guidelines and medical exemption request forms will speak for themselves in terms of their content, Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 112 and footnotes 13-15 of Plaintiffs' Complaint and therefore denies the same.

113.    Defendant is unsure what is meant by "secular exemption process." Except to state that the law, where applicable, will speak for itself, Defendant is without knowledge or information

sufficient to form a belief as to the allegations contained in Paragraph 113 of Plaintiffs' Complaint and therefore denies the same.

114.     Except to state that the law, where applicable, will speak for itself, and except to further state that any information appearing on the Mississippi State Department of Health's website will speak for itself in terms of its content, Defendant denies the allegations contained in Paragraph 114 and footnote 16 of Plaintiffs' Complaint.

115.     Except state that the law, where applicable, will speak for itself, and except to further state that any information appearing on the Mississippi State Department of Health's website will speak for itself in terms of its content, Defendant denies the allegations contained in Paragraph 115 and footnote 17 of Plaintiffs' Complaint.

## COUNT I

116.     Defendant adopts and incorporates by reference her defenses and answers to the allegations contained in the preceding paragraphs in response to the allegations contained in Paragraph 116 of Plaintiffs' Complaint.

117.     Except to state that the law, where applicable, will speak for itself, Defendant denies the allegations contained in Paragraph 117 of Plaintiffs' Complaint.

118.     Except to state that the law, where applicable, will speak for itself, Defendant denies the allegations contained in Paragraph 118 of Plaintiffs' Complaint.

119.     Except to state that the law, where applicable, will speak for itself, Defendant denies the allegations contained in Paragraph 119 of Plaintiffs' Complaint.

120.     Defendant denies the allegations contained in the first sentence of Paragraph 120 of Plaintiffs' Complaint.  Defendant is without knowledge or information sufficient to form a belief

as to the allegations contained in the second sentence of Paragraph 120 of Plaintiffs' Complaint and therefore denies the same.

121.    Except to state that the law, where applicable, will speak for itself, Defendant denies the allegations contained in Paragraph 121 of Plaintiffs' Complaint.

122.    Except to state that the law, where applicable, will speak for itself, Defendant denies the allegations contained in Paragraph 122 of Plaintiffs' Complaint.

123.    Except to state that the law, where applicable, will speak for itself, Defendant denies the allegations contained in Paragraph 123 of Plaintiffs' Complaint.

124.    Defendant denies the allegations contained in Paragraph 124 of Plaintiffs' Complaint.

125.    Except to state that the law, where applicable, will speak for itself, Defendant denies the allegations contained in Paragraph 125 of Plaintiffs' Complaint.

126.    Except to state that the law, where applicable, will speak for itself, Defendant denies the allegations contained in Paragraph 126 of Plaintiffs' Complaint.

127.    The allegations contained in the first sentence of Paragraph 127 of Plaintiffs' Complaint call for a legal conclusion and accordingly require no response from Defendant.  Except to state that the law, where applicable, will speak for itself, Defendant denies the remaining allegations contained in Paragraph 127 of Plaintiffs' Complaint.

128.    Except to state that the law, where applicable, will speak for itself, Defendant denies the allegations contained in Paragraph 128 of Plaintiffs' Complaint.

129.    Except to state that the law, where applicable, will speak for itself, Defendant denies the allegations contained in Paragraph 129 of Plaintiffs' Complaint.

130.   Defendant denies that Mississippi "target[ed] religious conduct for intentional exclusion" as alleged in Paragraph 130 of Plaintiffs' Complaint.   The remaining allegations contained in Paragraph 130 of Plaintiffs' Complaint call for a legal conclusion and accordingly require no response from Defendant.

131.   Except to state that the law, where applicable, will speak for itself, Defendant denies the allegations contained in Paragraph 131 of Plaintiffs' Complaint.

132.   The allegations contained in the first sentence of Paragraph 132 of Plaintiffs' Complaint call for a legal conclusion and accordingly require no response from Defendant.   Except to state that the law, where applicable, will speak for itself, Defendant denies the remaining allegations contained in Paragraph 132 of Plaintiffs' Complaint.

133.   Except to state that the law, where applicable, will speak for itself, Defendant denies the allegations contained in Paragraph 133 of Plaintiffs' Complaint.

134.   The allegations contained in the first sentence of Paragraph 134 of Plaintiffs' Complaint to the effect that "Mississippi's Compulsory Vaccination Law fails the general applicability test" call for a legal conclusion and accordingly require no response from Defendant. Except to state that the law, where applicable, will speak for itself, Defendant denies the remaining allegations contained in Paragraph 134 of Plaintiffs' Complaint.

135.   The allegations contained in Paragraph 135 of Plaintiffs' Complaint call for a legal conclusion and accordingly require no response from Defendant.

136.   The allegations contained in the first sentence of Paragraph 136 of Plaintiffs' Complaint call for a legal conclusion and accordingly require no response from Defendant.   Except to state that the law, where applicable, will speak for itself, Defendant denies the remaining allegations contained in Paragraph 136 of Plaintiffs' Complaint.

137.   Except to state that the law, where applicable, will speak for itself, Defendant denies the allegations contained in Paragraph 137 of Plaintiffs' Complaint.

138.   Except to state that the law, where applicable, will speak for itself, Defendant denies the allegations contained in Paragraph 138 of Plaintiffs' Complaint.

139.   The allegations contained in the first sentence of Paragraph 139 of Plaintiffs' Complaint call for a legal conclusion and accordingly require no response from Defendant.  Except to state that the law, where applicable, will speak for itself, Defendant denies the remaining allegations contained in Paragraph 139 of Plaintiffs' Complaint.

140.   The allegations contained in the first sentence of Paragraph 140 of Plaintiffs' Complaint call for a legal conclusion and accordingly require no response from Defendant.  Except to state that the law, where applicable, will speak for itself, and except to further state that any information appearing on the U.S. Census Bureau's website will speak for itself in terms of its content, Defendant denies the remaining allegations contained in Paragraph 140 and footnote 18 of Plaintiffs' Complaint.

141.   The allegations contained in the first sentence of Paragraph 141 of Plaintiffs' Complaint call for a legal conclusion and accordingly require no response from Defendant.  Except to state that the law, where applicable, will speak for itself, Defendant denies the remaining allegations contained in Paragraph 141 of Plaintiffs' Complaint.

142.   Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 142 of Plaintiffs' Complaint and therefore denies the same.

143.   Defendant states that any information appearing on the Mississippi State Department of Health's website will speak for itself in terms of its content.  The remaining

allegations contained in Paragraph 143 of Plaintiffs' Complaint call for a legal conclusion and accordingly require no response from Defendant.

144.     The allegations contained in Paragraph 144 of Plaintiffs' Complaint call for a legal conclusion and accordingly require no response from Defendant.

145.     Defendant denies the allegations contained in Paragraph 145 of Plaintiffs' Complaint.

146.     Except to state that the law, where applicable, will speak for itself, Defendant denies the allegations contained in Paragraph 146 of Plaintiffs' Complaint.

147.     Defendant denies the allegations contained in Paragraph 147 of Plaintiffs' Complaint.

148.     Defendant denies the allegations contained in Paragraph 148 of Plaintiffs' Complaint.

149.     Defendant adopts and incorporates by reference her defenses and answers to the allegations contained in the preceding paragraphs in response to the allegations contained in Paragraph 149 of Plaintiffs' Complaint.

150.     Defendant denies the allegations contained in Paragraph 150 of Plaintiffs' Complaint.

151.     Defendant denies the allegations contained in Paragraph 151 of Plaintiffs' Complaint.

152.     Defendant denies the allegations contained in Paragraph 152 of Plaintiffs' Complaint.

153.     Defendant denies the allegations contained in Paragraph 153 of Plaintiffs' Complaint.

154.    Defendant denies the allegations contained in Paragraph 154 of Plaintiffs' Complaint.

155.    Defendant adopts and incorporates by reference her defenses and answers to the allegations contained in the preceding paragraphs in response to the allegations contained in Paragraph 155 of Plaintiffs' Complaint.

156.    Defendant denies the allegations contained in Paragraph 156 of Plaintiffs' Complaint.

157.    Defendant denies the allegations contained in Paragraph 157 of Plaintiffs' Complaint.

158.    Defendant denies the allegations contained in Paragraph 158 of Plaintiffs' Complaint.

Defendant denies the allegations contained in the first unnumbered paragraph following Paragraph 158 of Plaintiffs' Complaint, under the heading "PRAYER FOR RELIEF," and Defendant further denies that Plaintiffs, or any of them, are entitled to a declaratory judgment, preliminary or permanent injunctive relief, or any other relief in the premises.

Defendant denies the allegations contained in the second unnumbered paragraph and Sub-paragraphs A. through F. thereunder, following Paragraph 158 of Plaintiffs' Complaint and commencing "WHEREFORE," and Defendant further denies that Plaintiffs, or any of them, are entitled to a judgment, declaratory relief, injunctive relief, damages, attorneys' fees, interest, or costs, or to any sum or relief whatsoever of, from, or against Defendant herein.

## NINTH DEFENSE

Defendant denies each and every allegation of Plaintiffs' Complaint by which Plaintiffs seek to impose liability upon Defendant and/or secure declaratory relief, injunctive relief, or other

relief, and Defendant denies that she or her employees or agents have been or can be guilty of any actionable conduct in the premises.

## TENTH DEFENSE

Defendant invokes any and all rights and protections afforded to Defendant by any applicable privileges and/or immunities, both absolute and qualified, governmental or otherwise, not already invoked hereinabove, including but not limited to the defense of qualified immunity.

## ELEVENTH DEFENSE

Plaintiffs' Complaint fails to state any justiciable claim for declaratory relief sufficient to invoke 28 U.S.C. §§ 2201 and/or 2202.

## TWELFTH DEFENSE

Defendant reserves the right to amend her answer and defenses to add defenses and/or institute third-party actions as additional facts are developed through discovery.  Defendant does not waive and further reserves any and all affirmative defenses set forth in federal or state law, as applicable, including but not limited to those set forth in Rules 8(c) and/or 12, *Federal Rules of Civil Procedure*, or any other matter constituting an avoidance or affirmative defense as discovery may reveal to be applicable.

**AND NOW**, having fully answered the Complaint filed against her herein, Defendant Lynn Fitch, in her official capacity as Attorney General of Mississippi, respectfully requests that she be dismissed with prejudice from this action with her costs assessed to Plaintiffs.

THIS the 16th day of November, 2022.

Respectfully submitted,

LYNN FITCH, IN HER OFFICIAL CAPACITY
AS ATTORNEY GENERAL OF MISSISSIPPI,
DEFENDANT

By:    LYNN FITCH, ATTORNEY GENERAL
STATE OF MISSISSIPPI

By:    <u>s/Rex M. Shannon III</u>
REX M. SHANNON III (MSB #102974)
Special Assistant Attorney General

STATE OF MISSISSIPPI
OFFICE OF THE ATTORNEY GENERAL
CIVIL LITIGATION DIVISION
Post Office Box 220
Jackson, Mississippi  39205-0220
Tel.:  (601) 359-4184
Fax:  (601) 359-2003
rex.shannon@ago.ms.gov

ATTORNEYS FOR DEFENDANT LYNN FITCH, IN HER OFFICIAL CAPACITY AS
ATTORNEY GENERAL OF MISSISSIPPI

## CERTIFICATE OF SERVICE

I, Rex M. Shannon III, Special Assistant Attorney General and attorney for Defendant Lynn Fitch, in her official capacity as Attorney General of Mississippi, do hereby certify that I have this date caused to be filed with the Clerk of the Court a true and correct copy of the above and foregoing via the Court's ECF filing system, which sent notification of such filing to all counsel of record.

THIS the 16th day of November, 2022.

<u>s/Rex M. Shannon III</u>
REX M. SHANNON III