IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**AMANDA BOSARGE, ET AL.**                                                                                    **PLAINTIFFS**

**VS.**                                                                            **Civil Action No. 1:22-cv-00233-HSO-BWR**

**DANIEL P. EDNEY, in his official capacity**
**as the State Health Officer, ET AL.**                                                                      **DEFENDANTS**

**DEFENDANT ATTORNEY GENERAL LYNN FITCH'S MOTION FOR JUDGMENT ON THE PLEADINGS OR, ALTERNATIVELY, TO DISMISS OR STAY PURSUANT TO *PULLMAN* ABSTENTION DOCTRINE**

COMES NOW Defendant Lynn Fitch, in her official capacity as Attorney General of Mississippi, ("the Attorney General") by and through counsel, and pursuant to Rule 12(c), *Federal Rules of Civil Procedure*, and *R.R. Comm'n of Tex. v. Pullman Co.*, 312 U.S. 496 (1941), files this her motion for judgment on the pleadings or, alternatively, to dismiss or stay pursuant to the *Pullman* abstention doctrine, and in support thereof would show unto the Court the following:

1. The Court should enter judgment on the pleadings and dismiss Plaintiffs' complaint because their claim is predicated on an erroneous interpretation of Mississippi law.

2. Plaintiffs contend that the First Amendment compels the Mississippi State Department of Health ("MSDH") and local school authorities to provide them a religious exemption option in administering Mississippi's school vaccination statute, MISS. CODE ANN. § 41-23-37. Properly construed, Mississippi law does not violate Plaintiffs' First Amendment rights because the Mississippi Religious Freedom Restoration Act ("MRFRA"), MISS. CODE ANN. § 11-61-1, requires MSDH and local school authorities to offer Plaintiffs the option of a religious exemption.

1

3. Because the overlying protections of MRFRA vitiate Plaintiffs' purported First Amendment claim, the complaint fails to state a claim upon which relief can be granted and should be dismissed.

4. To the extent there is any uncertainty regarding whether or not MRFRA compels the religious exemption option Plaintiffs seek, the Court should apply the *Pullman* abstention doctrine and allow a Mississippi court to decide that issue.

5. Plaintiffs claim that state actors are violating their First Amendment free exercise rights by enforcing Mississippi's school vaccination statute without offering them the option of a religious exemption. State law is "fairly susceptible" to an interpretation that § 41-23-37 and § 11-61-1, construed conjunctively, require that MSDH and local school authorities afford Plaintiffs a religious exemption option. Should a Mississippi state court find that to be the proper interpretation of state law, then Plaintiffs will be entitled to seek a religious exemption, and there is no need for this Court to adjudicate Plaintiffs' First Amendment claim. Thus, this case satisfies both of the requisite factors for *Pullman* abstention.

6. If the Court is not inclined to dismiss Plaintiffs' complaint pursuant to FED. R. CIV. P. 12(c), the Court should alternatively dismiss or stay this litigation under the *Pullman* doctrine, pending a Mississippi state court's determination of MRFRA's impact.

7. The Attorney General adopts and incorporates by reference, as if fully and completely set forth herein, the arguments and authorities set forth in the *Memorandum of Authorities in Support of Defendant Attorney General Lynn Fitch's Motion for Judgment on the Pleadings or, Alternatively, to Dismiss or Stay Pursuant to* Pullman *Abstention Doctrine*, being filed contemporaneously herewith.

8. On the basis of the grounds asserted herein and as further set forth in the aforementioned memorandum of authorities, Plaintiffs' complaint should be dismissed pursuant to FED. R. CIV. P. 12(c) or, alternatively, this litigation should be dismissed or stayed pursuant to the *Pullman* abstention doctrine.

9. In further support of the instant motion, the Attorney General submits the following:

    Exhibit "A"    NCSL 50-State Survey

**WHEREFORE, PREMISES CONSIDERED**, Defendant Lynn Fitch, in her official capacity as Attorney General of Mississippi, respectfully requests that the Court make and enter its Order (1) granting judgment on the pleadings and dismissing Plaintiffs' complaint; or, alternatively (2) dismissing Plaintiffs' complaint or staying this litigation, pending a Mississippi state court's determination of whether the Mississippi Religious Freedom Restoration Act, MISS. CODE ANN. § 11-61-1, requires the Mississippi State Department of Health and local school authorities to provide Plaintiffs with a religious exemption option in connection with the administration of Mississippi's school vaccination statute, MISS. CODE ANN. § 41-23-37.

THIS the 21st day of November, 2022.

    Respectfully submitted,

    LYNN FITCH, IN HER OFFICIAL CAPACITY
    AS ATTORNEY GENERAL OF MISSISSIPPI,
    DEFENDANT

    By:    LYNN FITCH, ATTORNEY GENERAL
            STATE OF MISSISSIPPI

    By:    s/Rex M. Shannon III
            REX M. SHANNON III (MSB #102974)
            Special Assistant Attorney General

STATE OF MISSISSIPPI
OFFICE OF THE ATTORNEY GENERAL
CIVIL LITIGATION DIVISION
Post Office Box 220
Jackson, Mississippi  39205-0220
Tel.:  (601) 359-4184
Fax:  (601) 359-2003
rex.shannon@ago.ms.gov

ATTORNEYS FOR DEFENDANT LYNN FITCH, IN HER OFFICIAL CAPACITY AS ATTORNEY GENERAL OF MISSISSIPPI

## CERTIFICATE OF SERVICE

I, Rex M. Shannon III, Special Assistant Attorney General and attorney for Defendant Lynn Fitch, in her official capacity as Attorney General of Mississippi, do hereby certify that I have this date caused to be filed with the Clerk of the Court a true and correct copy of the above and foregoing via the Court's ECF filing system, which sent notification of such filing to all counsel of record.

THIS the 21st day of November, 2022.

s/Rex M. Shannon III
REX M. SHANNON III
