IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**AMANDA BOSARGE, ET AL.**                                        **PLAINTIFFS**

**VS.**                                        **Civil Action No. 1:22-cv-00233-HSO-BWR**

**DANIEL P. EDNEY, in his official capacity**
**as the State Health Officer, ET AL.**                                      **DEFENDANTS**

**MEMORANDUM OF AUTHORITIES IN SUPPORT OF DEFENDANT ATTORNEY GENERAL LYNN FITCH'S MOTION FOR JUDGMENT ON THE PLEADINGS OR, ALTERNATIVELY, TO DISMISS OR STAY PURSUANT TO *PULLMAN* ABSTENTION DOCTRINE**

**INTRODUCTION**

The Court should enter judgment on the pleadings and dismiss Plaintiffs' complaint because their claim is predicated on an erroneous interpretation of Mississippi law. Plaintiffs contend that the First Amendment compels the Mississippi State Department of Health ("MSDH") and local school authorities to provide them a religious exemption option in administering Mississippi's school vaccination statute, MISS. CODE ANN. § 41-23-37. Properly construed, Mississippi law does not violate Plaintiffs' First Amendment rights because the Mississippi Religious Freedom Restoration Act ("MRFRA"), MISS. CODE ANN. § 11-61-1, requires MSDH and local school authorities to offer Plaintiffs the option of a religious exemption. Because the overlying protections of MRFRA vitiate Plaintiffs' purported First Amendment claim, the complaint fails to state a claim upon which relief can be granted and should be dismissed.

To the extent there is any uncertainty regarding whether or not MRFRA compels the religious exemption option Plaintiffs seek, the Court should apply the *Pullman* abstention doctrine and allow a Mississippi court to decide that issue. Plaintiffs claim that state actors are violating

1

their First Amendment free exercise rights by enforcing Mississippi's school vaccination statute without offering them the option of a religious exemption. State law is "fairly susceptible" to an interpretation that § 41-23-37 and § 11-61-1, construed conjunctively, require that MSDH and local school authorities afford Plaintiffs a religious exemption option. Should a Mississippi state court find that to be the proper interpretation of state law, then Plaintiffs will be entitled to seek a religious exemption, and there is no need for this Court to adjudicate Plaintiffs' First Amendment claim. Thus, this case satisfies both of the requisite factors for *Pullman* abstention. If the Court is not inclined to dismiss Plaintiffs' complaint pursuant to FED. R. CIV. P. 12(c), the Court should alternatively dismiss or stay this litigation under the *Pullman* doctrine, pending a Mississippi state court's determination of MRFRA's impact.

## FACTUAL BACKGROUND

This case implicates the Mississippi Religious Freedom Restoration Act, MISS. CODE ANN. § 11-61-1 ("MRFRA"). Enacted to secure to the people the protection of religious liberties across all facets of Mississippi law and government, MRFRA effectively invalidates any state governmental action that substantially burdens religious exercise without satisfying strict scrutiny. MRFRA applies broadly to all state laws and state actors, including, respectively, the school vaccination statute made the subject of Plaintiffs' complaint and all of the defendants who are charged with enforcing Mississippi's school vaccination requirements. MRFRA's "plain language provides substantial protection from governmental discrimination on the basis of religious exercise." *Barber v. Bryant*, 193 F. Supp. 3d 677, 710 (S.D. Miss. 2016), *rev'd on other grounds*, 860 F.3d 345 (5th Cir. 2017).

Plaintiffs' complaint asserts a single claim—namely, that the First Amendment compels the Mississippi State Department of Health and local school authorities to provide them a religious

exemption option in administering Mississippi's school vaccination statute, MISS. CODE ANN. § 41-23-37. *See* Complaint at 32-38, ¶¶ 116-48 (Dkt. #1). On the basis of that sole claim, Plaintiffs seek "a preliminary . . . injunction against [§ 41-23-37], to require the State to recognize religious exemptions in the same manner that it recognizes [medical] exemptions." Plaintiffs' Memo. at 30 (Dkt. #5). Plaintiffs also seek to consolidate the preliminary injunction hearing with a trial on the merits. Plaintiffs' Mot. at 1 (Dkt. #3). Plaintiffs fail to account for the dispositive impact of MRFRA on their First Amendment claim and their pursuit of injunctive relief.

In an effort to ensure that this Court engages in a holistic interpretation of Mississippi law as it applies to Plaintiffs' claim, Defendant Lynn Fitch, in her official capacity as Attorney General of Mississippi, ("the Attorney General") files the instant motion for judgment on the pleadings or, alternatively, for a stay pursuant to the doctrine of *Pullman* abstention.[1]

## ARGUMENT

### I. THE COURT SHOULD GRANT JUDGMENT ON THE PLEADINGS AND DISMISS PLAINTIFFS' COMPLAINT BECAUSE PLAINTIFFS' CLAIM IS PREDICATED ON AN ERRONEOUS INTERPRETATION OF STATE LAW.

#### A. Standard for judgment on the pleadings.

Once a defendant has filed a responsive pleading, the proper vehicle for raising a defense of failure to state a claim upon which relief can be granted is a Rule 12(c) motion for judgment on the pleadings. *See Young v. City of Houston*, 599 Fed. Appx. 553, 554 (5th Cir. 2015); *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999). *See also Round Rock Indep. Sch. Dist. v. Amy M.*,

---

[1] The Mississippi Attorney General's Office is advised that the Mississippi Legislature may, in the upcoming legislative session, take up the issue of amending § 41-23-37 to expressly provide an option for a religious exemption to the school vaccination requirement in the text of that statute. The Attorney General's arguments do not rest or turn on the possibility of legislative action. The Attorney General will advise the Court if legislative action affects the disposition of this case.

3

540 F. Supp. 3d 679, 693 (W.D. Tex. 2021); *Meaux v. Mississippi*, Civil Action No. 1:14cv323-KS-RHW, 2015 WL 3549579, at *1 n.1 (S.D. Miss. June 8, 2015).

The standard for Rule 12(c) motions for judgment on the pleadings "is identical to the standard for Rule 12(b)(6) motions to dismiss for failure to state a claim." *Waller v. Hanlon*, 922 F.3d 590, 599 (5th Cir. 2019). *See also Terry Black's Barbecue, L.L.C. v. State Auto. Mut. Ins. Co.*, 22 F.4th 450, 454 (5th Cir. 2022). Like Rule 12(b)(6) motions to dismiss for failure to state a claim upon which relief can be granted, "Rule 12(c) motions . . . test the legal sufficiency of a claim." *Amaechi-Akuechiama v U.S. Bank, N.A.*, Civil Action No. 3:19-CV-00234, 2020 WL 908138, at *2 (S.D. Tex. Jan. 31, 2020). Accordingly, "Rule 12(b)(6) and 12(c) are virtually interchangeable." *Pickard v. City of Beaumont*, Civil Action No. 1:09-CV-273-TH, 2009 WL 10707466, at *2 (E.D. Tex. June 12, 2009). The "central issue is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief." *Doe v. MySpace, Inc.*, 528 F.3d 416, 418 (5th Cir. 2008) (internal quotation marks omitted).

To survive a motion for judgment on the pleadings, a complaint must "state a claim to relief that is plausible on its face[,] . . . . set[ting] aside any unsupported legal conclusions, the truth of which [the court] cannot assume." *Waller*, 922 F.3d at 599 (internal quotation marks omitted). While the court must accept all well-pleaded facts as true, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Sealey v. Johanson*, Civil Action No. 3:15cv137-DPJ-FKB, 2017 WL 52637, at *2 (S.D. Miss. Jan. 4, 2017) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)) (internal quotation marks omitted). A court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Garza v. Escobar*, 972 F.3d 721, 727 (5th Cir. 2020) (internal quotation marks omitted).

A dismissal pursuant to Rule 12(c) "can be based on . . . a lack of a cognizable legal theory." *Rodriguez v. CHRISTUS Spohn Health Sys. Corp.*, 874 F. Supp. 2d 635, 653 (S.D. Tex. 2012). *See also Rodriguez v. Hartford Life & Accident Ins. Co.*, Civil Action No. H-16-3186, 2017 WL 2191636, at *1 (S.D. Tex. May 17, 2017) (reaffirming that dismissal pursuant to identical Rule 12(b)(6) standard "is appropriate when a plaintiff's legal theory is incorrect"). Where a plaintiff's claims are predicated on an erroneous interpretation of state law, the Fifth Circuit has not hesitated to affirm a district court's dismissal of such claims pursuant to the identical Rule 12(b)(6) standard applicable to Rule 12(c) motions. *See Young v. Hosemann*, 598 F.3d 184, 187-93 (5th Cir. 2010) (affirming district court's grant of defendants' Rule 12(b)(6) motion to dismiss for failure to state a claim, where plaintiffs' interpretation of state constitutional provision upon which claims were predicated was "legally incorrect") (internal quotation marks omitted).

B. **Properly construed, Mississippi law does not violate Plaintiffs' First Amendment rights because the Mississippi Religious Freedom Restoration Act requires the Mississippi State Department of Health ("MSDH") and local school authorities to offer Plaintiffs the option of a religious exemption.**

Mississippi's school vaccination statute, M<span>ISS</span>. C<span>ODE</span> A<span>NN</span>. § 41-23-37, provides that "it shall be unlawful for any child to attend any school . . . with the exception of any legitimate home instruction program . . . unless they shall first have been vaccinated against those diseases specified by the state health officer." M<span>ISS</span>. C<span>ODE</span> A<span>NN</span>. § 41-23-37. The statute further provides that "[w]ithin one hundred twenty (120) days after the opening of each fall term (on or before December 31), the person in charge of each school shall certify to the local or county health officer that all children enrolled are in compliance with immunization requirements." *Id.* "It shall be the responsibility of the person in charge of each school to enforce the requirements for immunization." *Id.* Pursuant to the statute, "[a] certificate of exemption from vaccination for medical reasons may be offered on behalf of a child by a duly licensed physician and may be

5

Case 1:22-cv-00233-HSO-BWR   Document 40   Filed 11/21/22   Page 6 of 11


accepted by the local health officer when, in his opinion, such exemption will not cause undue risk to the community." *Id.* Section 41-23-37 does not provide for a religious exemption. *See id.*

Plaintiffs fail to account for the dispositive impact of the Mississippi Religious Freedom Restoration Act ("MRFRA"), MISS. CODE ANN. § 11-61-1, on their First Amendment claim and their pursuit of injunctive relief. MRFRA requires MSDH and local school authorities to offer Plaintiffs the option of a religious exemption.

In enacting MRFRA, the Mississippi Legislature found that "[t]he framers of the Constitution, recognizing free exercise of religion as an unalienable right, secured its protection in the First Amendment to the Constitution." *Id.* § 11-61-1(2)(a). The Legislature recognized that "[l]aws 'neutral' toward religion may burden religious exercise as surely as laws intended to interfere with religious exercise." *Id.* § 11-61-1(2)(b). In keeping with these considerations, the Legislature further found that "[g]overnment should not substantially burden religious exercise without compelling justification." *Id.* § 11-61-1(2)(c). The Legislature accordingly enacted MRFRA for the dual purposes of (1) "restor[ing] the compelling interest test as set forth in *Sherbert v. Verner*, 374 U.S. 398 (1963), and *Wisconsin v. Yoder*, 406 U.S. 205 (1972), and to guarantee its application in all cases where free exercise of religion is substantially burdened"; and (2) "provid[ing] a claim or defense to persons whose religious exercise is substantially burdened by government." *Id.* § 11-61-1(3)(a)-(b).

MRFRA provides that the "[g]overnment shall not substantially burden a person's exercise of religion even if the burden results from a rule of general applicability," unless the government can demonstrate that the "application of the burden to the person" is both (1) "in furtherance of a compelling governmental interest"; and (2) "the least restrictive means of furthering that compelling governmental interest." *Id.* § 11-61-1(5)(a)-(b). By its terms, MRFRA applies broadly

to the conduct of "any branch, department, agency, instrumentality or political subdivision of the State of Mississippi and any official or other person acting under color of law of the State of Mississippi." *Id.* § 11-61-1(4)(a). It further applies "to all state laws, rules, regulations and any municipal or county ordinances, rules or regulations and the implementation of those laws, whether statutory or otherwise, and whether adopted before or after July 1, 2014." *Id.* § 11-61-1(7)(a).

Because § 11-61-1 provides background rules that apply to all government agencies and state laws, MSDH and the local school authorities are subject to MRFRA and must comply with MRFRA in administering the school vaccination scheme set forth in § 41-23-37. That is, under any fair interpretation of the plain language of § 11-61-1, students must be offered the option of a religious exemption. Without a religious exemption option, under MRFRA, the school vaccination scheme would substantially burden the rights of some people with sincerely-held religious objections. The school vaccination statute itself recognizes that exemptions from compulsory vaccination are appropriate in some circumstances (i.e., medical exemptions). MISS. CODE ANN. § 41-23-37. Having recognized that some exemptions are appropriate, the State must—given MRFRA—allow a mechanism for seeking an exemption based on a sincerely-held religious belief. Given the prevalence of state laws providing for religious (or philosophical) exemptions from compulsory school vaccination laws in states across the country, see NCSL 50-State Survey (Ex. "A"), it is not tenable to maintain that having no religious exemption option is "the least restrictive means" of furthering a compelling governmental interest. MISS. CODE ANN. § 11-61-1(5)(b). Plaintiffs must be afforded a religious exemption option, and that option must comport with MRFRA's compelling interest/least-restrictive-means standard.

Plaintiffs' complaint is predicated on an erroneous interpretation of state law—one that fails to account for the overlying protections of MRFRA. When properly interpreted in light of

MRFRA and the obligations it imposes on MSDH and local school authorities in administering the school vaccination scheme, § 41-23-37 does not violate Plaintiffs' First Amendment rights—either facially or as applied. Because Mississippi law, properly construed, does not violate Plaintiffs' First Amendment rights, Plaintiffs have failed to state a claim upon which relief can be granted, and the complaint should be dismissed pursuant to FED. R. CIV. P. 12(c).

## II. ALTERNATIVELY, THE COURT SHOULD DISMISS OR STAY THIS LITIGATION PURSUANT TO THE *PULLMAN* ABSTENTION DOCTRINE BECAUSE BOTH REQUISITE *PULLMAN* FACTORS ARE SATISFIED.

To the extent there is any uncertainty regarding whether or not MRFRA governs the administration of Mississippi's school vaccination scheme, the Court should alternatively apply the *Pullman* abstention doctrine, and on that basis either (1) dismiss Plaintiffs' complaint or (2) stay this litigation, pending a Mississippi state court's determination of the issue.

### A. Standard for applying *Pullman* abstention doctrine.

Under the *Pullman* abstention doctrine, "federal courts should not determine the federal constitutional implications of state law when that law has not yet been authoritatively construed by the state courts, and the law could be given a construction by the state courts which would avoid the constitutional dilemma." *Hoover v. Morales*, 164 F.3d 221, 224 (5th Cir. 1998) (citing *R.R. Comm'n of Tex. v. Pullman Co.*, 312 U.S. 496 (1941)). "[T]he moral of *Pullman* [is] that federal courts should abstain from decision when difficult and unsettled questions of state law must be resolved before a substantial federal constitutional question can be decided." *Moore v. Hosemann*, 591 F.3d 741, 745 (5th Cir. 2009) (internal quotation marks omitted). "By abstaining in such cases, federal courts will avoid both unnecessary adjudication of federal questions and needless friction with state policies." *Id.* (internal quotation marks omitted).

It is well settled that *Pullman* abstention is appropriate where the case involves (1) "a federal constitutional challenge to state action"; and (2) "an unclear issue of state law that, if resolved, would make it unnecessary for [the court] to rule on the federal constitutional question." *Id.  See also Nationwide Mut. Ins. Co. v. Unauthorized Practice of Law Comm.*, 283 F.3d 650, 653 (5th Cir. 2002) (same); *Personhood Mississippi v. Hood*, Civil Action No. 3:10cv71-DPJ-FKB, 2010 WL 538302, at *3 (S.D. Miss. Feb. 9, 2010) (same).  *Pullman* abstention is supported where resolution of the state law question "could eliminate or substantially narrow the scope of the federal constitutional issue."  *Nissan Motor Corp. in U.S.A. v. Harding*, 739 F.2d 1005, 1008 (5th Cir. 1984).

A pending state court action is not required for *Pullman* to apply.  *See Planned Parenthood of Greater Tex. Surgical Health Servs. v. City of Lubbock, Tex.*, 542 F. Supp. 3d 465, 488 (N.D. Tex. 2021).  *See also Blume v. Myers*, No. CV-99-1423-HU, 2000 WL 210605, at *6 (D. Or. Feb. 22, 2000) (reaffirming that "*Pullman* abstention does not require an ongoing state proceeding"). In fact, "[t]he classic *Pullman*-type abstention order requires the parties to commence an action in state court for a declaratory judgment *on the state law issues*." *Ziegler v. Ziegler*, 632 F.2d 535, 539 (5th Cir. 1980) (italics added).

    B.  **The Court should dismiss or stay this litigation under the *Pullman* abstention doctrine pending a Mississippi state court's determination of whether MRFRA compels MSDH and the local school authorities to afford Plaintiffs a religious exemption option.**

In the case at bar, MRFRA unambiguously requires a religious exemption mechanism. However, should the Court determine that there is some uncertainty regarding MRFRA's dispositive application defeating Plaintiffs' First Amendment claim, this case meets the requisite test for applying *Pullman* abstention.  First, there is no question that Plaintiffs have asserted a federal constitutional challenge to state action.  Plaintiffs claim that state actors are violating their

9

First Amendment free exercise rights by enforcing Mississippi's school vaccination statute without offering them the option of a religious exemption. Second, to the extent this Court deems it unclear whether MRFRA requires that Plaintiffs be offered a religious exemption option, there is an unclear (and heretofore unadjudicated) issue of state law that, if resolved, would make it unnecessary for this Court to rule on the federal constitutional question. That is, as set forth in Part I.B. above, state law is "fairly susceptible," *Nationwide*, 283 F.3d at 653, to an interpretation that § 41-23-37 and § 11-61-1, construed conjunctively, require that MSDH and local school authorities afford Plaintiffs a religious exemption option. Should a Mississippi state court find that to be the proper interpretation of state law, then Plaintiffs will be entitled to seek religious exemptions, and there is no need for this Court to adjudicate Plaintiffs' First Amendment claim.

Should there be any uncertainty as to whether MRFRA operates to vitiate Plaintiffs' First Amendment claim, this is a textbook case for applying *Pullman* abstention. If the Court is inclined to abstain pursuant to *Pullman*, the Court should either dismiss Plaintiffs' complaint or stay this litigation pending a Mississippi state court's interpretation of MRFRA's application.

## CONCLUSION

Plaintiffs' sole claim is premised on a misapprehension of state law. Properly construed, Mississippi law does not violate Plaintiffs' First Amendment rights because MRFRA requires that Plaintiffs be offered a religious exemption option that is not provided in the school vaccination statute. Thus, Plaintiffs have failed to state a legally cognizable claim, and their complaint should be dismissed pursuant to FED. R. CIV. P. 12(c). Should there be any uncertainty as to whether MRFRA mandates the religious exemption option Plaintiffs seek, the Court should apply the *Pullman* abstention doctrine. Under *Pullman* and in keeping with the principle of constitutional

avoidance, the Court should dismiss or stay this litigation to allow a Mississippi state court to resolve the issue of MRFRA's application.

THIS the 21st day of November, 2022.

Respectfully submitted,

LYNN FITCH, IN HER OFFICIAL CAPACITY AS ATTORNEY GENERAL OF MISSISSIPPI, DEFENDANT

By:   LYNN FITCH, ATTORNEY GENERAL
      STATE OF MISSISSIPPI

By:   s/Rex M. Shannon III
      REX M. SHANNON III (MSB #102974)
      Special Assistant Attorney General

STATE OF MISSISSIPPI
OFFICE OF THE ATTORNEY GENERAL
CIVIL LITIGATION DIVISION
Post Office Box 220
Jackson, Mississippi  39205-0220
Tel.:  (601) 359-4184
Fax:  (601) 359-2003
rex.shannon@ago.ms.gov

ATTORNEYS FOR DEFENDANT LYNN FITCH, IN HER OFFICIAL CAPACITY AS ATTORNEY GENERAL OF MISSISSIPPI

## CERTIFICATE OF SERVICE

I, Rex M. Shannon III, Special Assistant Attorney General and attorney for Defendant Lynn Fitch, in her official capacity as Attorney General of Mississippi, do hereby certify that I have this date caused to be filed with the Clerk of the Court a true and correct copy of the above and foregoing via the Court's ECF filing system, which sent notification of such filing to all counsel of record.

THIS the 21st day of November, 2022.

s/Rex M. Shannon III
REX M. SHANNON III