# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

**AMANDA BOSARGE, ET AL.**                                                                 **PLAINTIFFS**

**VS.**                                                           **Civil Action No. 1:22-cv-00233-HSO-BWR**

**DANIEL P. EDNEY, in his official capacity**
**as the State Health Officer, ET AL.**                                                   **DEFENDANTS**

### DEFENDANT ATTORNEY GENERAL LYNN FITCH'S RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION FOR A PRELIMINARY INJUNCTION AND MOTION TO CONSOLIDATE THE PRELIMINARY INJUNCTION HEARING WITH A TRIAL ON THE MERITS [DKT. #3]

COMES NOW Defendant Lynn Fitch, in her official capacity as Attorney General of Mississippi, ("the Attorney General") by and through counsel, and files this her response in opposition to Plaintiffs' motion for a preliminary injunction and motion to consolidate the preliminary injunction hearing with a trial on the merits [Dkt. #3], and in support thereof would show unto the Court the following:

1.   Plaintiffs' combined motion for a preliminary injunction and motion to consolidate the preliminary injunction hearing with a trial on the merits [Dkt. #3] should be denied because (1) all of the governing factors weigh against granting a preliminary injunction; and (2) any trial on the merits is premature.

2.   Plaintiffs contend that the First Amendment compels the Mississippi State Department of Health ("MSDH") and local school authorities to provide them a religious exemption option in administering Mississippi's school vaccination statute, MISS. CODE ANN. § 41-23-37.  Plaintiffs have failed to establish a substantial likelihood of success on the merits. Properly construed, Mississippi law does not violate Plaintiffs' First Amendment rights because

1

the Mississippi Religious Freedom Restoration Act ("MRFRA"), MISS. CODE ANN. § 11-61-1, requires MSDH and local school authorities to offer Plaintiffs the option of a religious exemption. Thus, Plaintiffs' complaint is predicated on an erroneous interpretation of state law and should be dismissed.

3. To the extent there is any uncertainty regarding whether or not MRFRA compels the religious exemption option Plaintiffs seek, the Court should apply the *Pullman* abstention doctrine, and on that basis either dismiss Plaintiffs' complaint or stay this litigation, pending a Mississippi state court's determination of the issue. Either way, Plaintiffs have failed to establish a substantial likelihood of success on the merits. Nor have Plaintiffs demonstrated a substantial threat of impending irreparable injury, or that the balance of equities or the public interest supports a preliminary injunction.

4. To the extent Plaintiffs concurrently seek consolidation of the preliminary injunction hearing with a trial on the merits, their request is premature because the defendants have as yet had no opportunity or ability to conduct discovery in this case.

5. The Attorney General adopts and incorporates by reference, as if fully and completely set forth herein, the arguments and authorities set forth in the *Memorandum of Authorities in Support of Defendant Attorney General Lynn Fitch's Response in Opposition to Plaintiffs' Motion for a Preliminary Injunction and Motion to Consolidate the Preliminary Injunction Hearing with a Trial on the Merits [Dkt. #3]*, being filed contemporaneously herewith.

6. On the basis of the grounds asserted herein and as further set forth in the aforementioned memorandum of authorities, Plaintiffs' combined motion for a preliminary injunction and motion to consolidate the preliminary injunction hearing with a trial on the merits [Dkt. #3] should be denied.

7.  In further support of her oppositional response, the Attorney General submits the following:

Exhibit "A"   NCSL 50-State Survey

**WHEREFORE, PREMISES CONSIDERED**, Defendant Lynn Fitch, in her official capacity as Attorney General of Mississippi, respectfully requests that the Court make and enter its Order denying, in its entirety, Plaintiffs' combined motion for a preliminary injunction and motion to consolidate the preliminary injunction hearing with a trial on the merits [Dkt. #3].

THIS the 21st day of November, 2022.

    Respectfully submitted,

    LYNN FITCH, IN HER OFFICIAL CAPACITY
    AS ATTORNEY GENERAL OF MISSISSIPPI,
    DEFENDANT

    By:    LYNN FITCH, ATTORNEY GENERAL
            STATE OF MISSISSIPPI

    By:    s/Rex M. Shannon III
            REX M. SHANNON III (MSB #102974)
            Special Assistant Attorney General

STATE OF MISSISSIPPI
OFFICE OF THE ATTORNEY GENERAL
CIVIL LITIGATION DIVISION
Post Office Box 220
Jackson, Mississippi  39205-0220
Tel.:  (601) 359-4184
Fax:  (601) 359-2003
rex.shannon@ago.ms.gov

ATTORNEYS FOR DEFENDANT LYNN FITCH, IN HER OFFICIAL CAPACITY AS ATTORNEY GENERAL OF MISSISSIPPI

## **CERTIFICATE OF SERVICE**

      I, Rex M. Shannon III, Special Assistant Attorney General and attorney for Defendant Lynn Fitch, in her official capacity as Attorney General of Mississippi, do hereby certify that I have this date caused to be filed with the Clerk of the Court a true and correct copy of the above and foregoing via the Court's ECF filing system, which sent notification of such filing to all counsel of record.

      THIS the 21st day of November, 2022.

                                                                                s/Rex M. Shannon III
                                                                                REX M. SHANNON III