**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

**AMANDA BOSARGE, ET AL.**                                                     **PLAINTIFFS**

**VS.**                                            **Civil Action No. 1:22-cv-00233-HSO-BWR**

**DANIEL P. EDNEY, in his official capacity
as the State Health Officer, ET AL.**                                   **DEFENDANTS**

**MEMORANDUM OF AUTHORITIES IN SUPPORT OF DEFENDANT ATTORNEY GENERAL LYNN FITCH'S RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION FOR A PRELIMINARY INJUNCTION AND MOTION TO CONSOLIDATE THE PRELIMINARY INJUNCTION HEARING WITH A TRIAL ON THE MERITS [DKT. #3]**

**INTRODUCTION**

Plaintiffs' combined motion for a preliminary injunction and motion to consolidate the preliminary injunction hearing with a trial on the merits [Dkt. #3] should be denied because (1) all of the governing factors weigh against granting a preliminary injunction; and (2) any trial on the merits is premature.

Plaintiffs contend that the First Amendment compels the Mississippi State Department of Health ("MSDH") and local school authorities to provide them a religious exemption option in administering Mississippi's school vaccination statute, MISS. CODE ANN. § 41-23-37. Plaintiffs have failed to establish a substantial likelihood of success on the merits. Properly construed, Mississippi law does not violate Plaintiffs' First Amendment rights because the Mississippi Religious Freedom Restoration Act ("MRFRA"), MISS. CODE ANN. § 11-61-1, requires MSDH and local school authorities to offer Plaintiffs the option of a religious exemption. Thus, Plaintiffs' complaint is predicated on an erroneous interpretation of state law and should be dismissed. To

1

the extent there is any uncertainty regarding whether or not MRFRA compels the religious exemption option Plaintiffs seek, the Court should apply the *Pullman* abstention doctrine, and on that basis either dismiss Plaintiffs' complaint or stay this litigation, pending a Mississippi state court's determination of the issue.  Either way, Plaintiffs have failed to establish a substantial likelihood of success on the merits.  Nor have Plaintiffs demonstrated a substantial threat of impending irreparable injury, or that the balance of equities or the public interest supports a preliminary injunction.

To the extent Plaintiffs concurrently seek consolidation of the preliminary injunction hearing with a trial on the merits, their request is premature because the defendants have as yet had no opportunity or ability to conduct discovery in this case.

For these reasons and those set forth herein, Plaintiffs' combined motion for a preliminary injunction and motion to consolidate the preliminary injunction hearing with a trial on the merits [Dkt. #3] should be denied.

## **FACTUAL BACKGROUND**

This case implicates the Mississippi Religious Freedom Restoration Act, MISS. CODE ANN. § 11-61-1 ("MRFRA").  Enacted to secure to the people the protection of religious liberties across all facets of Mississippi law and government, MRFRA effectively invalidates any state governmental action that substantially burdens religious exercise without satisfying strict scrutiny. MRFRA applies broadly to all state laws and state actors, including, respectively, the school vaccination statute made the subject of Plaintiffs' complaint and all of the defendants who are charged with enforcing Mississippi's school vaccination requirements.  MRFRA's "plain language provides substantial protection from governmental discrimination on the basis of religious

exercise." *Barber v. Bryant*, 193 F. Supp. 3d 677, 710 (S.D. Miss. 2016), *rev'd on other grounds*, 860 F.3d 345 (5th Cir. 2017).

Plaintiffs' complaint asserts a single claim—namely, that the First Amendment compels the Mississippi State Department of Health and local school authorities to provide them a religious exemption option in administering Mississippi's school vaccination statute, MISS. CODE ANN. § 41-23-37. *See* Complaint at 32-38, ¶¶ 116-48 (Dkt. #1). On the basis of that sole claim, Plaintiffs seek "a preliminary . . . injunction against [§ 41-23-37], to require the State to recognize religious exemptions in the same manner that it recognizes [medical] exemptions." Plaintiffs' Memo. at 30 (Dkt. #5). Plaintiffs also seek to consolidate the preliminary injunction hearing with a trial on the merits. Plaintiffs' Mot. at 1 (Dkt. #3). Plaintiffs fail to account for the dispositive impact of MRFRA on their First Amendment claim and their pursuit of injunctive relief.

In an effort to ensure that this Court engages in a holistic interpretation of Mississippi law as it applies to Plaintiffs' claim, Defendant Lynn Fitch, in her official capacity as Attorney General of Mississippi, ("the Attorney General") files the instant response opposing Plaintiffs' combined motion for a preliminary injunction and motion to consolidate the preliminary injunction hearing with a trial on the merits [Dkt. #3].[1]

## STANDARD FOR INJUNCTIVE RELIEF

Motions for preliminary injunction are governed by Rule 65, *Federal Rules of Civil Procedure*. A party seeking a preliminary injunction must demonstrate each of the following: (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable injury if

---

[1] The Mississippi Attorney General's Office is advised that the Mississippi Legislature may, in the upcoming legislative session, take up the issue of amending § 41-23-37 to expressly provide an option for a religious exemption to the school vaccination requirement in the text of that statute. The Attorney General's arguments do not rest or turn on the possibility of legislative action. The Attorney General will advise the Court if legislative action affects the disposition of this case.

3

the injunction is not issued; (3) that the threatened injury if the injunction is denied outweighs any harm that will result if the injunction is granted; and (4) that the grant of an injunction will not disserve the public interest. *Big Tyme Investments, L.L.C. v. Edwards*, 985 F.3d 456, 463-64 (5th Cir. 2021). The third and fourth requirements, *viz.*, the balance of the equities and the public interest, merge and are considered together when the government is the opposing party. *Pacharne v. Dep't of Homeland Sec.*, 565 F. Supp. 3d 785, 802 (N.D. Miss. 2021).

The four above-listed "requirements are not balanced. Instead, each one must be met before the Court can provide relief." *Pinkston v. Hall*, Civil Action No. 5:18-cv-103-MTP, 2020 WL 2529398, at *8 n.10 (S.D. Miss. May 18, 2020) (citing *Miss. Power & Light Co. v. United Gas Pipe Line Co.*, 760 F.2d 618, 621 (5th Cir. 1985)). The burden is on the party seeking injunctive relief to establish all four elements. *Carlisle v. Elite Trucking Servs., LLC*, Civil No. 1:16-CV-257-JCG, 2016 WL 9223832, at *1 (S.D. Miss. Nov. 4, 2016). If the moving party "fails to carry its burden on any one of the four elements . . . , the Court must deny the request for injunctive relief." *Miller v. Miss. Res., LLC*, Civil Action No. 5:17-cv-41-DCB-MTP, 2017 WL 2772097, at *2 (S.D. Miss. June 26, 2017). "The decision to grant a preliminary injunction is to be treated as the exception rather than the rule." *Miss. Power & Light Co.*, 760 F.2d at 621.

## ARGUMENT

**I. THE COURT SHOULD DENY PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION BECAUSE ALL OF THE GOVERNING FACTORS WEIGH AGAINST GRANTING A PRELIMINARY INJUNCTION.**

**A. <u>Plaintiffs have failed to establish a substantial likelihood of success on the merits.</u>**

1. **Properly construed, Mississippi law does not violate Plaintiffs' First Amendment rights because the Mississippi Religious Freedom Restoration Act requires the Mississippi State Department of Health ("MSDH") and local school authorities to offer Plaintiffs the option of a religious exemption; therefore, Plaintiffs' complaint should be dismissed.**

"[T]he absence of likelihood of success on the merits is sufficient to make the district court's grant of a preliminary injunction improvident as a matter of law." *Doherty v. Nat'l Bd. of Med. Exam'rs*, 791 Fed. Appx. 462, 464 (5th Cir. 2019) (quoting *Lake Charles Diesel, Inc. v. Gen. Motors Corp.*, 328 F.3d 192, 203 (5th Cir. 2003)) (internal quotation marks omitted). "If the party requesting a preliminary injunction *cannot* show a substantial likelihood of success on the merits, the injunction should be denied and there is no need for the court to address the other requirements for a preliminary injunction." *Big Tyme Investments, L.L.C.*, 985 F.3d at 464 (internal quotation marks omitted) (italics in original). *See also Stevens v. St. Tammany Parish Gov't*, 17 F.4th 563, 576 (5th Cir. 2021) (same). *See Medlin v. Palmer*, 874 F.2d 1085, 1091 (5th Cir. 1989). *Cf. Voting for Am., Inc. v. Andrade*, 488 Fed. Appx. 890, 904 (5th Cir. 2012).

Mississippi's school vaccination statute, MISS. CODE ANN. § 41-23-37, provides that "it shall be unlawful for any child to attend any school . . . with the exception of any legitimate home instruction program . . . unless they shall first have been vaccinated against those diseases specified by the state health officer." MISS. CODE ANN. § 41-23-37.  The statute further provides that "[w]ithin one hundred twenty (120) days after the opening of each fall term (on or before December 31), the person in charge of each school shall certify to the local or county health officer that all children enrolled are in compliance with immunization requirements." *Id.* "It shall be the responsibility of the person in charge of each school to enforce the requirements for immunization." *Id.* Pursuant to the statute, "[a] certificate of exemption from vaccination for medical reasons may be offered on behalf of a child by a duly licensed physician and may be accepted by the local health officer when, in his opinion, such exemption will not cause undue risk to the community." *Id.* Section 41-23-37 does not provide for a religious exemption. *See id.*

5

Plaintiffs fail to account for the dispositive impact of the Mississippi Religious Freedom Restoration Act ("MRFRA"), MISS. CODE ANN. § 11-61-1, on their First Amendment claim and their pursuit of injunctive relief. MRFRA requires MSDH and local school authorities to offer Plaintiffs the option of a religious exemption.

In enacting MRFRA, the Mississippi Legislature found that "[t]he framers of the Constitution, recognizing free exercise of religion as an unalienable right, secured its protection in the First Amendment to the Constitution." *Id.* § 11-61-1(2)(a). The Legislature recognized that "[l]aws 'neutral' toward religion may burden religious exercise as surely as laws intended to interfere with religious exercise." *Id.* § 11-61-1(2)(b). In keeping with these considerations, the Legislature further found that "[g]overnment should not substantially burden religious exercise without compelling justification." *Id.* § 11-61-1(2)(c). The Legislature accordingly enacted MRFRA for the dual purposes of (1) "restor[ing] the compelling interest test as set forth in *Sherbert v. Verner*, 374 U.S. 398 (1963), and *Wisconsin v. Yoder*, 406 U.S. 205 (1972), and to guarantee its application in all cases where free exercise of religion is substantially burdened"; and (2) "provid[ing] a claim or defense to persons whose religious exercise is substantially burdened by government." *Id.* § 11-61-1(3)(a)-(b).

MRFRA provides that the "[g]overnment shall not substantially burden a person's exercise of religion even if the burden results from a rule of general applicability," unless the government can demonstrate that the "application of the burden to the person" is both (1) "in furtherance of a compelling governmental interest"; and (2) "the least restrictive means of furthering that compelling governmental interest." *Id.* § 11-61-1(5)(a)-(b). By its terms, MRFRA applies broadly to the conduct of "any branch, department, agency, instrumentality or political subdivision of the State of Mississippi and any official or other person acting under color of law of the State of

Mississippi." *Id.* § 11-61-1(4)(a). It further applies "to all state laws, rules, regulations and any municipal or county ordinances, rules or regulations and the implementation of those laws, whether statutory or otherwise, and whether adopted before or after July 1, 2014." *Id.* § 11-61-1(7)(a).

Because § 11-61-1 provides background rules that apply to all government agencies and state laws, MSDH and the local school authorities are subject to MRFRA and must comply with MRFRA in administering the school vaccination scheme set forth in § 41-23-37. That is, under any fair interpretation of the plain language of § 11-61-1, students must be offered the option of a religious exemption. Without a religious exemption option, under MRFRA, the school vaccination scheme would substantially burden the rights of some people with sincerely-held religious objections. The school vaccination statute itself recognizes that exemptions from compulsory vaccination are appropriate in some circumstances (i.e., medical exemptions). MISS. CODE ANN. § 41-23-37. Having recognized that some exemptions are appropriate, the State must—given MRFRA—allow a mechanism for seeking an exemption based on a sincerely-held religious belief. Given the prevalence of state laws providing for religious (or philosophical) exemptions from compulsory school vaccination laws in states across the country, see NCSL 50-State Survey (Ex. "A"), it is not tenable to maintain that having no religious exemption option is "the least restrictive means" of furthering a compelling governmental interest. MISS. CODE ANN. § 11-61-1(5)(b). Plaintiffs must be afforded a religious exemption option, and that option must comport with MRFRA's compelling-interest/least-restrictive-means standard.

Plaintiffs' complaint is predicated on an erroneous interpretation of state law—one that fails to account for the overlying protections of MRFRA. When properly interpreted in light of MRFRA and the obligations it imposes on MSDH and local school authorities in administering the school vaccination scheme, § 41-23-37 does not violate Plaintiffs' First Amendment rights—

7

either facially or as applied. Because Mississippi law, properly construed, does not violate Plaintiffs' First Amendment rights, Plaintiffs cannot prevail on the merits. Therefore, they are not entitled to a preliminary injunction, and their complaint should be dismissed.

> **2. Alternatively, the Court should dismiss or stay this litigation under the *Pullman* abstention doctrine pending a Mississippi state court's determination of whether MRFRA compels MSDH and the local school authorities to afford Plaintiffs a religious exemption option.**

To the extent there is any uncertainty regarding whether or not MRFRA governs the administration of Mississippi's school vaccination scheme, the Court should alternatively apply the *Pullman* abstention doctrine, and on that basis either (1) dismiss Plaintiffs' complaint or (2) stay this litigation, pending a Mississippi state court's determination of the issue.

Under the *Pullman* abstention doctrine, "federal courts should not determine the federal constitutional implications of state law when that law has not yet been authoritatively construed by the state courts, and the law could be given a construction by the state courts which would avoid the constitutional dilemma." *Hoover v. Morales*, 164 F.3d 221, 224 (5th Cir. 1998) (citing *R.R. Comm'n of Tex. v. Pullman Co.*, 312 U.S. 496 (1941)). "[T]he moral of *Pullman* [is] that federal courts should abstain from decision when difficult and unsettled questions of state law must be resolved before a substantial federal constitutional question can be decided." *Moore v. Hosemann*, 591 F.3d 741, 745 (5th Cir. 2009) (internal quotation marks omitted). "By abstaining in such cases, federal courts will avoid both unnecessary adjudication of federal questions and needless friction with state policies." *Id.* (internal quotation marks omitted).

It is well settled that *Pullman* abstention is appropriate where the case involves (1) "a federal constitutional challenge to state action"; and (2) "an unclear issue of state law that, if resolved, would make it unnecessary for [the court] to rule on the federal constitutional question." *Id.* See also *Nationwide Mut. Ins. Co. v. Unauthorized Practice of Law Comm.*, 283 F.3d 650, 653

8

(5th Cir. 2002) (same); *Personhood Mississippi v. Hood*, Civil Action No. 3:10cv71-DPJ-FKB, 2010 WL 538302, at *3 (S.D. Miss. Feb. 9, 2010) (same). *Pullman* abstention is supported where resolution of the state law question "could eliminate or substantially narrow the scope of the federal constitutional issue." *Nissan Motor Corp. in U.S.A. v. Harding*, 739 F.2d 1005, 1008 (5th Cir. 1984).

A pending state court action is not required for *Pullman* to apply. *See Planned Parenthood of Greater Tex. Surgical Health Servs. v. City of Lubbock, Tex.*, 542 F. Supp. 3d 465, 488 (N.D. Tex. 2021). *See also Blume v. Myers*, No. CV-99-1423-HU, 2000 WL 210605, at *6 (D. Or. Feb. 22, 2000) (reaffirming that "*Pullman* abstention does not require an ongoing state proceeding"). In fact, "[t]he classic *Pullman*-type abstention order requires the parties to commence an action in state court for a declaratory judgment on the state law issues." *Ziegler v. Ziegler*, 632 F.2d 535, 539 (5th Cir. 1980) (italics added).

In the case at bar, MRFRA unambiguously requires a religious exemption mechanism. However, should the Court determine that there is some uncertainty regarding MRFRA's dispositive application defeating Plaintiffs' First Amendment claim, this case meets the requisite factors for applying *Pullman* abstention. First, there is no question that Plaintiffs have asserted a federal constitutional challenge to state action. Plaintiffs claim that state actors are violating their First Amendment free exercise rights by enforcing Mississippi's school vaccination statute without offering them the option of a religious exemption. Second, to the extent this Court deems it unclear whether MRFRA requires that Plaintiffs be offered a religious exemption option, there is an unclear (and heretofore unadjudicated) issue of state law that, if resolved, would make it unnecessary for this Court to rule on the federal constitutional question. That is, as set forth in Part I.A.1. above, state law is at least "fairly susceptible," *Nationwide*, 283 F.3d at 653, to an

interpretation that § 41-23-37 and § 11-61-1, construed conjunctively, require that MSDH and local school authorities afford Plaintiffs a religious exemption option.  Should a Mississippi state court find that to be the proper interpretation of state law, then Plaintiffs will be entitled to seek religious exemptions, and there is no need for this Court to adjudicate Plaintiffs' First Amendment claim.

Should this Court believe there is any uncertainty that MRFRA operates to vitiate Plaintiffs' First Amendment claim, this is a textbook case for applying *Pullman* abstention.  If the Court is inclined to abstain pursuant to *Pullman*, the Court should either dismiss Plaintiffs' complaint or stay this litigation, pending a Mississippi state court's interpretation of MRFRA's application.  Any way the Court considers it, Plaintiffs have failed to establish a substantial likelihood of success on the merits, and the Court should deny Plaintiffs' motion for preliminary injunction.

### B. **Plaintiffs cannot demonstrate a substantial threat of impending irreparable injury.**

A party seeking a preliminary injunction "must show a real and immediate threat of future or continuing injury apart from any past injury."  *Rosa v. McAleenan*, 583 F. Supp. 3d 850, 884 (S.D. Tex. 2019) (quoting *Aransas Project v. Shaw*, 775 F.3d 641, 648 (5th Cir. 2014)) (internal quotation marks omitted).  "The harm must be of a nature for which there is no adequate remedy at law."  *Id.* (internal quotation marks omitted).  "To show irreparable harm, a party must demonstrate a significant threat of injury from the impending action, [and] that the injury is imminent."  *Chambless Enters., LLC v. Redfield*, 508 F. Supp. 3d 101, 119 (W.D. La. 2020) (internal quotation marks omitted).  *See also Bond Pharmacy, Inc. v. AnazaoHealth Corp.*, 815 F. Supp. 2d 966, 974-75 (S.D. Miss. 2011).

To the extent courts have held that in First Amendment cases, "the law presumes irreparable harm," that proposition is true only "[t]o the extent that constitutional harm is established." *See Magliulo v. Edward Via College of Osteopathic Med.*, 555 F. Supp. 3d 284, 296 (W.D. La. 2021). As set forth in Part I.A.1. above, Plaintiffs here cannot establish constitutional harm because MRFRA requires a religious exemption option. By virtue of MRFRA, Plaintiffs have an adequate remedy by which to vindicate their First Amendment rights, and thus the alleged injury is not in fact irreparable.

Nor is it imminent. Plaintiffs have presented no evidence that any of their children are or will be unable to obtain an education as a result of their religious objection to the school vaccination statute. Rather, Plaintiffs allege that all of their children either homeschool or have attended (or will attend) school out of state. Furthermore, § 41-23-37 provides that "[f]ailure to enforce provisions of [§ 41-23-37] shall constitute a misdemeanor and upon conviction be punishable by fine or imprisonment or both." MISS. CODE ANN. § 41-23-37. As to who is charged with *enforcing* the school vaccination requirements, the statute assigns that responsibility to "the person in charge of each school." *Id.* With the exception of Plaintiff Paul Perkins, whom Plaintiffs allege is the "Head Administrator" of a private school in Ocean Springs, Complaint at 5, ¶ 15 (Dkt. #1), Plaintiffs do not allege that they themselves are school administrators. Nor have Plaintiffs—including Paul Perkins—presented any evidence that any of them are threatened imminently with prosecution for violating the school vaccination requirement of § 41-23-37. Indeed, none of the plaintiffs alleges that he/she has violated the statute or has any intention of violating it. Any purported risk of criminal prosecution is accordingly speculative and cannot support an award of injunctive relief. *See Monumental Task Comm., Inc. v. Foxx*, 157 F. Supp. 3d 573, 583 (E.D. La.

2016) (reaffirming that "party seeking a preliminary injunction must show that the threatened harm is 'more than mere speculation'").

Plaintiffs cite *Elrod v. Burns*, 427 U.S. 347 (1976), and *Tandon v. Newsom*, 141 S. Ct. 1294 (2021), for the proposition that the loss of First Amendment rights generally, and free exercise rights in particular, for even minimal periods of time constitutes irreparable injury.  The injury at issue in *Elrod* was the termination or threatened termination of public employees for their refusal to support a particular political party.  *See Elrod*, 427 U.S. at 349, 373-74.  The injury at issue *Tandon* was California's COVID-related ban of private, at-home religious gatherings.  *See Tandon*, 141 S. Ct. at 1297-98.  Unlike these cases and other First Amendment cases where the government seeks to compel or prohibit some discrete, imminent action on the part of citizens, no such actual or threatened imminent injury is implicated here.  This is not a case where, for instance, the state seeks to enforce prior restraints on speech, or to mandate COVID vaccinations on threat of terminating employment.

    **C.** **<u>The balance of equities and the public interest favor denying a preliminary injunction.</u>**

As Plaintiffs acknowledge in their brief, when the government is the party opposing a motion for preliminary injunction, the balance of equities and public interest requirements merge and are considered together.  *Pacharne*, 565 F. Supp. 3d at 802.  This is because "the government's interest *is* the public interest."  *United States v. Texas*, 566 F. Supp. 3d 605, 690 (W.D. Tex. 2021) (emphasis in original).

On the equities, Plaintiffs cite case law reaffirming the oft-stated precept that an injunction does not disserve the public interest when it prevents constitutional deprivations.  But that presupposes a constitutional deprivation.  As set forth in Part I.A.1. above, Plaintiffs here cannot

establish constitutional harm because MRFRA provides the religious exemption option Plaintiffs seek.

Weighed against Plaintiffs' failure to establish imminent irreparable harm is the harm to the State of Mississippi in having its laws preliminarily enjoined, particularly where Plaintiffs have not sought to avail themselves of MRFRA—a background statute that requires the option that Plaintiffs seek. Also weighing against a preliminary injunction is the public interest in avoiding disruption to the operations of MSDH and the local school systems that would bear responsibility for complying with a preliminary injunction issued by a federal court. Thus, the final factors governing the injunction analysis likewise militate against granting a preliminary injunction.

Because all four of the governing factors weigh against granting a preliminary injunction, Plaintiffs' motion for a preliminary injunction should be denied.

## II. IF THE COURT IS INCLINED TO GRANT A PRELIMINARY INJUNCTION, IT SHOULD BE APPROPRIATELY LIMITED IN SCOPE.

It is well settled that "the scope of injunctive relief is dictated by the extent of the violation established," and that a "court must narrowly tailor an injunction to remedy the specific action which gives rise to the order." *Green Valley Special Util. Dist. v. City of Schertz, Tex.*, 969 F.3d 460, 478 n.39 (5th Cir. 2020) (internal quotation marks omitted). An injunction cannot "encompass more conduct than was requested or exceed the legal basis of the lawsuit." *Scott v. Schedler*, 826 F.3d 207, 214 (5th Cir. 2016). *See also E.T. v. Paxton*, 19 F.4th 760, 769 (5th Cir. 2021) (same). Generally, "injunctive relief should be no more burdensome to the defendant than necessary to provide complete relief to the plaintiffs." *Lion Health Servs., Inc. v. Sebelius*, 635 F.3d 693, 703 (5th Cir. 2011) (internal quotation marks omitted). As a matter of law pursuant to FRCP 65, a preliminary injunction is only binding upon the parties, their respective agents/employees, and those acting in concert with them. FED. R. CIV. P. 65(d)(2).

If the Court is inclined to grant a preliminary injunction, any relief should be limited to the named plaintiffs. This is not a class action, nor do Plaintiffs seek to make it one. To the extent the Court determines that injunctive relief is appropriate, a preliminary injunction granted only as to the named plaintiffs would provide full relief. Any preliminary injunction awarded should be limited in scope to require the Mississippi State Department of Health and local school authorities to provide a religious exemption option to Plaintiffs exclusively. It should not be so broad as to apply to non-plaintiffs, nor should it otherwise prohibit the administration or enforcement of the school vaccination scheme provided for in § 41-23-37. The Attorney General respectfully submits that any broader injunction entered by this Court would exceed the bounds of this Court's jurisdiction under Article III and the limitations of equitable relief.

### III. PLAINTIFFS' MOTION TO CONSOLIDATE THE PRELIMINARY INJUNCTION HEARING WITH A TRIAL ON THE MERITS SHOULD BE DENIED AS PREMATURE BECAUSE THE ATTORNEY GENERAL HAS HAD NO OPPORTUNITY TO CONDUCT ANY DISCOVERY AT ALL.

The day after filing their complaint, Plaintiffs filed the instant combined motion for preliminary injunction and motion to consolidate the preliminary injunction hearing with a trial on the merits [Dkt. #3]. The same day Plaintiffs filed the instant combined motion, they filed a separate motion for summary judgment [Dkt. #4] asking this Court to declare Mississippi's school vaccination statute unconstitutional.

Contemporaneous with the filing of this oppositional response, the Attorney General is timely filing (1) a motion to deny or continue or, alternatively, to stay or hold in abeyance, Plaintiffs' motion for summary judgment; and (2) a motion for judgment on the pleadings or, alternatively, to dismiss or stay pursuant to the *Pullman* abstention doctrine.

At the time of this filing and the aforementioned contemporaneous filings by the Attorney General, no Rule 16 initial order has been entered, no Rule 26(f) attorney conference has occurred,

14

and no case management order has been entered. Consequently, none of the defendants has had any opportunity or ability to conduct any discovery at all regarding the factual basis for Plaintiffs' First Amendment claim. For the reasons set forth in the Attorney General's aforementioned motion to deny or continue/to stay or hold in abeyance Plaintiffs' motion for summary judgment and her motion for judgment on the pleadings/to dismiss or stay pursuant to the *Pullman* abstention doctrine, both of which are incorporated by reference as if fully and completely set forth herein, Plaintiffs' motion to consolidate the preliminary injunction hearing with a trial on the merits is premature and should be denied.

## CONCLUSION

Plaintiffs have failed to demonstrate a substantial likelihood of success on the merits, and all of the remaining factors likewise weigh against granting a preliminary injunction. Any consideration of a trial on the merits at this juncture is premature. For the reasons set forth herein, Plaintiffs' combined motion for a preliminary injunction and motion to consolidate the preliminary injunction hearing with a trial on the merits should be denied. The Court should proceed to consider the Attorney General's separately-filed motion for judgment on the pleadings or, alternatively, to dismiss or stay pursuant to the *Pullman* abstention doctrine.

THIS the 21st day of November, 2022.

    Respectfully submitted,

    LYNN FITCH, IN HER OFFICIAL CAPACITY
    AS ATTORNEY GENERAL OF MISSISSIPPI,
    DEFENDANT

    By:    LYNN FITCH, ATTORNEY GENERAL
            STATE OF MISSISSIPPI

    By:    s/Rex M. Shannon III
            REX M. SHANNON III (MSB #102974)
            Special Assistant Attorney General

STATE OF MISSISSIPPI
OFFICE OF THE ATTORNEY GENERAL
CIVIL LITIGATION DIVISION
Post Office Box 220
Jackson, Mississippi  39205-0220
Tel.:  (601) 359-4184
Fax:  (601) 359-2003
rex.shannon@ago.ms.gov

ATTORNEYS FOR DEFENDANT LYNN FITCH, IN HER OFFICIAL CAPACITY AS ATTORNEY GENERAL OF MISSISSIPPI

## CERTIFICATE OF SERVICE

I, Rex M. Shannon III, Special Assistant Attorney General and attorney for Defendant Lynn Fitch, in her official capacity as Attorney General of Mississippi, do hereby certify that I have this date caused to be filed with the Clerk of the Court a true and correct copy of the above and foregoing via the Court's ECF filing system, which sent notification of such filing to all counsel of record.

THIS the 21st day of November, 2022.

s/Rex M. Shannon III<br>REX M. SHANNON III