IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

AMANDA BOSARGE, ET AL.                                              PLAINTIFFS

VS.                                            Civil Action No. 1:22-cv-00233-HSO-BWR

DANIEL P. EDNEY, in his official capacity
as the State Health Officer, ET AL.                                 DEFENDANTS

## RULE 56(d) AFFIDAVIT OF COUNSEL

STATE OF MISSISSIPPI
COUNTY OF HINDS

    PERSONALLY came and appeared before me, the undersigned authority in and for the aforesaid jurisdiction, the undersigned REX M. SHANNON III, Special Assistant Attorney General, Mississippi Attorney General's Office, who after being duly sworn, did state under oath as follows, to-wit:

    1.    My name is Rex M. Shannon III, and I am an adult resident citizen of the State of Mississippi.

    2.    I have personal knowledge of the facts and matters set forth herein and am otherwise fully competent to make this Affidavit.

    3.    I am a member in good standing of the Mississippi Bar. I am employed by the Mississippi Attorney General's Office as a Special Assistant Attorney General. In that capacity, I represent Defendant Lynn Fitch, in her official capacity as Attorney General of Mississippi, ("the Attorney General") as counsel of record in the above-styled and numbered cause.

    4.    The plaintiffs filed their motion for preliminary injunction [Dkt. #3] and motion for summary judgment [Dkt. #4] in the above-styled and numbered cause before the Attorney General was served with process and before the occurrence of any of the following: entry of any Rule 16 initial order; entry of any case management order; and the Rule 26(f) attorney conference.

    5.    The Attorney General should be afforded an opportunity to conduct discovery regarding such facts as the vaccination status and history of Plaintiffs' children, including relevant medical history that may prevent Plaintiffs from vaccinating their respective children for reasons other than their religious convictions; the school enrollment history of Plaintiffs' children; and the specific reasons that Plaintiffs' children were allegedly denied enrollment in Mississippi schools.

EXHIBIT A

These facts may be relevant to the Attorney General's asserted defenses, including lack of standing, statute of limitations, and the doctrines of laches, estoppel, and waiver.

6. The Attorney General should be afforded an opportunity to conduct discovery regarding the factual basis for each plaintiff's decision not to enroll his or her child(ren) in Mississippi schools, and the extent to which homeschooling, relocation, or commuting to an out-of-state school may be predicated on or influenced by reasons other than a given plaintiff's religious convictions. Discovery of such facts may reveal that one or more of Plaintiffs' children are not enrolled in Mississippi schools due to reasons other than any objection to Mississippi's school vaccination requirement. These facts may likewise be relevant to the issue of Plaintiffs' standing, as well as to the "substantial burden" element of Plaintiffs' First Amendment claim.

7. The Attorney General should be afforded an opportunity to conduct discovery against Plaintiffs and/or other defendants regarding the factual basis for Plaintiffs' allegations of actual or threatened enforcement of Mississippi's school vaccination requirements in connection with their children. Such facts may be relevant to the matter of standing, and specifically the extent to which Plaintiffs have—as required pursuant to *Okpalobi v. Foster*, 244 F.3d 405 (5th Cir. 2001)—sued the proper defendants, *viz.*, those defendants who are legally authorized to and capable of redressing Plaintiffs' alleged injuries.

8. Discovery of the aforementioned facts, via written discovery and/or the depositions of one or more Plaintiffs and/or defendants, may yield testimony or other evidence sufficient to create a genuine issue of material fact regarding the "substantial burden" element of Plaintiffs' First Amendment claim and/or one or more of the Attorney General's asserted defenses.

FURTHER AFFIANT SAYETH NOT.

_____
REX M. SHANNON III
Special Assistant Attorney General
Mississippi Attorney General's Office

SWORN TO AND SUBSCRIBED before me on this the 18th day of November, 2022.

_____
NOTARY PUBLIC

My Commission Expires:

March 4, 2025

*[Notary Seal: STATE OF MISSISSIPPI, NOTARY PUBLIC, ID # 289917, SHALENIA WILLIAMS, Commission Expires March 4, 2025, HINDS COUNTY]*