**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**


**AMANDA BOSARGE, ET AL.**                                   **PLAINTIFFS**

**VS.**                                   **Civil Action No. 1:22-cv-00233-HSO-BWR**

**DANIEL P. EDNEY, in his official capacity
as the State Health Officer, ET AL.**                    **DEFENDANTS**

---

**MEMORANDUM OF AUTHORITIES IN SUPPORT OF DEFENDANT ATTORNEY
GENERAL LYNN FITCH'S MOTION TO DENY OR CONTINUE OR,
ALTERNATIVELY, TO STAY OR HOLD IN ABEYANCE, PLAINTIFFS'
MOTION FOR SUMMARY JUDGMENT [DKT. #4]**

---

**INTRODUCTION**

Pursuant to FED. R. CIV. P. 56(d), the Court should deny or continue Plaintiffs' premature

motion for summary judgment because the Attorney General has had no opportunity or ability to

conduct any discovery at all.  The day after filing their complaint, Plaintiffs filed a motion for

summary judgment asking this Court to declare Mississippi's school vaccination statute

unconstitutional.  Plaintiffs insist that the Court proceed to consider their dispositive motion now.

This case is in its infancy.  The Attorney General filed her answer on November 16, 2022.

Answer (Dkt. #36).  Contemporaneous with the filing of this motion, the Attorney General is

timely filing (1) her response in opposition to Plaintiffs' combined motion for a preliminary

injunction and motion to consolidate the preliminary injunction hearing with a trial on the merits;

and (2) a motion for judgment on the pleadings or, alternatively, to dismiss or stay pursuant to the

*Pullman* abstention doctrine.  At the time this motion is filed, no Rule 16 initial order has been

entered, no Rule 26(f) attorney conference has occurred, and no case management order has been

entered.  Consequently, none of the defendants has had any opportunity or ability to conduct any

1

discovery at all regarding the factual basis for Plaintiffs' First Amendment claim.  For these reasons and those set forth herein, Plaintiffs' motion for summary judgment is premature and should be denied or continued.  Alternatively, the Court should stay or hold in abeyance Plaintiffs' motion for summary judgment pending a ruling on other filed motions.

## BACKGROUND FACTS

This motion implicates Rule 56(d), *Federal Rules of Civil Procedure*.  Rule 56(d) provides that "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition" to a motion for summary judgment, "the court may . . . defer considering the motion or deny it"; "allow time . . . to take discovery"; or "issue any other appropriate order."  FED. R. CIV. P. 56(d).

Plaintiffs' complaint asserts a single claim—namely, that the First Amendment free exercise clause compels the Mississippi State Department of Health and local school authorities to provide them a religious exemption option in administering Mississippi's school vaccination statute, MISS. CODE ANN. § 41-23-37.  *See* Complaint at 32-38, ¶¶ 116-48 (Dkt. #1).  Plaintiffs filed their complaint against the Attorney General and others on September 1, 2022.  Complaint (Dkt. #1).  The following day—September 2, 2022—Plaintiffs filed a motion for a preliminary injunction [Dkt. #3] and the instant motion for summary judgment [Dkt. #4].  Both of these motions were filed before the Attorney General was served with process and before the entry of any Rule 16 initial order or any case management order providing for a discovery period.  Rule 56(d) Affidavit of Counsel (Ex. "A").  Plaintiffs' summary judgment motion also preceded the Rule 26(f) attorney conference, *id.*, which—like entry of the aforementioned orders—has not yet occurred.

On November 2, 2022, Plaintiffs' counsel inquired whether the Attorney General would agree to a briefing schedule to include briefing on Plaintiffs' motion for summary judgment. 11/02/2022 E-mail from Siri to Shannon (Ex. "B").  On November 3, 2022, counsel for the Attorney General replied that briefing on Plaintiffs' motion for summary judgment is premature. 11/03/2022 E-mail from Shannon to Siri (Ex. "C").  Nevertheless, Plaintiffs insisted on pursuing a ruling on their summary judgment motion now—before the defendants have had any opportunity or ability to conduct discovery regarding the factual basis for Plaintiffs' First Amendment claim. *See* 11/03/2022 E-mail from Siri to Shannon (Ex. "D").

Given Plaintiffs' refusal to relent in pursuing their summary judgment motion prematurely, the Attorney General is compelled to file the instant Rule 56(d) motion to deny or continue Plaintiffs' motion for summary judgment until such time as the defendants are afforded a reasonable opportunity to conduct discovery in this case.  The Attorney General alternatively moves to stay or hold in abeyance Plaintiffs' motion for summary judgment pending a ruling on other filed motions.

## ARGUMENT

I.  **PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT SHOULD BE DENIED OR CONTINUED BECAUSE THE ATTORNEY GENERAL HAS HAD NO OPPORTUNITY OR ABILITY TO CONDUCT ANY DISCOVERY AT ALL.**

A.  **Standard for Rule 56(f) relief.**

"Rule 56(d) motions for additional discovery are broadly favored and should be liberally granted because the rule is designed to safeguard non-moving parties from summary judgment motions that they cannot adequately oppose."  *Estate of Rodriguez ex rel. Rodriguez v. Scott M. Favre Public Adjuster, LLC*, Cause No. 1:21cv125-LG-BWR, 2022 WL 10146567, at *2 (S.D. Miss. Oct. 17, 2022) (quoting *Am. Family Life Assurance Co. of Columbus v. Biles*, 714 F.3d 887,

894 (5th Cir. 2013)) (internal quotation marks omitted).  To obtain relief under Rule 56(d), the Rule 56(d) movant must show that "additional discovery will create a genuine issue of material fact" and that the movant has "diligently pursued discovery." *Bailey v. KS Mgmt. Servs., L.L.C.*, 35 F.4th 397, 401, 403 (5th Cir. 2022) (internal quotation marks omitted).  In so doing, the Rule 56(d) movant "must set forth a plausible basis for believing that specified facts, susceptible of collection within a reasonable time frame, probably exist and indicate how the emergent facts, if adduced, will influence the outcome of the pending summary judgment motion." *Id.* at 401.

Summary judgment is premature when the non-moving party has not been allowed an opportunity to conduct any discovery at all; in such cases, a Rule 56(d) motion should be granted. *See id.* at 403-04 (reversing denial of Rule 56(d) motion where non-movant "had no opportunity to conduct discovery" at all).  *See also Mitchell v. City of New Orleans*, 184 F. Supp. 3d 360, 378 (E.D. La. 2016) (reaffirming that "[g]enerally, summary judgment is not appropriate before the opposing party has had a full opportunity to conduct discovery," and that "[i]ndeed, [s]ummary judgment assumes some discovery") (internal quotation marks omitted); *DC Int'l v. Zurich-Am. Ins. Group*, Civil Action No. 09-1196, 2010 WL 2246399, at *5 (W.D. La. June 1, 2010) (holding that "[s]ummary judgment is not appropriate until after the [non-movant] has had a fair opportunity for discovery of information essential to its opposition to [movant's] motion"); *Lewis v. Fed. Reserve Bank of Atlanta-New Orleans Branch*, No. Civ.A. 04-1452, 2004 WL 2035006, at *3-4 (E.D. La. Sept. 10, 2004) (holding that Rule 56 "presupposes that a party opposing a motion for summary judgment has had an adequate time for discovery of evidence of contradictory facts").  *Cf. Baldwin v. Zurich Am. Ins. Co.*, 1:18-CV-996-RP, 2019 WL 12336277, at *2 (W.D. Tex. June 26, 2019) (denying motion to reconsider denial of partial summary judgment motion as premature

where no discovery had occurred, no scheduling order was in place, and no Rule 26(f) conference had occurred).

**B.** **Plaintiffs' motion for summary judgment is premature because the Attorney General has had no opportunity or ability to conduct any discovery at all, and discovery may reveal material facts sufficient to defeat summary judgment.**

Plaintiffs' complaint asserts a single claim—namely, that the First Amendment free exercise clause compels the Mississippi State Department of Health and local school authorities to provide them a religious exemption option in administering Mississippi's school vaccination statute, MISS. CODE ANN. § 41-23-37. *See* Complaint at 32-38, ¶¶ 116-48 (Dkt. #1). "To establish that a government regulation violates the Free Exercise Clause, a plaintiff must show that he has a 'sincerely held religious belief' and that the regulation 'substantially burdens that belief.'" *Gallagher v. Dhillion*, Civil Action No. 3:18-CV-2801-C-BH, 2020 WL 2737246, at *2 (N.D. Tex. May 7, 2020) (quoting *A.A. ex rel. Betenbaugh v. Needville Indep. Sch. Dist.*, 701 F. Supp. 2d 863, 876 (S.D. Tex. 2009), *aff'd*, 611 F.3d 248 (5th Cir. 2010)). *See also Patterson v. Defense POW/MIA Accounting Agency*, 398 F. Supp. 3d 102, 121 (W.D. Tex. 2019) (same); *Chalifoux v. New Caney Indep. Sch. Dist.*, 976 F. Supp. 659, 670 (S.D. Tex. 1997) (same). "States are clearly entitled to assure themselves that there is an ample predicate for invoking the Free Exercise Clause." *Frazee v. Ill. Dep't of Employment Sec.*, 489 U.S. 829, 833 (1989).

In the case at bar, the Court should deny or continue Plaintiffs' motion for summary judgment because Plaintiffs' motion is premature. Neither the Attorney General nor any of the other defendants have had any opportunity or ability to conduct discovery in this matter. Plaintiffs filed their complaint on September 1, 2022. Complaint (Dkt. #1). The very next day—September 2, 2022—Plaintiffs filed a motion for a preliminary injunction [Dkt. #3] and the instant motion for summary judgment [Dkt. #4]. Both of these motions were filed before the Attorney General was

served with process and before the entry of any Rule 16 initial order or any case management order providing for a discovery period.  Rule 56(d) Affidavit of Counsel (Ex. "A").  Significantly, Plaintiffs' summary judgment motion preceded the Rule 26(f) attorney conference, *id.*, which— like entry of the aforementioned orders—has not yet occurred.  Consequently, as a matter of law, the Attorney General has been and presently remains prohibited from "seek[ing] discovery from any source" in this matter.  FED. R. CIV. P. 26(d)(1).  *See Bailey*, 35 F.4th at 403.

Multiple material factual issues abound in connection with Plaintiffs' motion for summary judgment.  For instance, Plaintiffs allege that they are unable to enroll their children in Mississippi schools because they object to their children being vaccinated.  *See* Complaint at 5-23, ¶¶ 15-86 (Dkt. #1).  The Attorney General should be afforded an opportunity to conduct discovery regarding such facts as the vaccination status and history of Plaintiffs' children, including relevant medical history that may prevent Plaintiffs from vaccinating their respective children for reasons other than their religious convictions; the school enrollment history of Plaintiffs' children; and the specific reasons that Plaintiffs' children were allegedly denied enrollment in Mississippi schools.  These facts may be relevant to the Attorney General's asserted defenses, including lack of standing, statute of limitations, and the doctrines of laches, estoppel, and waiver.  Rule 56(d) Affidavit of Counsel (Ex. "A").

Further, Plaintiffs assert that they "have endured significant practical and financial hardships for upholding their religious convictions."  Dkt. #5 at 28 of Plaintiffs' Memo. of Auth. Specifically, Plaintiffs allege that as a result of lack of a religious exemption option to Mississippi's school vaccination requirement, they have been (or will be) forced to (a) homeschool their children; (b) relocate to Alabama; or (c) commute to school in Tennessee.  *See* Complaint at 5-23, ¶¶ 15-86 (Dkt. #1).  The Attorney General should be afforded an opportunity to conduct discovery

regarding the factual basis for each plaintiff's decision not to enroll his or her child(ren) in Mississippi schools, and the extent to which homeschooling, relocation, or commuting to an out-of-state school may be predicated on or influenced by reasons other than a given plaintiff's religious convictions.  Discovery of such facts may reveal that one or more of Plaintiffs' children are not enrolled in Mississippi schools due to reasons other than any objection to Mississippi's school vaccination requirement.  These facts may likewise be relevant to the issue of Plaintiffs' standing, as well as to the "substantial burden" element of Plaintiffs' First Amendment claim.  Rule 56(d) Affidavit of Counsel (Ex. "A").

Additionally, Plaintiffs allege that the Attorney General "implement[s] and enforce[s] . . . the mandatory vaccination program, through among other things threatening to bring criminal charges against anyone who violates the program."  Complaint at 24, ¶ 88 (Dkt. #1).  Plaintiffs similarly assert that all of the other defendants have been, or will be, involved in one way or another in enforcing Mississippi's school vaccination requirements against their children.  *See id.* at 23-25, ¶¶ 87, 89-93.  The Attorney General should be afforded an opportunity to conduct discovery against Plaintiffs and/or other defendants regarding the factual basis for Plaintiffs' allegations of actual or threatened enforcement of Mississippi's school vaccination requirements in connection with their children.  Such facts may be relevant to the matter of standing, and specifically the extent to which Plaintiffs have—as required pursuant to *Okpalobi v. Foster*, 244 F.3d 405 (5th Cir. 2001)—sued the proper defendants, *viz.*, those defendants who are legally authorized to and capable of redressing Plaintiffs' alleged injuries.   Rule 56(d) Affidavit of Counsel (Ex. "A").

Discovery of the aforementioned facts, via written discovery and/or the depositions of one or more Plaintiffs and/or defendants, may yield testimony or other evidence sufficient to create a genuine issue of material fact regarding the "substantial burden" element of Plaintiffs' First

Amendment claim and/or one or more of the Attorney General's asserted defenses.  *Id.*  In either eventuality, discovery along these lines would serve to defeat Plaintiffs' instant motion for summary judgment.

The Attorney General is not required to accept Plaintiffs' factual allegations—whether sworn/verified or not—as the undisputed truth.  As in any case where material facts are subject to being controverted in the crucible of the discovery process, the Court should in fairness permit a reasonable opportunity for discovery in this case.  Consistent with and pursuant to the authorities cited *supra*, the Attorney General is entitled to a fair opportunity to conduct discovery of information essential to her opposition of Plaintiffs' motion for summary judgment.  Until such time as the defendants have been afforded that opportunity, Plaintiffs' motion for summary judgment is premature and should either be denied or continued.

## II. ALTERNATIVELY, THE COURT SHOULD STAY OR HOLD IN ABEYANCE PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT PENDING THE COURT'S DISPOSITION OF OTHER FILED MOTIONS.

Contemporaneously with filing the instant Rule 56(d) motion, the Attorney General is filing (a) her response in opposition to Plaintiffs' motion for preliminary injunction and (2) a motion for judgment on the pleadings or, alternatively, to dismiss or stay pursuant to *Pullman* abstention.  The Attorney General's aforementioned filings and supporting memoranda of authorities are incorporated by reference as if fully and completely set forth herein.  If for any reason the Court is not inclined to grant the instant Rule 56(d) motion, the Court should defer consideration of Plaintiffs' summary judgment motion pending a ruling on the Attorney General's motion for judgment on the pleadings and her alternative motion invoking *Pullman* abstention.

It is well settled that "[a] district court has the inherent power to manage and control its own docket in order to achieve the orderly and expeditious disposition of cases."  *Cranford v.*

*Morgan Southern, Inc.*, 421 Fed. Appx. 354, 357 (5th Cir. 2011) (citing *United States v. Colomb*, 419 F.3d 292, 299 (5th Cir. 2005)).  This includes the "power to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Colomb*, 519 F.3d at 299 (internal quotation marks omitted).

In the event the Court is inclined to grant the Attorney General's contemporaneously-filed motion for judgment on the pleadings or, alternatively, to dismiss or stay pursuant to *Pullman* abstention, such a ruling will obviate any need for briefing or adjudication of Plaintiffs' motion for summary judgment.  Given considerations of judicial economy and the time and commitment of judicial and legal resources that will be expended in adjudicating summary judgment in the face of other unresolved and potentially case-determinative motions, the Court should stay or hold in abeyance Plaintiffs' motion for summary judgment pending a ruling on the Attorney General's separately-filed motion and Plaintiffs' motion for preliminary injunction.  Should the Court deny Rule 56(d) relief, the Court should establish a reasonable and orderly briefing schedule on Plaintiffs' summary judgment motion after ruling on these other pending motions.

## CONCLUSION

Plaintiffs would have this Court declare Mississippi's school vaccination statute unconstitutional before the Attorney General has had any opportunity or ability to conduct discovery regarding the factual basis for Plaintiffs' asserted First Amendment claim.  Rule 56 does not countenance such summary disposition of untested claims at the outset of litigation.  The Court should permit a reasonable opportunity for discovery and deny or continue Plaintiffs' premature summary judgment motion in the meantime.  Alternatively, the Court should stay or hold in abeyance Plaintiffs' motion for summary judgment pending a ruling on other filed motions.

THIS the 21st day of November, 2022.

Respectfully submitted,

LYNN FITCH, IN HER OFFICIAL CAPACITY
AS ATTORNEY GENERAL OF MISSISSIPPI,
DEFENDANT

By:    LYNN FITCH, ATTORNEY GENERAL
        STATE OF MISSISSIPPI

By:    s/Rex M. Shannon III
        REX M. SHANNON III (MSB #102974)
        Special Assistant Attorney General

STATE OF MISSISSIPPI
OFFICE OF THE ATTORNEY GENERAL
CIVIL LITIGATION DIVISION
Post Office Box 220
Jackson, Mississippi  39205-0220
Tel.:  (601) 359-4184
Fax:  (601) 359-2003
rex.shannon@ago.ms.gov

ATTORNEYS FOR DEFENDANT LYNN FITCH, IN HER OFFICIAL CAPACITY AS
ATTORNEY GENERAL OF MISSISSIPPI

## CERTIFICATE OF SERVICE

I, Rex M. Shannon III, Special Assistant Attorney General and attorney for Defendant
Lynn Fitch, in her official capacity as Attorney General of Mississippi, do hereby certify that I
have this date caused to be filed with the Clerk of the Court a true and correct copy of the above
and foregoing via the Court's ECF filing system, which sent notification of such filing to all
counsel of record.

THIS the 21st day of November, 2022.

                s/Rex M. Shannon III
                REX M. SHANNON III