IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**AMANDA BOSARGE, et al.**                                            **PLAINTIFFS**

**v.**                                 **CIVIL ACTION NO.: 1:22-CV-00233-HSO-BWR**

**DANIEL P. EDNEY, et al.**                                       **DEFENDANTS**

**REPLY BRIEF IN SUPPORT OF MOTION FOR EXTENSION OF TIME**

**COMES NOW, DEFENDANT**, Dr. Archie R. Mitchell, in his Official Capacity as Principal of Senatobia Elementary School, by and through counsel, and files this his Reply in Support of Motion for Time to File a Responsive Pleadings, and prays that this Court grant an extension through and including December 28, 2022, to file an answer or file a responsive pleading to the multiple documents filed herein by Plaintiffs, and would show as follows:

1. As Plaintiffs concede, they have previously "granted numerous extensions of time in this litigation to various defendants".[1]  Dr. Mitchell is merely requesting the same courtesy, for this, his first request for additional time.

2. As Plaintiffs also concede, Dr. Mitchell was not properly served in this action until November 4, 2022.[2]  Serving him with "some of the papers" is not proper service and does not put him on notice of anything, nor does it start his clock running.[3]

3. From his actual date of service, Dr. Mitchell's Answer would have been due on

---

[1] **[Doc. 52]** at ¶2.

[2] *Id.* at ¶4.

[3] *Id.* Plaintiffs refer to Dr. Mitchell having two months' notice.  This is false.  It is not Dr. Mitchell's burden to properly effectuate service, something Plaintiffs concede they did not do.  Nor is he to blame for any prejudice they allege they suffered from that delay.  **[Doc. 52]** at ¶¶3-6.

1

November 28, 2022. On that date, Dr. Mitchell properly filed a Motion for Additional time.[4] Prior to filing it, the undersigned emailed Plaintiffs' counsel to inform them that her firm had recently been retained, she was in depositions all day, and that with the holidays and upcoming school calendar, the thirty days was as soon as she reasonably believed she could adequately investigate and respond to this claim.[5]

    4.    Dr. Mitchell's request for additional time to file his Answer is governed by Fed. R. Civ. P. 6(b)(1) (A). "When an act may or must be done within a specified time, the court may, for good cause, extend the time . . .with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires".[6] Dr. Mitchell filed his motion before the original time expired and has shown good cause.

    5.    Here, this is Dr. Mitchell's first request for additional time. As noted by the Plaintiffs, they have not objected to previous requests for additional time.[7] Moreover, as explained by Dr. Mitchell's counsel to Plaintiffs, she has not had the opportunity to meet with Dr. Mitchell because of her schedule and his school schedule, needs to do so to properly discuss his factual and legal options, and needs to fully research and understand the legal issues at play before she can properly advise him of those options.[8] Dr. Mitchell has shown good cause.

    6.    Plaintiffs' counsel also states that Dr. Mitchell's response to the Motion for

---

[4] **[Doc. 48]**; *see also* Fed. R. Civ. P. 6(b)(1)(A).

[5] *See* Ex. "A" email to Plaintiffs' counsel.

[6] Fed. R. Civ. P. 6(b)(1) (A).

[7] *See* **[Docs. 18, 21, 22, & 24]**.

[8] *See* Ex. "B" second email to Plaintiffs' counsel.

Preliminary Injunction and the Motion for Summary Judgment are past due but provides no support for these statements.[9]

7. Fed. R. Civ. P. 65(a)(1) provides that "no preliminary injunction shall be issued without notice to the adverse party." The Rule's notice requirement necessarily requires that the party opposing the preliminary injunction has the opportunity to be heard and to present evidence.[10]

8. Furthermore, notice under Rule 65(a)(1) should comply with Rule 6(c), which requires 14 days' notice before a hearing on a motion.[11] Here, there has been no preliminary injunction hearing set, and this Court has not ordered Dr. Mitchell to follow any briefing schedule.[12]

9. Additionally, the Plaintiffs in this case filed their Motion for Summary Judgment prior to the entry of a scheduling order, prior to conducting <u>any</u> discovery, and prior to the time running for Dr. Mitchell to file an Answer. This Court has previously upheld a magistrate's denial of a summary judgment as premature under less egregious circumstances.[13]

10. While Defendants allege that they would be prejudiced by this continuance, they do

---

[9] **[Doc. 52]** at ¶5.

[10] *See Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers*, Local No. 70, 415 U.S. 423, 434 n.7(1974) ("The notice required by Rule 65(a) before a preliminary injunction can issue implies a hearing in which the [opposing party] is given a fair opportunity to oppose the application and to prepare for such opposition."); *Commerce Park at DFW Freeport v. Mardian Constr. Co.*, 729 F.2d 334, 341 (5th Cir. 1984) (explaining that Rule 65(a) mandates that where factual disputes are presented, "the parties must be given a fair opportunity and a meaningful hearing to present their differing versions of those facts before a preliminary injunction may be granted").

[11] *See e.g. Marshall Durbin Farms, Inc. v. National Farmers Org.*, 446 F.2d 353, 358 (5th Cir. 1971).

[12] *See* **[docket]** *generally*.

[13] *Walker v. FFVA Mut. Ins. Co.*, 2013 U.S. Dist. LEXIS 173080, 2013 WL 6493087, *6 (S.D. Miss. Dec. 10, 2013).

not specify how.[14]

11.     For these reasons, this Court should grant Dr. Mitchell's request for an additional thirty days to file his Answer.  Additionally, while Dr. Mitchell does not believe that any responsive pleadings are due to any of the other motions pending, to the extent that they are, he requests additional time to respond to those out of any abundance of caution.

**WHEREFORE,** Defendant prays that the Court enlarge the deadline for him to file an answer or responsive pleading to Plaintiffs' Complaint and responsive pleadings to the Motion for Preliminary Injunction, and the Motion for Summary Judgment, or request from the Court relief from filing the same, up to and including December 28, 2022.

**RESPECTFULLY SUBMITTED** this the 2nd day of December, 2022.

>                            **JACKS| GRIFFITH| LUCIANO, P.A.**
>
> By:    /s/ ***Bethany A. Tarpley***
>        Bethany A. Tarpley, MS Bar No. 104134
>        Daniel J. Griffith, MS Bar No. 8366
>        Mary McKay Griffith, MS Bar No. 100785
>        Attorneys for Defendant Dr. Archie Mitchell

Of Counsel:

**JACKS| GRIFFITH| LUCIANO, P.A.**
150 North Sharpe Street
P. O. Box 1209
Cleveland, MS 38732
Phone No. 662-843-6171
FAX No. 662-843-6176
Email: btarpley@jlpalaw.com
       dgriffith@jlpalaw.com
       mgriffith@jlpalaw.com

---

[14] **[Doc. 52]** at ¶8.

## **CERTIFICATE OF SERVICE**

      I, Bethany A. Tarpley, attorney of record for Defendant, Dr. Archie Mitchell, do hereby certify that I have this day caused a true and correct copy of the above and foregoing *Reply in Support of Motion for Time to File Responsive Pleading* to be delivered by the ECF Filing System which gave notice to the following:

    Walker D. Moller, Esq.
    Siri & Glinstad, LLP - Austin
    Email: wmoller@sirillp.com
    **Attorney for Plaintiffs**

    Aaron Siri, Esq.
    Catherine Cline, Esq.
    Elizabeth A. Brehm, Esq.
    Siri & Glinstad, LLP - New York
    Email: aaron@sirillp.com
           ccline@sirillp.com
           ebrehm@sirillp.com
    **Attorneys for Plaintiffs**

    Christopher D. Wiest, Esq.
    Chris Wiest, Attorney-at-Law, PLLC
    Email: chris@cwiestlaw.com

    Joseph A. O'Connell, Esq.
    Bryan Nelson, P.A. - Hattiesburg
    Email: joconnell@bnlawfirm.com
    **Attorney for Ashley Blackman and Ashley Allred**

    Robert W. Wilkinson, Esq.
    Alexander Kelly Sesoms, III, Esq.
    Wilkinson, Williams, Bosio, & Sessoms, PLLC - Pascagoula
    Email: rwilkinson@wwbslaw.com
           ksessoms@wwbslaw.com
    **Attorneys for Dougles L. Tynes**

    **DATED** this 2nd day of December, 2022.

                                            /s/ ***Bethany A. Tarpley***
                                            Bethany A. Tarpley