**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF MISSISSIPPI**
**SOUTHERN DIVISION**

| | |
|---|---|
| **AMANDA BOSARGE, individually and on behalf of their minor children, et al.,** | |
| *Plaintiffs,* | Civil Action No. 1:22-cv-00233-HSO-BWR |
| -against- | |
| **DANIEL P. EDNEY**, **in his official capacity as the State Health Officer, et al.,** | |
| *Defendants.* | |

**PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANT ATTORNEY GENERAL LYNN FITCH'S MOTION FOR JUDGMENT ON THE PLEADINGS OR, ALTERNATIVELY, TO DISMISS OR STAY PURSUANT TO *PULLMAN* ABSTENTION DOCTRINE [DKT. # 39]**

COMES NOW, Plaintiffs Amanda Bosarge, Jaquelyn Butler, Kimberly Harrell, William Morgan, Paul Perkins, Brandi Renfroe, and Jeana Stanley ("**Plaintiffs**"), by and through counsel, and hereby file their opposition to Defendant Attorney General Lynn Fitch's ("**Defendant**") *Motion for Judgment on the Pleadings or, Alternatively, to Dismiss or Stay Pursuant to Pullman Abstention Doctrine*. (Dkt. 39). In support, Plaintiffs advance the following:

1.  The Court should deny Defendant's Motion for Judgment on the Pleadings in which she requests that the Complaint (Dkt. 1) be dismissed pursuant to Fed. R. Civ. Proc. 12(c). Defendant's Motion is based on an argument that state law provides for an alternative remedy under the Mississippi Religious Freedom Restoration Act ("**MRFRA**") to Plaintiffs' First Amendment claims and, therefore, that Plaintiffs' First Amendment rights have *not* been violated.

Defendant argues that, because an alternative state law remedy hypothetically exists, Plaintiffs have failed to state a claim under the First Amendment upon which relief can be granted.

2. Defendant's motion should be denied because Plaintiffs have presented a well-pled complaint with factual allegations supporting a claim under the First Amendment of the United States Constitution that is plausible on its face. Plaintiffs are entitled to pursue constitutional protections under the First Amendment, regardless of whether a state law hypothetically provides an alternative avenue of relief for their allegations that arise under the First Amendment.

3. Defendant also moves the Court to either abstain from ruling on Plaintiffs First Amendment claims, or dismiss their claims, under *Railroad Commission v. Pullman Co.*, 312 U.S. 496 (1941). The Court should deny Defendant's Motion to dismiss or stay this action pursuant to the *Pullman* abstention doctrine. Defendant asserts that because MRFRA potentially renders as ambiguous the statute that Plaintiffs have challenged, Miss. Code § 41-23-37 (the "**Compulsory Vaccination Law**"), that this Court should abstain and defer to the Mississippi state court system to resolve an "unclear issue" of state law.

4. In advancing this argument, Defendant asserts that Plaintiffs' rights to freely exercise their religious beliefs **have been violated** based on the plain language of the challenged statute, the Compulsory Vaccination Law, because it does not provide for a religious exemption option. However, Defendant asserts that under *Pullman*, Plaintiffs' exclusive remedy for those acknowledged violations is to challenge the statute in state court under MRFRA, not the First Amendment. Defendant is incorrect.

5. *Pullman* abstention is a doctrine that is rarely invoked, for many good reasons, and is typically either improper or inapplicable. Those reasons are manifold in this case:

6. First, this is not an "unclear issue of state law" as contemplated under *Pullman* because the Compulsory Vaccination Law is plainly unambiguous.

7. Second, the Compulsory Vaccination Law is not "unclear" pursuant to *Pullman*, even if the Court must read it in conjunction with MRFRA as Defendant asserts. This is because in *Brown v. Stone*, 378 So. 2d 218, 223 (Miss. 1979), the Mississippi Supreme Court has clearly held, in what is currently binding precedent in the state and in interpreting state law, that there can be no state law (which would include MRFRA) that permits a religious exemption to school vaccination requirements as any such exemption would violate the Fourteenth Amendment.

8. Third, the Compulsory Vaccination Law is clearly unconstitutional on its face and as applied. The violation of Plaintiffs' First Amendment rights, pursuant to directly on point Supreme Court precedent, and regardless of *Brown's* erroneous ruling, further demonstrates that *Pullman* abstention would be improper.

9. Fourth, abstention would be improper because it would effectively create a state court exhaustion requirement for 42 U.S.C. § 1983 claims.

10. Finally, the totality of the circumstances dictates that abstention would be improper here. The doctrine is particularly vulnerable to misuse and abuse, and that potential has been realized in this case. Considering the totality of the circumstances, let alone each independent factor as detailed above, Plaintiffs respectfully request that Defendant's Motion to dismiss or stay this litigation pursuant to the *Pullman* abstention doctrine be denied.

11. Plaintiffs adopts and incorporates by reference as if fully and completely set forth herein the arguments and authorities set forth in the *Memorandum of Authorities in Support of Plaintiffs' Opposition to Attorney General Lynn Fitch's Motion for Judgment on the Pleadings or,*

*Alternatively, to Dismiss or Stay Pursuant to Pullman Abstention Doctrine [Dkt. 39]*, being filed contemporaneously herewith.

12. In further support of their oppositional response, Plaintiffs submit the following:

   a. Exhibit A – *Medical Exemption Policy*, Mississippi State Department of Health

   b. Exhibit B – Declaration of Jameson Taylor

   c. Exhibit C – Clarion Ledger Article, *Cobb: Vaccination is a Legitimate Issue for the State*, Clarion Ledger (Feb. 18, 2015).

   d. Exhibit D – CBS News Article – *Governor Pritzker Signs Covid-19 Exemption to Illinois Health Care Right of Conscience Act* (Nov. 9, 2021).

WHEREFORE, PREMISES CONSIDERED, Plaintiffs respectfully request that the Court make and enter its Order denying, in its entirety, Defendant Attorney General Lynn Fitch's *Motion for Judgment on the Pleadings or, Alternatively, to Dismiss or Stay Pursuant to Pullman Abstention Doctrine*. (Dkt. 39).

Dated: December 5, 2022.

Respectfully submitted,

SIRI & GLIMSTAD LLP

BY:  */s/ Walker Moller*
Walker D. Moller, Attorney
Mississippi Bar Number: 105187
501 Congress Avenue
Suite 150 – #343
Austin, TX 78701
Tel: (512) 265-5622
Fax: (646) 417-5967
wmoller@sirillp.com

Aaron Siri, Esq.
Elizabeth A. Brehm, Esq.
Catherine Cline, Esq.

4

745 Fifth Ave, Suite 500
New York, NY 10151
Tel: (212) 532-1091
Fax: (646) 417-5967
aaron@sirillp.com
ebrehm@sirillp.com
ccline@sirillp.com

Christopher Wiest
25 Town Center Blvd., Suite 104
Crestview, KY 41017
Tel: (513) 257-1895
Fax: (859) 495-0803
chris@cwiestlaw.com

*Attorneys for Plaintiffs*