# Exhibit C

# Clarion Ledger

OPINION | Opinion  *This piece expresses the views of its author(s), separate from those of this publication.*

# Cobb: Vaccination is legitimate issue for state

**Alton Cobb**
Published 10:02 p.m. CT Feb. 18, 2015

Mississippi's immunization requirements are a topic of debate in the legislative session and in the recent editions of The Clarion Ledger.

During my service as state health officer (1972-93) our state Legislature enacted several laws that have proven to be effective for protection of the public's health in Mississippi. The most important of those was Senate Bill 2650. This act required all children enrolling in public or private school in our state to be immunized against vaccine-preventable diseases.

At the time it was passed, Senate Bill 2650 was endorsed and supported by the State Medical and State Nursing associations together with numerous child advocacy groups. It contained two main exclusion provisions. The first stated that immunizations could be exempt in children for medical reasons. This exemption, "could be offered on behalf of a child by a duly licensed physician …(and) accepted by the local health officer." The original bill also contained a provision for religious exemptions, which could be filed "by an officer of a church of a recognized denomination." Senate Bill 2650 contains no other basis for exception from its provisions such as personal beliefs or preferences.

In the fall of 1979, our State Supreme Court received an appeal addressing one revision of the act from the Chickasaw County Chancery Court. The appeal rested on the contention the religious exemption in the act was not broad enough. A father who had "strong and sincere religious beliefs" refused to vaccinate his son. He had appealed to his minister to sign a certificate on his behalf, but the minister said their particular denomination "does not teach against the use of medicines," but that "our local chiropractor, who is a member of the (church), does have strong convictions against the use of any kind of medications and we respect his views." This was apparently not a sufficient religious exemption.

His argument illustrates a key problem in these discussions. What personal reasons are sufficient for the corresponding risk to public health?

The decision of the court argues "In cases too numerous to mention, it has been held, in effect, that a person's right to exhibit religious freedom ceases where it overlaps and transgresses the rights of others."

The court concludes with its findings that to allow exemptions for parental beliefs would violate the 14th amendment, because an allowance of these exemptions would deny to the other students in the community "equal protection of the laws."

We should be thankful for Senate Bill 2650 and for the 1979 Supreme Court opinion. The enforcement of the act has protected hundreds of thousands of Mississippi children from preventable disease and disability and possibly death.

Alton B. Cobb, M.D., MPH, is a former state health officer in Mississippi.