**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF MISSISSIPPI**
**SOUTHERN DIVISION**

| | |
|---|---|
| **AMANDA BOSARGE, individually and on behalf of their minor children, et al.,** | |
| *Plaintiffs,* | Civil Action No. 1:22-cv-00233-HSO-BWR |
| -against- | |
| **DANIEL P. EDNEY**, in his official capacity as the State Health Officer, et al., | |
| *Defendants.* | |

<u>**PLAINTIFFS' REPLY TO DEFENDANT ATTORNEY GENERAL LYNN FITCH'S OPPOSITION TO PLAINTIFFS' MOTION FOR A PRELIMINARY INJUNCTION AND MOTION TO CONSOLIDATE THE PRELIMINARY INJUNCTION HEARING WITH A TRIAL ON THE MERITS [DKT. # 41]**</u>

COMES NOW, Plaintiffs Amanda Bosarge, Jaquelyn Butler, Kimberly Harrell, William Morgan, Paul Perkins, Brandi Renfroe, and Jeana Stanley ("**Plaintiffs**"), by and through counsel, and hereby file their reply to Defendant Attorney General Lynn Fitch's ("**Defendant**") *Response to Opposition to Plaintiffs' Motion for a Preliminary Injunction and Motion to Consolidate the Preliminary Injunction Hearing with a Trial on the Merits.* (Dkt. 41).

In support, Plaintiffs advance the following:

1.      The Court should grant Plaintiffs' *Motion for a Preliminary Injunction*. (Dkt. 3).

2.      The challenged statute, Miss. Code § 41-23-37 (the "**Compulsory Vaccination Law**"), permits for discretionary medical exemptions to Mississippi's mandatory vaccination requirements for schoolchildren, but does not allow for religious exemptions. This statute, both facially and as applied, violates the Free Exercise Clause of the First Amendment.

3.      Plaintiffs contacted Mississippi schools and requested that their children be admitted to the school and sought a religious exemption for their unvaccinated child(ren).  Each plaintiff was rejected, and various school administrators instructed that their children could not be admitted to school because Mississippi law does not allow for religious exemptions.

4.      Injunctive relief is warranted here because Plaintiffs have demonstrated: (1) a substantial likelihood of success on the merits on their First Amendment claims; (2) that there is substantial threat of irreparable injury if an injunction is not granted; (3) that the threatened injury, further loss of First Amendment freedoms, if the injunction is denied outweighs any countervailing harm if the injunction is granted; and (4) an injunction will not disserve the public interest.

5.      Defendant acknowledges that the challenged statute – because it does not permit a religious exemption option – violates Plaintiffs' right to freely exercise their religious beliefs. However, Defendant maintains that Plaintiffs cannot demonstrate a substantial likelihood of success on the merits because another Mississippi statute, the Mississippi Religious Freedom Restoration Act, MISS. CODE ANN. § 11-61-1 ("**MRFRA**"), dictates that Plaintiffs be afforded a religious exemption option (despite that, with MRFRA on the books, the Mississippi Department of Health's website states that no religious exemptions are permitted under Mississippi law).

6.      Defendant implies that Mississippi cannot simultaneously violate MRFRA and the First Amendment and asserts that Plaintiffs' exclusive remedy for vindicating religious freedoms is under MRFRA in state court.  Yet, Defendant's reasoning for why MRFRA has been violated is the same reasoning to be applied to find First Amendment violations.

7.       Defendant's attempt to eliminate the potential for First Amendment claims in Mississippi should be rejected.  Mississippians possess First Amendment rights, regardless of whether state law provisions mirror or hypothetically afford the same relief guaranteed under the

First Amendment.  Because Plaintiffs are able to satisfy the four elements necessary to obtain injunctive relief, the Court should issue a preliminary injunction to Plaintiffs, as well as to all Mississippians who hold religious convictions against compulsory vaccination, and require that the state recognize religious exemptions in the same manner that it recognizes secular exceptions.

8.     The Court should also grant Plaintiffs' *Motion to Consolidate the Preliminary Injunction Hearing with a Trial on the Merits.*  (Dkt. 3).  Plaintiffs moved to consolidate the preliminary injunction with a trial on the merits on the assumption that the sincerity of their religious beliefs, given their sworn statements and the detailed substantiation they have provided, potentially would not be attacked through discovery.

9.     Defendant asserts that consolidation is improper because Defendant has not been afforded the opportunity to conduct discovery and apparently depose each Plaintiff in an effort to undermine the sincerity of their beliefs so that standing can potentially be challenged.

10.    To the extent that the Court believes it is appropriate to permit Defendant an opportunity to depose Plaintiffs and engage in discovery, despite that each Plaintiff is available to provide testimony at an evidentiary hearing, Plaintiffs respectfully withdraw their motion under Rule 65(a)(2) to consolidate the preliminary injunction hearing with a hearing on the merits and request that the motion be denied without prejudice.

11.    Plaintiffs adopt and incorporate by reference as if fully and completely set forth herein the arguments and authorities set forth in the *Memorandum of Authorities in Support of Plaintiffs' Reply to Defendant's Opposition to Plaintiffs' Motion for a Preliminary Injunction and Motion to Consolidate the Preliminary Injunction Hearing with a Trial on the Merits [Dkt. 41]*, being filed contemporaneously herewith.

12.    In further support of their oppositional response, Plaintiffs submit the following:

3

    a.  Exhibit A – *Medical Exemption Policy*, Mississippi State Department of Health

WHEREFORE, PREMISES CONSIDERED, Plaintiffs respectfully requests that the Court make and enter its Order granting, in its entirety, *Plaintiffs' Motion for a Preliminary Injunction and Motion to Consolidate the Preliminary Injunction Hearing with a Trial on the Merits.* (Dkt. 3).

    Dated: December 5, 2022.

                Respectfully submitted,

                SIRI & GLIMSTAD LLP

                BY:    */s/ Walker Moller*
                            Walker D. Moller, Attorney
                            Mississippi Bar Number: 105187
                            501 Congress Avenue
                            Suite 150 – #343
                            Austin, TX 78701
                            Tel: (512) 265-5622
                            Fax: (646) 417-5967
                            wmoller@sirillp.com

                            Aaron Siri, Esq.
                            Elizabeth A. Brehm, Esq.
                            Catherine Cline, Esq.
                            745 Fifth Ave, Suite 500
                            New York, NY 10151
                            Tel: (212) 532-1091
                            Fax: (646) 417-5967
                            aaron@sirillp.com
                            ebrehm@sirillp.com
                            ccline@sirillp.com

                            Christopher Wiest
                            25 Town Center Blvd., Suite 104
                            Crestview, KY 41017
                            Tel: (513) 257-1895
                            Fax: (859) 495-0803
                            chris@cwiestlaw.com

                            *Attorneys for Plaintiffs*