UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | |
|---|---|
| **AMANDA BOSARGE, individually and on behalf of their minor children, et al.,** *Plaintiffs,* -against- **DANIEL P. EDNEY**, **in his official capacity as the State Health Officer, et al.,** *Defendants.* | Civil Action No. 1:22-cv-00233-HSO-BWR |

### PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANT ATTORNEY GENERAL LYNN FITCH'S MOTION TO DENY OR CONTINUE OR, ALTERNATIVELY, TO STAY OR HOLD IN ABEYANCE, PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT [DKT. # 43]

COMES NOW, Plaintiffs Amanda Bosarge, Jaquelyn Butler, Kimberly Harrell, William Morgan, Paul Perkins, Brandi Renfroe, and Jeana Stanley ("**Plaintiffs**"), by and through counsel, and hereby file their response in opposition to Defendant Attorney General Lynn Fitch's ("**Defendant**") *Motion to Deny or Continue, or, Alternatively, to Stay or Hold in Abeyance, Plaintiffs' Motion for Summary Judgment.* (Dkt. 43).

In support, Plaintiffs advance the following:

1. The Court should grant Plaintiffs' *Motion for Summary Judgment.* (Dkt. 4).

2. The challenged statute, Miss. Code § 41-23-37 (the "**Compulsory Vaccination Law**"), permits for discretionary medical exemptions to Mississippi's mandatory vaccination requirements for schoolchildren, but does not allow for religious exemptions. This statute, both facially and as applied to Plaintiffs, violates the Free Exercise Clause of the First Amendment.

3. The issues before this Court are purely matters of law. There are no genuine issues of material fact remaining.

4. The Compulsory Vaccination Law, both facially and as applied to Plaintiffs, violates the First Amendment. The challenged statute is not neutral or generally applicable, and therefore triggers strict scrutiny review. Because the law is not narrowly tailored, and because Mississippi has severely undermined any assertion that its immunization scheme furthers a "compelling" government interest, the challenged statute cannot survive strict scrutiny review.

5. Defendant acknowledges that the challenged statute – because it does not permit for a religious exemption option – violates Plaintiffs' religious freedoms. However, Defendant maintains that Plaintiffs cannot seek relief, or demonstrate a violation, under the First Amendment because another Mississippi statute, the Mississippi Religious Freedom Restoration Act, MISS. CODE ANN. § 11-61-1 ("**MRFRA**"), dictates that Plaintiffs be afforded a religious exemption option (despite the fact that, with MRFRA on the books, the Mississippi Department of Health's website, in bold font, states that no religious exemptions are permitted under Mississippi law).

6. Defendant implies that Mississippi cannot simultaneously violate MRFRA and the First Amendment and asserts that Plaintiffs' exclusive remedy for vindicating the clear violations to their religious freedoms is under MRFRA in a state court. However, Defendant's reasoning for why MRFRA has been violated is the same reasoning that will uncover First Amendment violations, and Defendant's attempt to eliminate the potential for First Amendment claims in Mississippi should be rejected. Mississippians, alongside all U.S. citizens, possess First Amendment rights, regardless of whether state law provisions mirror the protections guaranteed under the First Amendment.

7. In the Verified Complaint, each Plaintiff submitted a detailed statement of his or her religious beliefs describing the sincerity and religious nature of their beliefs that prevent each of them from vaccinating their children. The Verified Complaint further described how Plaintiffs – a group that includes a pastor and several families who have served as missionaries overseas – have maintained their beliefs at significant cost. Several Plaintiffs moved out of state as a direct consequence of their religious beliefs that prevent them from vaccinating their children. Other Plaintiffs homeschool their children due to their religious beliefs against vaccination. Every Plaintiff desires their child(ren) to obtain a formal education in a Mississippi school but has been prevented from seeking that option as a direct consequence of their religious beliefs. In short, Plaintiffs hold sincere beliefs.

8. Plaintiffs moved for summary judgment on the assumption that they had sufficiently established that their beliefs were genuine. Given their sworn statements and the detailed substantiation they have already provided, and given the applicable legal standards regarding establishing sincerity, it was thought likely that the sincerity of their beliefs would not be attacked through discovery.

9. However, Defendant asserts that consideration of the pending motion for summary judgment would be premature because Defendant has not been afforded the opportunity to, *inter alia*, conduct discovery and depose Plaintiffs in an effort to undermine the sincerity of their beliefs.

10. To the extent that the Court determines there are factual issues potentially remaining that are needed to resolve the constitutional claims asserted, despite the fact that Defendant has failed to oppose with a declaration calling into question the sincerity of Plaintiffs' sworn declarations, Plaintiffs respectfully petition the Court to hold the motion in abeyance for 60

days while expedited discovery can take place.  Plaintiffs will produce any requested documents forthwith and will make Plaintiffs available for deposition as soon as practicable.

11. In the Rule 56(d) Affidavit of Counsel, Defendant also asserts that discovery is needed for reasons independent of the sincerity of Plaintiffs' beliefs. (Dkt. 43-1).  Plaintiffs contend that discovery is unnecessary on these points and have addressed why not in their *Memorandum of Authorities in Support of Plaintiffs' Reply to Defendant's Opposition to Plaintiffs' Motion for a Preliminary Injunction and Motion to Consolidate the Preliminary Injunction Hearing with a Trial on the Merits [Dkt. 41]*, being filed contemporaneously herewith and incorporated by reference as if fully and completely set forth herein.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs respectfully request that the Court make and enter its Order granting, in its entirety, *Plaintiffs' Motion for Summary Judgment.* (Dkt. 4).  In the event the Court determines discovery may uncover material factual issues, Plaintiffs respectfully ask that the Court hold the motion in abeyance for 60 days and provide for expedited discovery.  Plaintiffs respectfully request that any abeyance does not cause delay in a decision on Plaintiffs' motion for preliminary injunction.

Dated: December 5, 2022.

                Respectfully submitted,

                SIRI & GLIMSTAD LLP

                BY:    */s/ Walker Moller*
                        Walker D. Moller, Attorney
                        Mississippi Bar Number: 105187
                        501 Congress Avenue
                        Suite 150 – #343
                        Austin, TX 78701
                        Tel: (512) 265-5622
                        Fax: (646) 417-5967
                        wmoller@sirillp.com

Aaron Siri, Esq.
Elizabeth A. Brehm, Esq.
Catherine Cline, Esq.
745 Fifth Ave, Suite 500
New York, NY 10151
Tel: (212) 532-1091
Fax: (646) 417-5967
aaron@sirillp.com
ebrehm@sirillp.com
ccline@sirillp.com

Christopher Wiest
25 Town Center Blvd., Suite 104
Crestview, KY 41017
Tel: (513) 257-1895
Fax: (859) 495-0803
chris@cwiestlaw.com

*Attorneys for Plaintiffs*