**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

**AMANDA BOSARGE, ET AL.**                                        **PLAINTIFFS**

**VS.**                                        **Civil Action No. 1:22-cv-00233-HSO-BWR**

**DANIEL P. EDNEY, in his official capacity
as the State Health Officer, ET AL.**                        **DEFENDANTS**

---

**REBUTTAL IN FURTHER SUPPORT OF DEFENDANT ATTORNEY GENERAL
LYNN FITCH'S MOTION FOR JUDGMENT ON THE PLEADINGS OR,
ALTERNATIVELY, TO DISMISS OR STAY PURSUANT
TO *PULLMAN* ABSTENTION DOCTRINE**

---

**INTRODUCTION**

The Court should enter judgment on the pleadings and dismiss Plaintiffs' complaint because their claim is predicated on an erroneous interpretation of Mississippi law. Plaintiffs refuse to acknowledge or account for the fact that the Mississippi Religious Freedom Restoration Act ("MRFRA"), MISS. CODE ANN. § 11-61-1, requires the Mississippi State Department of Health and local school authorities to offer them the option of a religious exemption in administering Mississippi's school vaccination statute, MISS. CODE ANN. § 41-23-37. That statute cannot be read in isolation but must be read conjunctively with MRFRA, which expressly applies to all state laws and state actors. MRFRA imposes strict scrutiny in the enforcement of Mississippi's school vaccination scheme. Because § 41-23-37 cannot survive strict scrutiny in the absence of a religious-exemption option, that option is imposed as a matter of law by MRFRA. As a result, Mississippi law does not violate Plaintiffs' First Amendment rights.

Despite the fact that state law—properly construed—supplies the religious-exemption option Plaintiffs seek, Plaintiffs would have this Court adopt their incorrect view of Mississippi

law and proceed to adjudicate a federal constitutional claim unnecessarily.  The Court should decline to do so.  Because the overlying protections of MRFRA—if they are to mean anything at all—must vitiate Plaintiffs' First Amendment claim, the complaint fails to state a claim upon which relief can be granted and should be dismissed.

To the extent there is any uncertainty regarding whether or not MRFRA compels the religious-exemption option Plaintiffs seek, the Court should apply the *Pullman* abstention doctrine and allow a Mississippi court to decide that issue.  This case plainly satisfies *Pullman*'s requisite elements.  Despite devoting the majority of their brief to resisting *Pullman* abstention, Plaintiffs fail to present any valid obstacle to abstaining under *Pullman* so that a state court may determine MRFRA's impact before this Court wades unnecessarily into the proverbial constitutional thicket.

## **ARGUMENT**

### I.  THE COURT SHOULD GRANT JUDGMENT ON THE PLEADINGS AND DISMISS PLAINTIFFS' COMPLAINT BECAUSE PLAINTIFFS' CLAIM IS PREDICATED ON AN ERRONEOUS INTERPRETATION OF STATE LAW.

As the Attorney General has explained at pages 3-8 of her memorandum of authorities [Dkt. #40], Mississippi law—properly construed—does not violate Plaintiffs' First Amendment rights because the Mississippi Religious Freedom Restoration Act ("MRFRA"), MISS. CODE ANN. § 11-61-1, requires the Mississippi State Department of Health ("MSDH") and local school authorities to offer Plaintiffs the option of a religious exemption.  Plaintiffs resist that conclusion. *See* Dkt. #55 at 19-21.  Their view of Mississippi law is misplaced, and their arguments lack merit.

Plaintiffs' arguments against dismissal rest on a fundamental error—namely, the view espoused by Plaintiffs that "the only state statute at issue in this case" is MISS. CODE ANN. § 41-23-37, the statute generally requiring vaccination of schoolchildren as a condition of enrollment. *E.g.*, Dkt. #55 at 5.  Plaintiffs posit no valid legal basis for refusing to recognize the overarching

application of MRFRA, which—by its own terms—applies to all government agencies and all state laws. MISS. CODE ANN. § 11-61-1(4)(a), (7)(a).

Instead, Plaintiffs argue that the Court should turn a blind eye to MRFRA because, Plaintiffs say, it is "a separate statute, with separate rights, unrelated to the vaccination law." Dkt. #55 at 6. But it does not matter that MRFRA is a "separate statute" or that it might provide "separate rights." What matters here is that MRFRA affects what other state laws *mean*. MRFRA applies broadly across Mississippi law and affects how other provisions of state law must be construed and applied. MISS. CODE ANN. § 11-61-1(5), (7). Plaintiffs' lawsuit rests on a view of state law, so the correct meaning of state law is critical to this case. It does not matter that MRFRA does not itself mention vaccination law. It is an overarching statute that protects "religious exercise," MISS. CODE ANN. § 11-61-1(3), across contexts—the vaccination context included. Plaintiffs ask this Court to disregard MRFRA's provisions merely because they appear in a different code section. That is untenable. Suppose that the Legislature enacted an express religious-exemption mechanism but codified it in its own separate code section rather than in § 41-23-37. No serious litigant would argue that the mechanism should be disregarded merely because of its differing code section. Yet that is what Plaintiffs' argument boils down to—that MRFRA is of no moment because it is not expressly incorporated in the text of § 41-23-37. That argument is meritless and avails Plaintiffs nothing.

Thus, Plaintiffs cannot escape MRFRA's application. While the Attorney General agrees that § 41-23-37 could not withstand strict scrutiny if state law did not provide a religious-exemption mechanism, see Dkt. #40 at 6-7, the state law in question is <u>not</u> simply § 41-23-37 but rather § 41-23-37 <u>plus</u> MRFRA. And MRFRA does in fact require a religious-exemption mechanism. MISS. CODE ANN. § 11-61-1(5), (7). The Attorney General takes no position on

whether Plaintiffs—or anyone else—would in fact qualify for a religious-exemption option, but there is no question that MRFRA requires MSDH and local school authorities to provide such an option in connection with the enforcement of § 41-23-37.

Plaintiffs further assert that the Attorney General's Rule 12(c) motion "is based on the novel theory that Mississippi cannot violate the First Amendment if it has also violated MRFRA." Dkt. #55 at 20.  That is not what the Attorney General has argued.  The Attorney General has in fact argued that in the context of this case and the specific grievance asserted by these plaintiffs, state law—properly construed to include the provisions of MRFRA—*does* in fact require MSDH and local school authorities to offer Plaintiffs the option of a religious exemption.  *See* Dkt. #40 at 5-8.  Because Plaintiffs have failed to account for MRFRA's application in this case, their First Amendment claim is predicated on a shortsighted and erroneous interpretation of state law.  Properly accounting for MRFRA, Mississippi law does not violate the First Amendment as Plaintiffs allege in their complaint.

Plaintiffs further contend that the Attorney General's view that MRFRA requires a religious-exemption option "is invalid as a matter of constitutional law under the governing Mississippi Supreme Court precedent in *Brown* [*v. Stone*, 378 So. 2d 218 (Miss. 1979)]."  Dkt. #55 at 20.  That is wrong.  The question of what state statutory law means is different from the question of whether state statutory law satisfies federal constitutional standards.  And the key question before this Court is *what is the correct view of state statutory law?*  As Plaintiffs concede, this Court is not bound by the Mississippi Supreme Court's view of federal constitutional law, as articulated in *Brown* or elsewhere.  *See* Dkt. #55 at 9 n.2.  Nor is the question of what state statutory law means dependent upon whether certain government officials have correctly understood or applied the correct meaning of state law.  *Contra, e.g.*, Dkt. #55 at 21.  The correct view of state

law is that it requires that a religious-exemption option be offered in connection with school vaccinations.

Plaintiffs' position is strange.  Plaintiffs agree that MRFRA imposes strict scrutiny—the same standard that they advocate for under First Amendment jurisprudence.  *See, e.g.*, Dkt. #55 at 10.  They also agree that failing to provide a religious-exemption option in the enforcement of § 41-23-37 cannot satisfy strict scrutiny.  *See* Dkt. #55 at 13.  Yet Plaintiffs refuse to agree that MRFRA can and should be read to require provision of a religious-exemption option.  Thus, Plaintiffs reject an interpretation of state law, advocated by the chief law enforcement officer of the State, that would provide them with the religion-exemption option that they seek.  Instead, Plaintiffs would have this Court adopt their incorrect view of Mississippi law and proceed to adjudicate a federal constitutional claim unnecessarily.  In defiance of the fundamental rule against unnecessary constitutional adjudication, see *Hersh v. U.S. ex rel. Mukasey*, 553 F.3d 743, 753-54 (5th Cir. 2008), Plaintiffs seek to force this Court to needlessly decide a question of federal constitutional law.

Plaintiffs' complaint is predicated on an erroneous interpretation of state law that fails to account for the overlying protections of MRFRA.  Plaintiffs have presented no legally valid argument to the contrary.  Because Mississippi law, properly construed, does not violate Plaintiffs' First Amendment rights, Plaintiffs have failed to state a claim upon which relief can be granted, and their complaint should be dismissed pursuant to FED. R. CIV. P. 12(c).

## II. ALTERNATIVELY, THE COURT SHOULD DISMISS OR STAY THIS LITIGATION PURSUANT TO THE *PULLMAN* ABSTENTION DOCTRINE BECAUSE BOTH REQUISITE *PULLMAN* FACTORS ARE SATISFIED.

As the Attorney General has explained at pages 8-10 of her memorandum of authorities [Dkt. #40], if this Court sees uncertainty as to whether MRFRA requires the option of a religious

exemption, then the Court should dismiss or stay this case under the *Pullman* abstention doctrine, pending a Mississippi state court's determination as to whether MRFRA compels MSDH and local school authorities to afford Plaintiffs that option.  Plaintiffs resist abstention at length.  *See* Dkt. #55 at 4-19.  However, their arguments are unavailing.

Plaintiffs' arguments against abstention are predicated on the fundamental error, set forth above, that MISS. CODE ANN. § 41-23-37—the statute generally requiring vaccination of schoolchildren—is "the only state statute at issue in this case." Dkt. #55 at 5.  *See also* Dkt. #55 at 2, 4-8, 10-11, 14, 17.  As discussed above, Plaintiffs offer no valid legal basis for refusing to recognize the overarching application of MRFRA, which extends to § 41-23-37 and the state actors charged with enforcing its provisions.  Plaintiffs' refusal to acknowledge the effect of MRFRA on state statutory law is the elemental flaw that is fatal to their First Amendment claim.  It also dooms their resistance to *Pullman* abstention should this Court view MRFRA's impact as uncertain.

Each of Plaintiffs' arguments opposing *Pullman* abstention fails for additional reasons, as set forth below.

**A.** **Nothing about the statutes at issue or the nature of Plaintiffs' First Amendment challenge is preclusive of *Pullman* abstention.**

First, Plaintiffs argue that abstention is inappropriate because MISS. CODE ANN. § 41-23-37 is clear.  *See* Dkt. #55 at 4-5.  That argument fails because it is predicated on the error delineated above, *viz.*, the notion that Plaintiffs seek to advance that the only statute relevant to their First Amendment claim is § 41-23-37.  *Id.*  As explained above, § 41-23-37 is <u>not</u> the only statute at issue here, so any purported lack of ambiguity in that provision avails Plaintiffs nothing.

Second, Plaintiffs argue "that *Pullman* abstention is inappropriate where, as is the case here, a statute is attacked on its face as abridging the First Amendment."  *Id.* at 5.  *See also id.* at 6.  In support of that proposition, Plaintiffs cite *City of Houston v. Hill*, 482 U.S. 451, 467-68

(1987), a civil rights case involving a facial First Amendment challenge.  Dkt. #55 at 5-6. However, the Court's rejection of abstention in *Hill* turned less on the nature of the First Amendment challenge asserted in that case and more on the lack of *Pullman*'s requisite elements, see *Hill*, 482 U.S. at 468-69—which, as set forth in the Attorney General's memorandum, Dkt. #40 at 8-10, are satisfied here.

Regardless, it is well settled that "traditional abstention principles apply to civil rights cases." *Tex. Democratic Party v. Abbott*, 961 F. 3d 389, 397 n.13 (5th Cir. 2020) (internal quotation marks omitted).  *See also U.S. v. State of Tex.*, 430 F. Supp. 920, 930-31 (S.D. Tex. 1977).  More particularly, there is no firm exception to *Pullman* abstention in First Amendment cases.  *See Personhood Mississippi v. Hood*, Civil Action No. 3:10cv71-DPJ-FKB, 2010 WL 538302, at *1-6 (S.D. Miss. Feb. 9, 2010).  *See also Lomma v. Connors*, 539 F. Supp. 3d 1094, 1100 (D. Haw. 2021) (reaffirming, in context of case applying *Pullman* abstention in connection with free exercise claim and other First Amendment claims, that "there is no absolute rule against abstention in [F]irst [A]mendment cases").  To the extent Plaintiffs argue that *Pullman* abstention is inappropriate given their purported "facial" challenge to § 41-23-37, it should be noted that unlike the typical case in which *Pullman* abstention is rejected in the context of a "facial" First Amendment challenge, see, e.g., Dkt. #55 at 14 (citing *Dombrowski v. Pfister*, 380 U.S. 479 (1965)), this case does not involve a facial overbreadth challenge to a criminal statute.  That is, this is not a case where a plaintiff will be forced to suffer through a criminal prosecution in state court if *Pullman* abstention is invoked.  To the contrary, Plaintiffs here could file a declaratory judgment action in state court immediately relative to the obligations of MSDH and local school authorities under state law.

Third, Plaintiffs assert that the Attorney General "has attempted to manufacture ambiguity where none exists" by pointing to MRFRA, which Plaintiffs say they "neither invoke nor challenge . . . as it is not the statute that is currently being relied upon" by certain defendants "to exclude [Plaintiffs'] children from school due to their religious beliefs." Dkt. #55 at 6-7. But it does not matter whether or not Plaintiffs have invoked or challenged MRFRA, or whether or not certain defendants have relied upon MRFRA's provisions. That is because MRFRA is a part of state law—and it is a statute of unusually sweeping application, applying as it does across legal contexts to all state government actors. *See* § 11-61-1(4)(a), (5), (7)(a). While Plaintiffs are entitled to frame their complaint as they wish, they are not entitled to an erroneous construction of state law. Regardless of whether any defendant is relying on MRFRA in enforcing § 41-23-37, that does not alter the question of whether MRFRA requires a religious exemption.

## B. The Mississippi Supreme Court's holding in *Brown v. Stone* does not stand as an obstacle to *Pullman* abstention.

Plaintiffs assert that there can be no religious-exemption option pursuant to MRFRA because the Mississippi Supreme Court, in *Brown v. Stone*, 378 So. 2d 218 (Miss. 1979), held that, in Plaintiffs' words, "any religious exemption to [the] school vaccine requirement would violate the Fourteenth Amendment." Dkt. #55 at 9. Ergo, say Plaintiffs, there is no unclear issue of state law by virtue of MRFRA and therefore no basis for *Pullman* abstention. Plaintiffs' argument on this point does not withstand scrutiny. *Brown* does not decide—or present a barrier to a state-court decision on—the question for which abstention is warranted. That is so for two core reasons.

First, *Brown* reached a holding on questions of federal constitutional law. Specifically, *Brown* held that "the provision providing an exception from the operation of [§ 41-23-37] because of religious belief is in violation of the [Equal Protection Clause of the] Fourteenth Amendment to the United States Constitution and therefore is void." *Brown*, 378 So. 2d at 223. The question for

which abstention would be warranted here, however, is *what is the correct view of* <u>*state statutory*</u> <u>*law?*</u>  *Brown*, which pre-dated MRFRA's 2014 enactment by decades, does not decide that question.  And the fact that MRFRA was enacted after *Brown* does not mean that MRFRA accepts *Brown* as a correct interpretation of federal law.  Just because the state court has held that a certain type of law is unconstitutional does not preclude the Legislature from "trying again" to determine whether a new law will survive under judicial precedent or if that precedent will be overruled.  Thus, if this Court does not think that state law clearly means what the Attorney General has explained that it means, abstention is appropriate.

Second, even if *Brown* had decided a question that matters here, it is no longer "good law"—and this case need not reach the Mississippi Supreme Court for a state court to hold as much.  The Mississippi Supreme Court issued its opinion in *Brown* in 1979.  It is undisputed that, in Plaintiffs' words, "[e]nsuing United States Supreme Court and federal district court decisions from the 1990's through present have invalidated the *Brown* ruling."  Dkt. #5 at 5.  Plaintiffs have argued—correctly—that the reasoning articulated in *Brown* "would never pass constitutional muster today" in light of such subsequent controlling precedents as *Tandon v. Newsom*, 141 S. Ct. 1294 (2021), and *Roman Catholic Diocese of Brooklyn v. Cuomo*, 141 S. Ct. 63 (2020).  *Id.* at 21. *See also Fulton v. City of Philadelphia, Penn.*, 141 S. Ct. 1868 (2021); *U.S. Navy Seals 1-26 v. Biden*, 27 F.4th 336 (5th Cir. 2022).

Post-*Brown* controlling cases demonstrate that unless strict scrutiny is satisfied, the First Amendment requires a religious-exemption option in the context of mandatory school vaccinations where, as here, state law otherwise provides for a medical exemption.  It is well settled that the First Amendment's free exercise clause is made applicable to the States by the Fourteenth Amendment.  *Stone v. Graham*, 449 U.S. 39, 40 n.2 (1980); *Littlefield v. Forney Indep. Sch. Dist.*,

268 F.3d 275, 292 (5th Cir. 2001).  So, in some circumstances—like those here—the Fourteenth Amendment requires a religious-exemption option.  And where the Fourteenth Amendment requires a religious-exemption option, providing such an option does not violate the Fourteenth Amendment (i.e., the Equal Protection Clause or any other Clause).  The Fourteenth Amendment cannot simultaneously require and preclude the same thing.  *Brown*'s holding to the contrary is thus unquestionably erroneous in light of subsequent controlling case law.

While Plaintiffs contend that invoking *Pullman* abstention would necessarily cause them to "spend years litigating up to [the Mississippi Supreme Court] in a bid to . . . overturn *Brown*," Dkt. #55 at 11 n.4, that is not so.  The decisive rejection of *Brown*'s view of the Fourteenth Amendment marks that case irredeemably as "bad law."  As such, it is necessarily overruled.  *See Columbian Mut. Life Ins. Co. v. Jones*, 133 So. 149, 153 (Miss. 1931).  For all these reasons, the Mississippi Supreme Court's erroneous 1979 holding in *Brown* is no reason not to permit a Mississippi court to interpret MRFRA under *Pullman*.

C.  **Plaintiffs' singular reading of MISS. CODE ANN. § 41-23-37 does not present an impediment to *Pullman* abstention.**

Plaintiffs further argue that abstention is improper because MISS. CODE ANN. § 41-23-37 is, in Plaintiffs' view, "clearly unconstitutional."  Dkt. #55 at 12.  This argument is undermined by the same fundamental error discussed above, *viz.*, Plaintiffs' insistent and unsupported refusal to consider the overlying provisions of MRFRA in conjunction with § 41-23-37.  For the reasons set forth previously, Mississippi law—properly construed as § 41-23-37 plus MRFRA—passes constitutional muster.  To the extent there is any question regarding MRFRA's impact, it should be answered by a state court consistent with the *Pullman* doctrine.

**D.** **Applying *Pullman* abstention will not create a state-court exhaustion requirement.**

Plaintiffs argue that abstention "would create a state court exhaustion requirement in Mississippi as to *any* claim under 42 U.S.C. § 1983 for violation of free exercise under the First Amendment." Dkt. #55 at 14 (emphasis in original). But that is not so. The Attorney General has not stated that "Plaintiffs must resort exclusively to MRFRA," *id.*, before pursuing a § 1983 claim in federal court. Rather, the Attorney General's lead argument is that this Court should reject Plaintiffs' claim outright—not that Plaintiffs must go to state court to resort to MRFRA. The Attorney General's alternative argument is that *if* this Court does not agree that MRFRA clearly requires a religious-exemption mechanism, *then* the Court should abstain to allow a state court to resolve this important antecedent question of state law that could obviate the need for resolution of a federal constitutional claim. That argument, too, is not one for exhaustion; it is for abstention as called for by decades-old U.S. Supreme Court precedent. As set forth in detail at pages 8-10 of the Attorney General's memorandum of authorities [Dkt. #40], this is a proper application of the *Pullman* doctrine.

Plaintiffs also attribute to the Attorney General the view "that every free exercise claim brought in federal court challenging a state law must first be adjudicated by none other than Defendant in state court under MRFRA." Dkt. #55 at 15. Plaintiffs cite nothing from the Attorney General's papers in support of this statement. That is because the Attorney General has never made such an argument. Again, the Attorney General's primary argument in making this motion is that this Court should adopt the view of state law advocated by the Attorney General—*without* any need to abstain.

Plaintiffs' attempt to equate *Pullman* abstention with exhaustion fails as a matter of law in any event. In the words of the Fifth Circuit, *Pullman* abstention is *not* exhaustion and is instead

"a means of postponing federal jurisdiction to obtain a definitive state resolution of ambiguous state law issues only when to do so will not destroy the rights of the parties and will avoid the possibility of unnecessarily deciding a federal constitutional question.   It is not a blanket prerequisite to the institution of a § 1983 suit in federal court."   *Nissan Motor Corp. in U.S.A. v. Harding*, 739 F.2d 1005, 1011 (5th Cir. 1984).   For all these reasons, Plaintiffs' "exhaustion" argument is unavailing.

### E.   <u>The "totality of the circumstances" does not invalidate *Pullman* abstention.</u>

Plaintiffs' four principal arguments against abstention each fail for reasons already stated, so adding them together, Dkt. #55 at 16-19, does not help Plaintiffs.   Plaintiffs further argue that abstention is "extraordinary," that it is subject to "misuse and abuse," and that they should not have to spend years shadowboxing against *Brown*" in the "never-never land of the state court system."   Dkt. #55 at 17-18.   If any of those points are true, that is all the more reason for the Court to adopt the Attorney General's primary argument:   that, consistent with the First Amendment, state law requires a religious-exemption option.   This Court's recognition of that fact would avoid all of the abstention concerns about which Plaintiffs complain in the large portion of their brief devoted to that subject.

If the Court does not proceed to enter judgment on the pleadings and dismiss Plaintiffs' complaint, it is enough to see that Plaintiffs' points in opposition to *Pullman* abstention are unavailing.   And Plaintiffs need not "spend years shadowboxing against *Brown*."   Dkt. #55 at 18. As set out above, *Brown* is implicitly overruled by years of subsequent, controlling federal precedent and is no longer good law for the federal constitutional proposition at issue—a point that the Mississippi Supreme Court does not itself need to make.   For all these reasons, Plaintiffs

fail to show that *Pullman* abstention is not an appropriate course should this Court be inclined to deny judgment on the pleadings.

## **CONCLUSION**

Plaintiffs' sole claim is premised on a misapprehension of Mississippi law.   Nothing presented in their responsive briefing shows otherwise.  Having failed to acknowledge or account for MRFRA's requirement that they be offered a religious-exemption option, Plaintiffs have failed to state a legally cognizable claim, and their complaint should be dismissed pursuant to FED. R. CIV. P. 12(c).  Alternatively, Plaintiffs have not presented any valid obstacle to *Pullman* abstention. Should this Court determine that there is any uncertainty as to whether MRFRA mandates the religious-exemption option Plaintiffs seek, the Court should apply the *Pullman* abstention doctrine.  Under *Pullman* and in keeping with the principle of constitutional avoidance, the Court should dismiss or stay this litigation to allow a Mississippi state court to resolve the issue of MRFRA's application.

THIS the 12th day of December, 2022.

> Respectfully submitted,
>
> LYNN FITCH, IN HER OFFICIAL CAPACITY
> AS ATTORNEY GENERAL OF MISSISSIPPI,
> DEFENDANT
>
> By:    LYNN FITCH, ATTORNEY GENERAL
>          STATE OF MISSISSIPPI
>
> By:    s/Rex M. Shannon III
>          REX M. SHANNON III (MSB #102974)
>          Special Assistant Attorney General

STATE OF MISSISSIPPI
OFFICE OF THE ATTORNEY GENERAL
CIVIL LITIGATION DIVISION
Post Office Box 220
Jackson, Mississippi  39205-0220

Tel.:  (601) 359-4184
Fax:  (601) 359-2003
rex.shannon@ago.ms.gov

ATTORNEYS FOR DEFENDANT LYNN FITCH, IN HER OFFICIAL CAPACITY AS
ATTORNEY GENERAL OF MISSISSIPPI

## CERTIFICATE OF SERVICE

I, Rex M. Shannon III, Special Assistant Attorney General and attorney for Defendant Lynn Fitch, in her official capacity as Attorney General of Mississippi, do hereby certify that I have this date caused to be filed with the Clerk of the Court a true and correct copy of the above and foregoing via the Court's ECF filing system, which sent notification of such filing to all counsel of record.

THIS the 12th day of December, 2022.

s/Rex M. Shannon III
REX M. SHANNON III