# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

**AMANDA BOSARGE, ET AL.**                                                                       **PLAINTIFFS**

**VS.**                                                   **Civil Action No. 1:22-cv-00233-HSO-BWR**

**DANIEL P. EDNEY, in his official capacity**
**as the State Health Officer, ET AL.**                                       **DEFENDANTS**

## REBUTTAL IN FURTHER SUPPORT OF DEFENDANT ATTORNEY GENERAL LYNN FITCH'S MOTION TO DENY OR CONTINUE OR, ALTERNATIVELY, TO STAY OR HOLD IN ABEYANCE, PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT [DKT. #4]

### INTRODUCTION

Pursuant to FED. R. CIV. P. 56(d), the Court should deny or continue Plaintiffs' premature motion for summary judgment because the Attorney General has had no opportunity or ability to conduct any discovery at all. Plaintiffs fail to show why summary judgment is not premature in the absence of any discovery whatsoever. Instead, they repeatedly mischaracterize the Attorney General's Rule 56(d) motion as an attack on their sincerely-held religious beliefs, when in fact the Attorney General has not sought to impugn the sincerity of Plaintiffs' religious beliefs in any way.

None of the factual matters on which the Attorney General seeks an opportunity to conduct discovery involves the sincerity of Plaintiffs' religious objections to Mississippi's school vaccination statute. Rather, the Attorney General seeks an opportunity—prior to this Court's consideration of Plaintiffs' summary judgment motion—to conduct discovery regarding factual matters that may defeat Plaintiffs' claim *notwithstanding* their sincerely-held religious beliefs.

Plaintiffs are not entitled to a wholesale presumption of truth as to all material facts. Having presented this Court with no cognizable legal basis to foreclose any and all discovery in

1

this case, Plaintiffs cannot overcome the Attorney General's Rule 56(d) motion, and the Court should deny or continue Plaintiffs' premature motion for summary judgment. Nor have Plaintiffs shown why this Court should not, alternatively, stay or hold in abeyance Plaintiffs' motion for summary judgment pending a ruling on other filed and fully-briefed motions.

## ARGUMENT

### I. PLAINTIFFS FAIL TO SHOW WHY SUMMARY JUDGMENT IS NOT PREMATURE IN THIS CASE IN THE ABSENCE OF ANY DISCOVERY AT ALL.

As set forth at pages 4-8 of the Attorney General's memorandum of authorities in support of her Rule 56(d) motion [Dkt. #44], it is well settled that summary judgment is premature when the non-moving party has not been allowed an opportunity to conduct any discovery at all. Multiple cases supporting this proposition are set forth at pages 4-5 of the Attorney General's aforementioned memorandum of authorities [Dkt. #44]. Plaintiffs have cited no authority to the contrary—in either their response to the Attorney General's Rule 56(d) motion [Dkt. #58, #59] or their preliminary-injunction reply [Dkt. #57] that their response incorporates by reference. For this reason standing alone, the Court should grant the Attorney General's Rule 56(d) motion to deny or continue Plaintiffs' motion for summary judgment until such time as the Attorney General has been afforded a reasonable opportunity to conduct discovery in this case.

### II. A REASONABLE OPPORTUNITY FOR DISCOVERY IS WARRANTED BECAUSE PLAINTIFFS ARE NOT ENTITLED TO A WHOLESALE PRESUMPTION OF TRUTH AS TO ALL MATERIAL FACTS.

As set forth in the Attorney General's previously-filed memorandum of authorities, before this Court proceeds to consider whether to summarily declare Mississippi's school vaccination scheme to be unconstitutional, the Attorney General should have an opportunity to conduct discovery regarding factual matters that bear on Plaintiffs' claim and the Attorney General's defenses. *See* Dkt. #44 at 5-8. These factual matters implicate three principal issues, namely (1)

whether Plaintiffs' children's vaccination history and/or school enrollment history may reveal reasons for the children's non-vaccinated status and/or their non-enrollment in Mississippi schools that are *unrelated* to Plaintiffs' sincerely-held religious beliefs; (2) whether Plaintiffs' children's non-enrollment in Mississippi schools may be due to reasons *other than* Plaintiffs' sincerely-held religious objections to vaccination; and, perhaps most importantly, (3) whether and to what extent Plaintiffs have, in fact, sued the correct defendants. *See* Dkt. #44 at 6-7. Discovery undertaken in relation to these issues may reveal material facts sufficient to defeat summary judgment—on grounds such as lack of Article III standing, for instance—with respect to one or more of the seven plaintiffs who collectively seek summary judgment in this case.

Notwithstanding the foregoing, the Attorney General does not question the sincerity of Plaintiffs' religious beliefs. Nowhere in her motion papers or elsewhere has she sought to impugn Plaintiffs' religious objections to vaccinating their children. Plaintiffs contend, however, that the Attorney General's opposition to the premature disposition of this case is "an effort to undermine the sincerity of their beliefs." Dkt. #58 at 3, ¶ 9. Plaintiffs even label the Attorney General's request for an opportunity to conduct basic fact discovery "a modern-day Spanish Inquisition" by which the Attorney General seeks to "challeng[e] the Christian beliefs professed by each Plaintiff." Dkt. #57 at 17. Plaintiffs neither quote nor cite anything in the Attorney General's papers to support these assertions, as no such support exists.

That Plaintiffs have sincerely-held religious beliefs concerning vaccination does not negate the possibility that those beliefs are not, in fact, the predicate for all that is alleged in Plaintiffs' 158-paragraph complaint. Plaintiffs complain that, consistent with Rule 56(d), the Attorney General has supported her motion "with a declaration calling into question the sincerity of Plaintiffs' sworn declarations." Dkt. #58 at 3, ¶ 10. But Plaintiffs' sworn declarations do not

3

include or address all material facts, nor can they be subjected to cross-examination. Even assuming that all seven plaintiffs intended to be truthful in signing papers filed in this case, discovery may reveal that Plaintiffs' verified allegations—unrelated to their sincerely-held religious beliefs—are incomplete, misstated, or erroneous for any number of reasons other than any deliberate effort on Plaintiffs' part to mislead.

Plaintiffs have cited no authority that affords them a presumption of truth as to all material facts across the board. For this additional reason, the Attorney General should be allowed a reasonable opportunity to conduct discovery before responding to Plaintiffs' motion for summary judgment.

### III. PLAINTIFFS FAIL TO SHOW WHY THE COURT SHOULD NOT PERMIT AN OPPORTUNITY TO UNDERTAKE THE REQUESTED DISCOVERY.

Plaintiffs offer no legitimate reason for refusing to permit any discovery whatsoever regarding the factual matters identified in the Attorney General's Rule 56(d) motion. Plaintiffs' conclusory denials of relevance notwithstanding, see Dkt. #57 at 2, 14-17, there is no cognizable legal basis for this Court to foreclose any opportunity for discovery prior to considering the collective summary judgment motions of the seven party-plaintiffs. Plaintiffs assert that if the Court believes "additional discovery is needed prior to ruling on the motion for summary judgment," the Court should hold the motion in abeyance for 60 days to permit "expedited" discovery. Dkt. #59 at 1-2. Obviously, the question at hand is not whether the Attorney General is entitled to "additional" discovery, but whether she should be afforded an opportunity to conduct any discovery in the first instance. Pursuant to the arguments and authorities set forth in the Attorney General's memorandum of authorities [Dkt. #44], the answer to that question must undoubtedly be in the affirmative. Plaintiffs have not shown otherwise.

Plaintiffs have presented no good reason for the Court to prohibit the Attorney General from conducting any discovery whatsoever. Nor should the Court entertain any notion of fast-tracking discovery in this case. In the event the Court does not dismiss Plaintiffs' complaint pursuant to Rule 12(c) or abstain pursuant to the *Pullman* doctrine, this matter should proceed on a standard case management track with a reasonable period of time to conduct discovery in advance of a dispositive motion deadline.

IV. **PLAINTIFFS FAIL TO SHOW WHY THIS COURT SHOULD NOT, ALTERNATIVELY, STAY OR HOLD IN ABEYANCE PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT PENDING THE COURT'S DISPOSITION OF OTHER FILED MOTIONS.**

It appears that Plaintiffs have not expressly addressed the grounds for the Attorney General's alternative motion to stay or hold in abeyance Plaintiffs' summary judgment motion pending a ruling on (a) the Attorney General's motion for judgment on the pleadings or, alternatively, to dismiss or stay pursuant to *Pullman* abstention; and (b) Plaintiffs' motion for preliminary injunction. Regardless, Plaintiffs do not dispute that as a matter of law, this Court has the inherent power to manage and control its own docket—to include the setting of motions and related briefing. *See* Dkt. #44 at 8-9.

Contemporaneously with the filing of the instant rebuttal, the Attorney General is filing her rebuttal in further support of her aforementioned motion for judgment on the pleadings or, alternatively, to dismiss or stay pursuant to *Pullman* abstention—meaning that at the time of this filing, both of the above-listed motions are fully briefed and before the Court. In the event the Court is inclined to deny Rule 56(d) relief, the Court should alternatively establish a reasonable and orderly briefing schedule on Plaintiffs' motion for summary judgment after ruling on these other pending motions.

## CONCLUSION

Because the Attorney General has had no opportunity or ability to investigate, via the mechanisms of formal discovery, the factual allegations outlined in her Rule 56(d) motion, Plaintiffs' motion for summary judgment is premature.  Plaintiffs have presented no legally cognizable argument to the contrary.  For these reasons and those set forth in the Attorney General's memorandum of authorities [Dkt. #44] filed previously, the Court should deny or continue Plaintiffs' motion for summary judgment or, alternatively, stay or hold in abeyance such motion pending a ruling on other filed motions.

THIS the 12th day of December, 2022.

Respectfully submitted,

LYNN FITCH, IN HER OFFICIAL CAPACITY AS ATTORNEY GENERAL OF MISSISSIPPI, DEFENDANT

By: LYNN FITCH, ATTORNEY GENERAL
STATE OF MISSISSIPPI

By: s/Rex M. Shannon III
REX M. SHANNON III (MSB #102974)
Special Assistant Attorney General

STATE OF MISSISSIPPI
OFFICE OF THE ATTORNEY GENERAL
CIVIL LITIGATION DIVISION
Post Office Box 220
Jackson, Mississippi  39205-0220
Tel.:  (601) 359-4184
Fax:  (601) 359-2003
rex.shannon@ago.ms.gov

ATTORNEYS FOR DEFENDANT LYNN FITCH, IN HER OFFICIAL CAPACITY AS ATTORNEY GENERAL OF MISSISSIPPI

## **CERTIFICATE OF SERVICE**

      I, Rex M. Shannon III, Special Assistant Attorney General and attorney for Defendant Lynn Fitch, in her official capacity as Attorney General of Mississippi, do hereby certify that I have this date caused to be filed with the Clerk of the Court a true and correct copy of the above and foregoing via the Court's ECF filing system, which sent notification of such filing to all counsel of record.

      THIS the 12th day of December, 2022.

                                                          s/Rex M. Shannon III
                                                         REX M. SHANNON III