IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| **AMANDA BOSARGE,** *individually and on behalf of their minor children*, et al. | § § § § § | **PLAINTIFFS** |
| v. | § § | Civil No. 1:22cv233-HSO-BWR |
| **DANIEL P. EDNEY,** *in his official capacity as the State Health Officer*, et al. | § § § § | **DEFENDANTS** |

**MEMORANDUM OPINION AND ORDER GRANTING
DEFENDANT LYNN FITCH'S MOTION [43] TO DENY OR CONTINUE,
OR ALTERNATIVELY, TO STAY OR HOLD IN ABEYANCE,
PLAINTIFFS' MOTION [4] FOR SUMMARY JUDGMENT,
AND DENYING WITHOUT PREJUDICE PLAINTIFFS'
MOTION [4] FOR SUMMARY JUDGMENT**

BEFORE THE COURT are the Motion [4] for Summary Judgment filed by Plaintiffs, and the Motion [43] to Deny or Continue, or Alternatively, to Stay or Hold in Abeyance, Plaintiffs' Motion [4] for Summary Judgment filed by Defendant Lynn Fitch, in her official capacity as the Attorney General of Mississippi (the "Attorney General"), pursuant to Federal Rule of Civil Procedure 56(d).  These Motions [3], [43] are fully briefed.

Having considered the record and relevant legal authority, the Court is of the opinion that the Attorney General's Rule 56(d) Motion [43] should be granted and that Plaintiffs' Motion [4] for Summary Judgment should be denied without prejudice, with leave to reassert upon the completion of discovery in this case.  The

parties will be directed to contact the assigned Magistrate Judge to schedule a case management conference for the purpose of entering an appropriate case management order.

## I.   BACKGROUND

On September 1, 2022, Plaintiffs Amanda Bosarge, Jaquelyn Butler, Kimberly Harrell, William Morgan, Pastor Paul Perkins, Brandi Renfroe, and Dr. Jeana Stanley, individually and on behalf of their minor children ("Plaintiffs"), filed a Verified Complaint [1] for Declaratory and Injunctive Relief against Defendants Daniel P. Edney, in his official capacity as the State Health Officer; Lynn Fitch, in her official capacity as the Attorney General of Mississippi; Ashley Blackman, in her official capacity as Principal of East Central Lower Elementary School; Dr. Archie R. Mitchell, in his official capacity as Principal of Senatobia Elementary School; Allison Merit, in her official capacity as Principal of North Bay Elementary School; Dr. Ashley Allred, in her official capacity as Principal of Vancleave Upper Elementary School; and Douglas L. Tynes, in his official capacity as City Prosecutor for Ocean Springs, Mississippi ("Defendants").   *See* Compl. [1] at 1-2.[1]

Plaintiffs contend that Mississippi's mandatory vaccine statute requiring students to be vaccinated in order to attend public and private schools in the State of Mississippi violates their rights under the Free Exercise Clause of the First

---

[1] Plaintiffs have voluntarily dismissed their claims against Defendant Archie Mitchell, as well as all of Plaintiff William Morgan's claims.   *See* Notice [62] at 1-2; Stip. [63] at 1-2. The claims of Plaintiffs Bosarge, Butler, Harrell, Perkins, Renfroe, and Stanley remain against Defendants Edney, Blackman, Merit, Allred, Tynes, and the Attorney General.

Amendment to the United States Constitution. *See id.* at 3-38 (citing Miss. Code Ann. § 41-23-37). Plaintiffs' minor children are unvaccinated due to their parents' religious beliefs, and they claim that due to Mississippi's compulsory vaccination law set forth at Mississippi Code § 41-23-37, their children have not been allowed to enroll at public or private schools in the State of Mississippi. *See id.* The Complaint asks the Court to:

> A. [Enter a] preliminary and permanent injunction prohibiting Defendants, their agents, servants, employees and any other persons acting on their behalf from implementing and enforcing the Compulsory Vaccination Law challenged in this Complaint without providing the option for a religious exemption;
> B. Declare that Miss. Code § 41-23-37 is unconstitutional on its face;
> C. Declare that Miss. Code § 41-23-37 is unconstitutional as applied to Plaintiffs;
> D. Declare that Miss. Code § 41-23-37 violates Plaintiffs' First Amendment right to free exercise of religion;
> E. Grant Plaintiffs reasonable attorneys' fees and costs under 42 U.S.C. § 1988 and any other applicable authority; and
> F. For any such other and further relief as the Court deems equitable and just under the circumstances,

*Id.* at 40.

One day after the Complaint was filed, Plaintiffs filed a Motion [3] for Preliminary Injunction and Motion to Consolidate the Preliminary Injunction Hearing with a Trial on the Merits, as well as a Motion [4] for Summary Judgment. *See* Mot. [3]; Mot. [4]. Plaintiffs seek a preliminary injunction in their favor, contending that the material facts necessary to resolve their claim are undisputed and arguing that, because there are purportedly only legal questions at issue, the Court should consolidate the preliminary injunction hearing with the trial on the merits pursuant to Federal Rule of Civil Procedure 65(a)(2). *See* Mot. [3].

The Attorney General has responded with a Motion [43] to Deny or Continue, or Alternatively, to Stay or Hold in Abeyance, Plaintiffs' Motion [4] for Summary Judgment pursuant to Rule 56(d).  *See, e.g.,* Resp. [41]; Mem. [42]; Mot. [43]; Mem. [44].  The Attorney General states that no discovery has been conducted and that, before responding to the Motion [4] for Summary Judgment, she should be afforded an opportunity to conduct discovery regarding the factual basis of Plaintiffs' First Amendment claims.  *See* Mot. [43]; Mem. [44].

The Attorney General supports her request for discovery with the Rule 56(d) Affidavit of her counsel, *see* Aff. [43-1], who asserts that the Attorney General should be afforded the opportunity to conduct specific discovery which may be relevant to her defenses, Plaintiffs' standing, and the "'substantial burden' element of Plaintiffs' First Amendment claim," *id.* at 2.  The discovery sought includes:  (1) "the vaccination status and history of Plaintiffs' children"; (2) "the school enrollment history of Plaintiffs' children"; (3) "the specific reasons that Plaintiffs' children were allegedly denied enrollment in Mississippi schools"; (4) "the factual basis for each [P]laintiff's decision not to enroll his or her child(ren) in Mississippi schools"; (5) "the extent to which homeschooling, relocation, or commuting to an out-of-state school may be predicated on or influenced by reasons other than a given [P]laintiff's religious convictions"; and (6) "the factual basis for Plaintiffs' allegations of actual or threatened enforcement of Mississippi's school vaccination requirements in connection with their children."  *Id.* at 1-2.

Plaintiffs respond that the issues before the Court concerning the

4

constitutionality of the statute at issue, Mississippi Code § 41-23-37 (the "Compulsory Vaccination Law"), "are purely matters of law" and that "[t]here are no genuine issues of material fact remaining." Resp. [58] at 2. However, "[t]o the extent that the Court determines there are factual issues potentially remaining that are needed to resolve the constitutional claims asserted, Plaintiffs respectfully petition the Court to hold the motion in abeyance for 60 days while expedited discovery can take place." *Id.* at 3-4. Relatedly, in their Reply [57] in support of their Motion [57] for Preliminary Injunction, Plaintiffs state that if the Court "believes additional discovery need be afforded to Defendant before rendering" final adjudication on the merits, they request that the Court "dismiss[ ] the portion of Plaintiffs['] motion seeking final adjudication without prejudice." Reply [57] at 18.

## II.   DISCUSSION

A.   Legal standard

Federal Rule of Civil Procedure 56(d) provides that

> [i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
> (1)   defer considering the motion or deny it;
> (2)   allow time to obtain affidavits or declarations or to take discovery; or
> (3)   issue any other appropriate order.

Fed. R. Civ. P. 56(d).

A party seeking relief under Rule 56(d) "first must demonstrate that additional discovery will create a genuine issue of material fact." *Bailey v. KS Mgmt. Servs., L.L.C.*, 35 F.4th 397, 401 (5th Cir. 2022). She "must set forth a

5

plausible basis for believing that specified facts, susceptible of collection within a reasonable time frame, probably exist and indicate how the emergent facts, if adduced, will influence the outcome of the pending summary judgment motion." *Id.* (quotation omitted). The party seeking discovery "may not simply rely on vague assertions that discovery will produce needed, but unspecified, facts." *Id.* (quotation omitted).

The Fifth Circuit has cautioned that, "[t]o provide litigants time to develop facts necessary to defend their claims, Rule 56(d) motions are broadly favored and should be liberally granted." *Dominick v. Mayorkas*, 52 F.4th 992, 995 (5th Cir. 2022) (quotation omitted). A motion seeking the continuance of a motion for summary judgment for the purpose of conducting discovery "should be granted almost as a matter of course when the party opposing the summary judgment informs the court that its diligent efforts to obtain evidence from the moving party have been unsuccessful." *Id.* (quotation omitted).

B.  Analysis

No case management order has been entered in this case, and no discovery has taken place. *See* Mem. [44] at 1 ("[T]he Attorney General has had no opportunity or ability to conduct any discovery at all."). The Attorney General has presented her counsel's Affidavit [43-1] averring that she cannot present facts that would be essential to her defenses, such as the threshold issue of Plaintiffs' standing, and the elements of Plaintiffs' claims, without the benefit of some specified discovery. *See* Aff. [43-1] at 1-2. The Court finds this articulated need

6

for discovery to be sufficient under the liberal Rule 56(d) standard to grant the Attorney General the relief she seeks, particularly given that "Rule 56(d) motions are broadly favored." *Dominick*, 52 F.4th at 995.

As for the disposition of Plaintiffs' pending Motion [4] for Summary Judgment, the Court finds that it should be denied without prejudice, with leave to reassert at the completion of discovery. *See id.* The Magistrate Judge can enter a case management order, including deadlines for the parties to conduct discovery and file or renew any dispositive motions.

### III. CONCLUSION

To the extent the Court has not addressed any of the parties' remaining arguments, it has considered them and determined that they would not alter the result. The Attorney General's Rule 56(d) Motion [43] is well taken and will be granted, and Plaintiff's Motion [4] for Summary Judgment will be denied without prejudice, with leave to reassert at the conclusion of discovery.

In light of the grant of additional discovery, Plaintiffs have indicated in their briefs that they withdraw the request in their Motion [3] for Preliminary Injunction to consolidate consideration of the request for preliminary injunction with a trial on the merits. Remaining before the Court, then, is only the portion of Plaintiff's Motion [3] seeking the entry of a preliminary injunction, which the Court will proceed to address separately.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, the Motion [43] to Deny or Continue, or Alternatively, to Stay or Hold in Abeyance, Plaintiffs'

Motion [4] for Summary Judgment under Federal Rule of Civil Procedure 56(d) filed by Defendant Lynn Fitch, in her official capacity as the Attorney General of Mississippi, is **GRANTED**, and Plaintiffs' Motion [4] for Summary Judgment is **DENIED WITHOUT PREJUDICE**, with leave to reassert upon the completion of discovery in this case. The parties are **DIRECTED** to contact the Magistrate Judge to schedule a case management conference for the purpose of entering an appropriate case management order.

**SO ORDERED AND ADJUDGED**, this the 9th day of March, 2023.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE