Last Updated: Jan 2022

FORM 1 (ND/SD MISS. JAN 2022)

## UNITED STATES DISTRICT COURT
## SOUTHER▾DISTRICT OF MISSISSIPPI
## SOUTHERN DIVISION▾

Amanda Bosarge, et al.                                                                          **PLAINTIFFS**

v.                                                              CIVIL ACTION
                                                                NO. **1:22-cv-00233-HSO-BWR**

Daniel P. Edney, et al.                                                                          **DEFENDANTS**


# CASE MANAGEMENT ORDER

This Order, including all deadlines, has been established with the participation of all parties and can be

modified only by order of the Court on a showing of good cause supported with affidavits, other evidentiary

materials, or reference to portions of the record.

**IT IS HEREBY ORDERED:**

1.  **ESTIMATED DAYS OF TRIAL:**                                    2

    **ESTIMATED TOTAL NUMBER OF WITNESSES:**              10

    **EXPERT TESTIMONY EXPECTED:** No    ▾   **NO. OF EXPERTS:**            0

    Enter explanation (if necessary) here:



2.  **ALTERNATIVE DISPUTE RESOLUTION [ADR].** (Pick one)

    At the time this Case Management Order is offered it does not appear that alternative dispute
    resolution techniques will be used in this civil action.


    Additional Information:



3.  **CONSENT TO TRIAL BY UNITED STATES MAGISTRATE JUDGE.** (Pick one)

    The parties do not consent to trial by a United States Magistrate Judge.                

FORM 1 (ND/SD MISS. JAN 2022)

4. **DISCLOSURE.** (Pick one)

   The pre-discovery disclosure requirements have been complied with fully.

5. **MOTIONS; ISSUE BIFURCATION.** (Pick one)

   Staged resolution/bifurcation of the trial issues will not assist in the prompt resolution of this action.

   Early filing of the following motion(s) might significantly affect the scope of discovery or otherwise expedite the resolution of this action:

6. **DISCOVERY PROVISIONS AND LIMITATIONS.**

   **A.**   Interrogatories are limited to __25__ succinct questions.

   **B.**   Requests for Production are limited to __25__ succinct questions.

   **C.**   Requests for Admissions are limited to __25__ succinct questions.

   **D.**   Depositions are limited to the parties, experts, and no more than

   __3__ fact witness depositions per party without additional approval of the Court.

FORM 1 (ND/SD MISS. JAN 2022)

**E.**     The parties have complied with the requirements of Local Rule 26(f)(2)(B) regarding discovery of electronically stored information and have concluded as follows:

Without waiving any rights or objections, the parties agree to address any issues pertaining to the production of ESI if and when they arise.

**F.**   The court imposes the following further discovery provisions or limitations:

☐   1. The parties have agreed that defendant may obtain a Fed.R.Civ. P. 35 (L.U.Civ.R. 35) medical examination of the plaintiff (within subpoena range of the court) by a physician who has not examined the plaintiff, and that defendant may arrange the examination without further order of the court. The examination must be completed in time to comply with expert designation discovery deadlines.

☑   2. Pursuant to FED.R.EVID. 502(d), the attorney-client privilege and the work-product protections are not waived by any disclosure connected within this litigation pending before this Court. Further, the disclosures are not waived in any other federal or state proceeding.

☐   3. Plaintiff must execute an appropriate, HIPAA-compliant medical authorization.

☑   4. The court desires to avoid the necessity of filing written discovery motions where court participation in an informal discussion of the issue might resolve it, even after the parties have been unsuccessful in a good faith attempt to do so. Consequently, before a party may serve any discovery motion, counsel must first confer in good faith as required by Fed. R. Civ. P. 37(a)(1). If the attorney conference does not resolve the dispute, counsel must contact the chambers of the magistrate judge to request a telephonic conference to discuss the issue as contemplated by Fed. R. Civ. P.16(b)(3)(B)(v). Only if the telephonic conference with the judge is unsuccessful in resolving the issue may a party file a discovery motion.

☐   5. Other:

FORM 1 (ND/SD MISS. JAN 2022)

Additional information:

7. **SCHEDULING DEADLINES**

    **A. Trial.** This action is set for __NON-JURY TRIAL__ during a __three-week__ term of court

        beginning on: __April 1, 2024__ , at __9:00__ , __a.m.__ , in __Gulfport__ ,

        Mississippi, before United States __District__ Judge __Halil S. Ozerden__ .

        THE ESTIMATED NUMBER OF DAYS FOR TRIAL IS ___2___. ANY CONFLICTS WITH THIS TRIAL DATE MUST BE SUBMITTED IN WRITING TO THE TRIAL JUDGE IMMEDIATELY UPON RECEIPT OF THIS CASE MANAGEMENT ORDER.

    **B. Pretrial.** The pretrial conference is set on: __March 19-21, 2024__ , at __9:00__ , __a.m.__ ,

        in __Gulfport__ , Mississippi, before United States __District__

        Judge __Halil S. Ozerden__ .

    **C. Discovery.** All discovery must be completed by: __October 6, 2023__ .

    **D. Amendments.** Motions for joinder of parties or amendments to the pleadings must be

        filed by: __May 24, 2023__ .

    **E. Experts.** The parties' experts must be designated by the following dates:

        **1.** Plaintiff(s): __June 6, 2023__ .

        **2.** Defendant(s): __July 6, 2023__ .

FORM 1 (ND/SD MISS. JAN 2022)

8. **MOTIONS.**  All dispositive motions and *Daubert*-type motions challenging another party's expert

must be filed by: October 20, 2023            .The deadline for motions *in limine* is twenty-one (21) calendar days prior to the pretrial conference; the deadline for responses is fourteen (14) calendar days before the pretrial conference.

9. **SETTLEMENT CONFERENCE.**

A SETTLEMENT CONFERENCE is set on: November 28, 2023        , at 9:30      ,   a.m.      in

Gulfport             , Mississippi, before United States Magistrate        ▾ Judge

Bradley W. Rath        .

Seven (7) days before the settlement conference, the parties must submit via e-mail to the magistrate

judge's chambers an updated CONFIDENTIAL SETTLEMENT MEMORANDUM. All parties are

required to be present at the conference unless excused by the Court. If a party believes the scheduled

settlement conference would not be productive and should be cancelled, the party is directed to inform

the Court via e-mail of the grounds for their belief at least seven (7) days prior to the conference.

10. **REPORT REGARDING ADR.**  On or before (7 days before FPTC) March 12, 2024           , the parties

must report to the undersigned all ADR efforts they have undertaken to comply with the Local Rules or

provide sufficient facts to support a finding of just cause for failure to comply.  *See L.U.Civ.R.83.7(f)(3).*

**SO ORDERED:**

April 24, 2023                 s/Bradley W. Rath

DATE                 UNITED STATES MAGISTRATE JUDGE