UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DISTRICT

AMANDA BOSARGE, JAQUELYN
BUTLER, KIMBERLY HARRELL,
WILLIAM MORGAN, PASTOR PAUL
PERKINS, BRANDI RENFROE, and DR.
JEANA STANLEY, individually and on
behalf of their minor children,

        *Plaintiffs,*

*v.*                                          Civil Action No. 1:22-cv-233-HSO-BWR

DANIEL P. EDNEY, in his official capacity
as the State Health Officer; LYNN FITCH, in
her official capacity as the Attorney General
of Mississippi; ASHLEY BLACKMAN, in her
official Capacity as Principal of East Central
Lower Elementary School; DR. ARCHIE R.
MITCHELL, in his official capacity as Principal
Of Senatobia Elementary School; ALLISON MERIT,
in her official capacity as Principal of North Bay
Elementary School; DR. ASHLEY ALLRED, in her
official capacity as Principal of Vancleave Upper
Elementary School; and DOUGLAS L. TYNES, in
his official capacity as the City Prosecutor for
Ocean Springs, Mississippi,

        *Defendants.*

### DEFENDANT DANIEL P. EDNEY'S NOTICE OF COMPLIANCE WITH PRELIMINARY INJUNCTION ORDER

    Defendant Dr. Daniel P. Edney, State Health Officer, submits this Notice of Compliance with the Court's preliminary injunction order, ECF No. 77, providing the Court with the Mississippi Department of Health's proposed religious exemption process for Mississippi's School Vaccination Law, Miss. Code § 41-23-37.

1

## INTRODUCTION

In April, this Court declared Mississippi's School Vaccination Law, Miss. Code § 41-23-37, unconstitutional because it did not provide a religious exemption process. The Court directed Dr. Edney, in his capacity as State Health Officer, and the Mississippi State Department of Health ("MSDH") to develop and publish a religious exemption process by July 15, 2023. The Court held that, if no process was provided by the July 15 deadline, it would enjoin the law in its entirety, so that no vaccination could be required for any K-12 students. *See* ECF No. 77 at 1-2, 37-39.

In compliance with the Court's order, Dr. Edney and MSDH have developed a religious exemption process, which is attached as Exhibit A. MSDH will publish that process (and related forms) on its website on July 15, 2023 and begin accepting religious exemption requests after that date. This notice provides the Court and all parties with MSDH's administrative guidance, instructions, and forms for the exemption process in advance of the publication date.

MSDH's religious exemption process is modeled on Alabama's process, adopts the core components of many religious exemption laws around the country, and is tailored to match Mississippi's existing form-based application process for medical exemptions. The process is meant to respect the beliefs of parents who object to vaccinating their children on religious grounds, while also protecting the health of Mississippi's 440,000 K-12 students and preserving the gains Mississippi has made in preventing cases of crippling and deadly diseases among school children.

# BACKGROUND

## I. Procedural Background: The Court orders MSDH to develop a religious exemption process for the School Vaccination Law.

Mississippi law requires that all children attending K-12 schools be vaccinated against nine crippling and deadly diseases: chickenpox, measles, mumps, rubella, diphtheria, pertussis, tetanus, polio, and Hepatitis B. *See* Miss. Code § 41-23-37 (the "School Vaccination Law"); *see also* Miss. Dep't of Health, Mississippi School Immunization Requirements (June 3, 2020), available at https://msdh.ms.gov/page/resources/2029.pdf. These diseases were once common in the United States, causing thousands of hospitalizations and hundreds of deaths every year. *See* Centers for Disease Control and Prevention, Vaccines and Preventable Diseases, available at https://www.cdc.gov/vaccines/vpd/index.html.

Shortly after the School Vaccination Law was enacted in 1978, a parent challenged the law as unconstitutional because it did not allow religious exemptions. The Mississippi Supreme Court rejected the challenge and held unanimously that "requiring immunization against certain crippling and deadly diseases particularly dangerous to children before they may be admitted to school, serves an overriding and compelling public interest . . . ." *Brown v. Stone*, 378 So. 2d 218, 222 (Miss. 1979). Today, Mississippi's school vaccination program is one of the most successful in the country.[1] Over 99% of the K-12 student population has obtained the necessary

---

[1] Mississippi has the highest vaccine coverage of all states for the MMR, DTaP, polio, and chickenpox vaccines. *See* Centers for Disease Control and Prevention, Morbidity and Mortality Weekly Report, *Vaccination Coverage with Selected Vaccines and Exemption Rates Among Children in Kindergarten — United States, 2021–22 School Year* (Jan. 13, 2023), available at https://www.cdc.gov/mmwr/volumes/72/wr/pdfs/mm7202a2-H.pdf.

vaccinations. *See* Miss. Dep't of Health, School Immunization Compliance Report 2021-2022, available at https://msdh.ms.gov/page/resources/18773.pdf.

In this lawsuit, Plaintiffs—parents who have religious objections to vaccinating their children—challenge the School Vaccination Law on the theory that, without a religious exemption process, it violates their First Amendment right to the free exercise of religion. Plaintiffs sought an injunction to prohibit state and local officials from enforcing the law unless the State were to provide a religious exemption process. ECF No. 77 at 2-5 (discussing case background). In response to this challenge, Attorney General Lynn Fitch agreed that a religious exemption was required. In General Fitch's view, however, a religious exemption was already mandated by *state law*—specifically, the Mississippi Religious Freedom Restoration Act, Miss. Code § 11-61-1 ("MRFRA"), which prohibits state laws from burdening religious practices. *See* ECF No. 42 at 4-8; ECF No. 70 at 5.

After conducting a hearing on Plaintiffs' motion for a preliminary injunction and noting that "the Attorney General admits in her briefs that not permitting an option to request a religious exemption to the vaccination statute is not the least restrictive means of further a compelling government interest," ECF No. 77 at 15, the Court issued a preliminary injunction against enforcement of the law, *id.* at 1-2, 37-39. The Court did not adopt the Attorney General's position that MRFRA provided a religious exemption. Instead, the Court found that Plaintiffs were likely to succeed in showing that the School Vaccination Law violates the First Amendment because it does not provide a religious exemption process. ECF No. 77 at 15-23.

4

The Court's preliminary injunction order provided that state and local officials "will be enjoined from enforcing Mississippi's school compulsory vaccination law, Mississippi Code § 41-23-37, *unless* they provide an option for requesting a religious exemption from the law's requirements." ECF No. 77 at 2 (emphasis added). The Court noted that MSDH has the duty under Mississippi law "[t]o formulate the policy of the State Department of Health regarding public health matters within the jurisdiction of the department" and "is responsible for assuring that all children in the state are appropriately immunized against vaccine-preventable diseases." ECF No. 77 at 35. So the Court ordered Dr. Edney to "develop a process by which persons may request a religious exemption from the [School Vaccination Law]" and to make the process available on MSDH's website by July 15, 2023. *Id.* at 1-2; 37-39.

## II. MSDH has developed a religious exemption process, as required by the Court's injunction.

In compliance with the Court's order, Dr. Edney and MSDH have developed a form-based religious exemption process for the School Vaccination Law, which aligns with the State's medical exemption process. As detailed in the Immunization Manual, application forms, exemption certificate, and instructional diagram (all attached as Exhibit A), the religious exemption process has several key components:

- *Form-Based Exemption Process*: Parents or guardians may request an exemption by completing a one-page form, which will be available on MSDH's website and is modeled on the existing medical-exemption form, and submit the form to their local health department. Notarization of the form is not required.

- *Educational Component*: Parents or guardians requesting an exemption will be provided educational information on the benefits of childhood vaccination and the risks of not being vaccinated.

5

- *Centralized Review and Certification*: All exemption requests, both medical and religious, are processed by MSDH's Office of Immunizations and approved by the State Epidemiologist, who issues a uniform certificate of religious exemption that the parent or guardian may provide to their child's school for enrollment purposes.

*See* Exhibit A. These components are common features of religious exemption laws around the country. *See* Centers for Disease Control and Prevention, Center for State, Tribal, Local, and Territorial Support, *State School Immunization Requirements and Vaccine Exemption Laws* (Feb. 2022), available at https://www.cdc.gov/phlp/docs/school-vaccinations.pdf (providing overview of non-medical exemptions to school vaccination requirements from jurisdictions in the United States).

As shown in MSDH's informational diagram, the religious exemption process will proceed as follows:



**ARGUMENT**

Dr. Edney and MSDH have developed a religious exemption process that respects the beliefs of parents who have religious objections to vaccinating their children, as required by the Court's order, and also promotes Mississippi's compelling state interest in protecting its K-12 student population through vaccination against crippling and deadly diseases. With this religious exemption process in place, Dr. Edney believes Mississippi's School Vaccination Law satisfies the strict scrutiny standard applied in this Court's preliminary injunction order.

To be clear, Dr. Edney does not endorse Plaintiffs' views on vaccination or their arguments that the School Vaccination Law is unconstitutional. Nor does Dr. Edney agree with the Attorney General's position that MRFRA provides a religious exemption to the School Vaccination Law, though he respects her authority to opine on questions of Mississippi law.[2] In Dr. Edney's view, the School Vaccination Law is constitutional as enacted by the Mississippi Legislature without a religious exemption. As the Mississippi Supreme Court has held, the law serves the "overriding and compelling public interest" of protecting school children against "crippling and deadly diseases by immunization, and to the extent that [compelling public interest] may conflict with the religious beliefs of a parent, however sincerely entertained, the interests of the school children must prevail." *Brown*, 378 So. 2d at 223.

---

[2] *See* Miss. Code § 7-5-25 (authorizing Attorney General to issue written legal opinions); *Kennington-Saenger Theatres v. State ex rel. Dist. Atty.*, 18 So. 2d 483, 487 (Miss. 1944) ("[T]he Attorney General, who is the responsible head of the legal department of the state, shall have initial jurisdiction over those important legal questions which affect the general interests or policy of the state.").

Dr. Edney respects this Court's order, of course, and MSDH has worked diligently to comply with it. By complying with the Court's order, however, Dr. Edney does not waive his, MSDH's, or any other party's right to request further relief from this Court, including vacatur or modification of the preliminary injunction order, should a change in law or factual circumstances support such relief.³

## I. The State of Mississippi has a compelling public interest in protecting school children from crippling and deadly diseases.

The State of Mississippi, like all other states, has a compelling interest in requiring that K-12 students be vaccinated against crippling and deadly childhood diseases. The Mississippi Supreme Court recognized this "overriding and compelling public interest" in *Brown v. Stone*:

> [W]e have concluded that requiring immunization against certain crippling and deadly diseases particularly dangerous to children before they may be admitted to school, serves an overriding and compelling public interest and that such interest extends to the exclusion of a child until such immunization has been effected, not only as a protection of that child but as a protection of the large number of other children comprising the school community and with whom he will be daily in close contact in the school room.

---

³ Just yesterday, the Fifth Circuit dismissed as moot plaintiffs' First Amendment free-exercise challenge to the Navy's now-rescinded Covid-19 vaccine mandate. *See U.S. Navy Seals 1-26 v. Biden*, 2023 WL 4362355 (5th Cir. July 6, 2023). Although the Court declined to vacate its prior opinion denying a stay pending appeal, *U.S Navy Seals 1-26 v. Biden*, 27 F.4th 336 (5th Cir. 2022), that decision was not unanimous, *see* 2023 WL 4362355 at *7 (Graves, J., dissenting in part). That litigation will return to the district court, and subsequent developments in the district court or on another appeal could impact the Court's analysis of the School Vaccination Law's constitutionality. Two other circuits have recently held that Covid-19 vaccine mandates—which allowed medical exemptions but not religious ones—were generally applicable, subject to rational basis review, and did not violate the Free Exercise Clause of the First Amendment. *See We The Patriots USA, Inc. v. Hochul*, 17 F.4th 266 (2d Cir.), opinion clarified, 17 F.4th 368 (2d Cir. 2021), and cert. denied sub nom. 142 S. Ct. 2569 (2022); *Does 1-6 v. Mills*, 16 F.4th 20 (1st Cir. 2021), cert. denied sub nom., 142 S. Ct. 1112 (2022).

378 So. 2d at 222-23. The School Vaccination Law furthers that compelling interest by protecting "the great body of school children attending the public schools in Mississippi against the horrors of crippling and death resulting from poliomyelitis or smallpox or from one of the other diseases against which means of immunization are known and have long been practiced successfully . . . ." *Id.* at 223.

Other courts have recognized this compelling interest. "[A] state's wish to prevent the spread of communicable diseases clearly constitutes a compelling interest." *Workman v. Mingo Cnty. Bd. of Educ.*, 419 F. App'x 348 (4th Cir. 2011) (citing authorities). As one federal district court noted:

> There is no question that society has a compelling interest in fighting the spread of contagious diseases through mandatory vaccination of school-aged children. All courts, state and federal, have so held either explicitly or implicitly for over a century.

*Whitlow v. California*, 203 F. Supp. 3d 1079, 1089–90 (S.D. Cal. 2016); *see also Does 1-6 v. Mills*, 16 F.4th 20, 32 (1st Cir. 2021) ("Few interests are more compelling than protecting public health against a deadly virus."); *Murray v. Cuomo*, 460 F. Supp. 3d 430, 446 (S.D.N.Y. 2020) ("Controlling the spread of the disease in order to . . . minimize deaths, and prevent a larger public health catastrophe . . . is a powerful compelling government interest.").[4]

Accordingly, all 50 states have enacted mandatory childhood vaccination laws. *See* Centers for Disease Control and Prevention, Center for State, Tribal, Local, and

---

[4] In its preliminary injunction order, this Court did not disagree that Mississippi has a compelling interest in requiring vaccinations to protect school children. Instead, applying strict scrutiny, the Court considered only whether the School Vaccination Law—without a religious exemption—was "narrowly tailored" or "the least restrictive means" of furthering that compelling interest. ECF No. 77 at 23.

9

Territorial Support, *State School Immunization Requirements and Vaccine Exemption Laws* (Feb. 2022), available at https://www.cdc.gov/phlp/docs/school-vaccinations.pdf. These school-based vaccination laws are critical to disease control efforts in the United States, and they "have made a major contribution to the elimination of many vaccine-preventable disease and significantly reduced the incidence of others." Sandra W. Roush & Trudy V. Murphy, *Historical Comparisons of Morbidity and Mortality for Vaccine-Preventable Diseases in the United States*, 298 J. Am. Med. Ass'n 2155, 2155 (2007).

Since it was enacted by the Mississippi Legislature in 1978 and affirmed by the Mississippi Supreme Court in 1979, Mississippi's school vaccination program has become one of the most successful in the nation. For the last twenty years, Mississippi "has been a national leader in immunization coverage, with over 99% of children who enter kindergarten being protected." *See* Miss. Dep't of Health, Immunizations, *What Parents Should Know about Childhood Immunizations*, available at https://msdh.ms.gov/page/41,15556,71.html. Due to these efforts and results, "Mississippi children now have an excellent chance of growing up without the damage that childhood diseases can cause, and are less likely to die from them than ever before." *Id*. According to the latest data published by the CDC, Mississippi had the highest vaccine coverage of all states for the MMR, DTaP, polio, and chickenpox vaccines in the 2021-2022 school year. *See* Centers for Disease Control and Prevention, Morbidity and Mortality Weekly Report, *Vaccination Coverage with Selected Vaccines and Exemption Rates Among Children in Kindergarten — United*

10

*States, 2021–22 School Year* (Jan. 13, 2023), available at https://www.cdc.gov/mmwr/volumes/72/wr/pdfs/mm7202a2-H.pdf.

Despite the success of childhood vaccination programs, concerns over outbreaks and risks to school children remain, particularly in states or localities where vaccine coverage dips below target levels. In recent years, health authorities have confirmed cases of measles and chickenpox—both of which are deadly for children—and warned the public about the risk of outbreaks.[5] Maintaining high vaccine coverage levels is important so that the population at large can maintain herd immunity, which can prevent outbreaks of dangerous diseases. *See* Dina Nathanson, *Herd Protection v. Vaccine Abstention: Potential Conflict Between School Vaccine Requirements and State Religious Freedom Restoration Acts*, 42 Am. J. L. & Med. 621, 624 (2016). "When too many individuals are unvaccinated in a given population, . . . the chance of encountering the targeted pathogen increases and one can no longer rely on herd immunity for protection." *Id.* (citation omitted).

---

[5] *See, e.g.,* https://www.cdc.gov/media/releases/2022/p1123-measles-threat.html (detailing increased risk of measles outbreak due to declining measles vaccination coverage since the beginning of the COVID-19 pandemic); https://emergency.cdc.gov/han/2023/han00488.asp (warning relating to confirmed case of measles in an unvaccinated individual who attended a large religious gathering in Kentucky); https://governor.hawaii.gov/newsroom/doh-news-release-department-of-health-announces-second-oahu-measles-case/ (April 2023 press release advising of confirmed case of measles and detailing the highly contagious nature of the disease, which can spread easily to unprotected persons); https://www.kdhe.ks.gov/DocumentCenter/View/27476/03-15-23-PDF (vaccine-preventable chicken pox outbreak consisting of 20 confirmed cases between November 2022 and February 2023); https://www.health.state.mn.us/news/pressrel/2022/measles092922.html (Minnesota press release describing recent measles outbreak among several families with unvaccinated children); https://www.cdc.gov/mmwr/volumes/68/wr/mm6819a4.htm (CDC report detailing measles outbreaks in New York and New Jersey orthodox Jewish communities with low vaccination rates).

When the Mississippi Supreme Court decided *Brown* in 1979, the "horrors of crippling and death resulting from poliomyelitis or smallpox or from one of the other diseases against which means of immunization are known and have long been practiced successfully," 378 So. 2d at 222, were quite real and still recent. While those horrors may seem like a distant memory today, that is only because Mississippi's childhood vaccination program has been so successful in preventing infections and outbreaks. Maintaining high vaccination rates in Mississippi is essential to preventing the return of those deadly diseases, which continue to infect and kill thousands of people around the world.

## II. With MSDH's religious exemption process, the School Vaccination Law will be narrowly tailored to comply with the First Amendment.

In Dr. Edney's view, once Mississippi's religious exemption process is implemented, the School Vaccination Law will satisfy strict scrutiny review under the First Amendment. With the religious exemption, the law will no longer burden any parent's religious practices or beliefs, and it will be narrowly tailored to achieve Mississippi's compelling interest of protecting its K-12 population from crippling and deadly diseases.[6] This is so for several reasons.

*First*, MSDH has designed the religious exemption process to match, as closely as possible, the existing medical exemption process. All exemption requests, both

---

[6] For the avoidance of doubt, Dr. Edney reiterates that he does not agree that the School Vaccination Law is subject to strict scrutiny under the First Amendment or, even if it is, that it could not satisfy strict scrutiny even without a religious exemption. *See We The Patriots USA, Inc.*, 17 F.4th at 280-290; *Does 1-6*, 16 F.4th at 29-35. Dr. Edney reserves, and does not waive, his or MSDH's right to request relief from or modification of the preliminary injunction order if warranted by changes in law or circumstances.

medical and religious, will be made to, reviewed, and granted by the State Epidemiologist. Parents may request a religious or medical exemption by submitting a one-page form, after consultation with a physician or nurse about the benefits and risks of immunization and being advised by that healthcare professional that their child may be excluded from school if a vaccine-preventable disease (for which the child is not vaccinated) is occurring or threatened in the community. If the medical or religious exemption is granted, MSDH will issue the parent a Certificate of Medical/Religious Exemption Form (Form 122) that can be used to enroll their child in school without the vaccinations that would otherwise be required.

*Second*, the religious exemption request does not require notarization, verification, or any other form of "under oath" statements by a parent about his or her religious beliefs or those of the child.

*Third*, the religious exemption does not permit state or local officials to inquire into the sincerity of a parent's religious beliefs. Instead, as set forth in Section 7.4 of the Immunization Manual, the religious exemption will be granted so long as the application process is properly completed:

> Any requested religious exemption will be accepted by MSDH, and a Certificate of Medical/Religious Exemption issued if following guidelines are met . . . ."

Exhibit A (Immunization Manual, Section 7.4 – Requesting a Religious Exemption).

*Fourth*, Mississippi's religious exemption process is modeled on neighboring Alabama's process, which Plaintiffs are familiar with and have identified as an acceptable exemption process. *See* ECF No. 5 at 26-27 (Plaintiffs' summary judgment

brief describing Alabama as having "a religious exemption to vaccination that is easy to obtain"). Under Alabama's established process, a parent seeking a religious exemption for her child must submit a written objection to a county health department, receive education on the risks of not being immunized, and obtain a Certificate of Religious Exemption on a form approved by the Alabama Department of Public Health. *See* Ala. Code § 16-30-3(1); Ala. Admin. Code § 420-6-1-.02(4); Ala. Dep't of Public Health, Bureau of Communicable Disease, Immunization Division Home Page, available at https://www.alabamapublichealth.gov/immunization/.

## CONCLUSION

Dr. Edney and MSDH will publish the religious exemption process on MSDH's website on July 15, 2023, consistent with this Court's preliminary injunction, and will be prepared to accept and process exemption requests immediately after that date.

        s/ Michael J. Bentley
Michael J. Bentley [MBN 102631]
Erin Saltaformaggio [MBN 103999]
mbentley@bradley.com
esaltaformaggio@bradley.com
BRADLEY ARANT BOULT
CUMMINGS, LLP
Suite 1000, One Jackson Place
188 East Capitol Street
Post Office Box 1789
Jackson, MS 39215-1789
Telephone: (601) 948-8000
Facsimile: (601) 948-3000

*Attorneys for Dr. Daniel P. Edney,*
*State Health Officer*

## CERTIFICATE OF SERVICE

I hereby certify that on July 7, 2023, I filed the foregoing using the Court's ECF filing system which sends notice to all counsel of record.

s/Michael J. Bentley  
*Attorney for Dr. Daniel P. Edney,*  
*State Health Officer*