# Exhibit C

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | |
|---|---|
| **AMANDA BOSARGE, individually and on behalf of their minor children, et al.,**<br><br>*Plaintiffs,*<br><br>-against-<br><br>**DANIEL P. EDNEY**, in his official capacity as the State Health Officer, et al.,<br><br>*Defendants.* | Civil Action No. 1:22-cv-00233-HSO-BWR |

### DECLARATION OF LOUIS H. WATSON IN SUPPORT OF MOTION FOR COSTS AND ATTORNEY FEES

Pursuant to 28 U.S.C. §1746, I the undersigned, Louis H. Watson, Esq., makes the following declaration, under penalty of perjury under the laws of the United States of America, that the facts contained herein are true and correct to the best of my knowledge and belief and that such facts are made based on my personal and professional knowledge:

1. I am an attorney at law, duly admitted to practice in the State of Mississippi since 1991. I am admitted to practice law before this Court, as well as the Fifth Circuit Court of Appeals.

2. I am a shareholder in Watson and Norris, PLLC, where I focus on civil litigation, including civil rights and employment law. I have tried cases in Mississippi's state and federal courts, and I have handled appeals to the Mississippi Court of Appeals, the Mississippi Supreme Court, and the Fifth Circuit Court of Appeals.

3. I am familiar with the fees charged by attorneys who practice complex civil litigation in the Southern Division of the United States District Court for the Southern District of

Mississippi. In particular, I am familiar with fees charged by attorneys who practice cases involving civil rights. Our firm has successfully litigated many civil rights cases throughout Mississippi in both federal and state courts.

4.My opinions herein are to a reasonable degree of certainty in my profession.

5.I am familiar with the work of Plaintiffs' counsel. I have reviewed the docket report and the material decisions for this particular case, *Bosarge v. Edney*, No. 1:22-cv-233-HSO-BWR, 2023 U.S. Dist. LEXIS 152105, at *2 (S.D. Miss. Aug. 29, 2023) and *Bosarge,* 2023 U.S. Dist. LEXIS 152814 (S.D. Miss. April 18, 2023).

6.I am also aware that the law firm of Siri & Glimstad, LLP and Attorney Chris Wiest have recently partnered on several nationally significant civil rights cases, including prevailing against the United States Air Force and United States Army in *Doster v. Kendall,* 54 F.4th 398 (6th Cir. 2022) and *Schelske v. Austin*, Case No. 6:22-CV-049-H, (N.D. Tex. Dec. 21, 2022)*.*

7.Independent of their collaboration with Attorney Wiest, the law firm of Siri & Glimstad, LLP has also prevailed in other significant cases recently, most notably several Freedom of Information Act ("FOIA") cases brought against the Food and Drug Administration ("FDA") whereby the release of clinical trial documentation related to the Pfizer and Moderna COVID-19 vaccines was ordered to be released. *See Pub. Health & Med. Pros. for Transparency v. FDA*, No. 4:21-cv-1058-P, 2022 U.S. Dist. LEXIS 5621 (N.D. Tex. Jan. 6, 2022) and *Pub. Health & Med. Pros. v. FDA*, No. 4:22-cv-0915-P, 2023 U.S. Dist. LEXIS 82290 (N.D. Tex. May 9, 2023).

8.Independent of his collaboration with the law firm of Siri & Glimstad, LLP, attorney Christopher Wiest has also recently recorded noteworthy civil rights and First Amendment victories against various government actors. *See, e.g., Roberts v. Neace*, 958 F.3d 595

2

(6th Cir. 2020); *Fischer v. Thomas*, 52 F.4th 303 (6th Cir. 2022); and *Sisters For Life, Inc. v. Louisville-Jefferson Cnty.*, 56 F.4th 400 (6th Cir. 2022).

9. I am aware that Plaintiffs' counsel, Christopher Wiest has been licensed to practice law since 2004, Aaron Siri has been licensed to practice law since 2005, Elizabeth Brehm has been licensed to practice law since 2009, Walker Moller has been licensed to practice law since 2014, and Catherine Cline has been licensed to practice law since 2016.

10. I would highlight that Plaintiffs' counsel took on considerable risk in advancing this case. I am aware that there was directly on point adverse precedent for the issues presented in this case in *Brown v. Stone,* 378 So. 2d 218 (Miss. 1979). Attempting to overturn applicable precedent, especially on a novel constitutional claim, involves considerably more research, demands additional attorney hours to be devoted, and obviously involves a higher likelihood of failure (and consequent likelihood that attorneys' fees will not be recovered).

11. I would also draw attention to the fact that this case involved seven named plaintiffs, and to successfully advance the case required more effort and increased attorney hours than would a single plaintiff case. In my experience, managing cases with multiple plaintiffs adds considerable complexities, including potential conflicts of interest, client management issues, and increased communication demands. There were also multiple government defendants in this case.

12. I have reviewed draft invoices for this matter reflecting that Plaintiffs' counsel charged $425 an hour for lead trial attorneys and $325 an hour for attorneys working with them.

13. Based on my experience as a lawyer who handles civil rights litigation, it is my opinion that this hourly rate is reasonable and in line with rates charged by other comparable Plaintiffs' attorneys in this legal market based on their respective years of experience, and are comparable to, and within the range of fees charged by lawyers of comparable experience and skill

who have been licensed for the period of time that Plaintiffs' attorneys were when the work in this matter was performed.

14. Informing this determination is fee awards in two Southern District of Mississippi cases. In *Brown v. Miss. Dep't of Health*, No. 3:11-cv-00146-CWR-FKB, at *1 (S.D. Miss. March. 5, 2013), my firm was a prevailed on behalf of a plaintiff in a Title VII discrimination case. In this case from more than ten years ago, as the lead trial attorney and partner in my firm, I was awarded an hourly fee of $300 an hour and my partner, who had considerably less experience than me at the time, was awarded a fee of $235 an hour.

15. In a more recent decision from approximately years ago in *Pickett v. Miss. Bd. Of Animal Health*, 2021 U.S. Dist. LEXIS 205985 (S.D. Miss. Oct. 26, 2021), a plaintiff in a Title VII case was a prevailing party and the plaintiff's attorneys charged $400 an hour for the lead trial attorney and $300 an hour for the other two attorneys who worked the case.

16. I also observe that inflation has caused considerable upward adjustments in legal rates in the market since the *Pickett* decision on attorneys' fees was decided. *See* https://www.bls.gov/data/inflation_calculator.htm (last visited 9/15/2023) (adjusting $400 from October 2021—when the *Pickett* attorney fee order was issued—equates to $444.02 in August of 2023). But an inflation adjustment alone does not adjust for additional experience that these attorneys have obtained in the last year, nor does it account for general market adjustments to rates in the relevant market which have increased significantly in the past two years, all of which make the requested rate in this matter fair, reasonable, and appropriate.

17. I also take note of the statewide significance of the constitutional issues raised by the Plaintiffs and advocated for by their attorneys in this litigation. I also recognize that not many attorneys are willing to take on civil rights cases such as litigated in this matter. Simply put,

4

Plaintiffs' counsel advocated for a position not shared by the overwhelming majority of Mississippians. Though I do not assign a dollar amount to these considerations, I do note their importance to the question and to the appropriate amount of legal fees in this case.

18.     I have also undertaken to review the time and billing entries submitted by Plaintiffs' counsel. My review of these entries and billing rates indicate that the hours worked and fees requested comport with, and are reasonable in light of the factors contained in *Johnson v. Georgia Highway Exp., Inc.*, 488 F.2d 714 (5th Cir. 1974) and *Shipes v. Trinity Indus.*, 987 F. 2d 311, 319 (5th Cir. 1993) insofar as they: (1) accurately reflect the time and labor reasonably required in the prosecution of this matter; (2) capture the novelty and difficulty of the questions involved; (3) account for the skill required to perform the work properly; (4) factor in the opportunity costs for Plaintiffs' counsel to take this case and decline other work; (5) accurately reflect the fees customarily charged by others for similar legal services; (6) take into consideration whether the fee was fixed or contingent; (7) factors in relevant time limitations; (8) duly consider the amount involved and the results obtained; (9) reflect the experience, reputation, and ability of Plaintiffs' counsel; (10) take into consideration the undesirability of the case (including the presence of directly on-point adverse precedent and the fact that Plaintiffs are a small and insular minority with religious objections to vaccination that are not shared by the majority of the population); (11) factor in the nature and length of the professional relationship with the client; and (12) reflect due consideration to awards in similar cases.

19.     In my professional opinion, the total hours spent on this matter—involving a somewhat novel constitutional argument, a year of litigation with seven named plaintiffs against

5

multiple government entities with asymmetric resources, with often time sensitive deadlines—were reasonable, necessary, and appropriate for this litigation.

20. I have also reviewed draft invoices for this case reflecting that Plaintiffs' counsel charged $75 an hour for paralegals, which is in line with the market rates in the Southern District of Mississippi and the *Pickett* decision, particularly considering substantial inflation over the past two years.

21. Further, considering the complexity of the case, especially with regard to the constitutional issues presented, the number of plaintiffs and defendants (and the attendant administrative demands generated), the paralegal time and administrative hours spent and billed for were reasonable, necessary, and appropriate for this litigation.

22. I also note that Plaintiffs' counsel eliminated a large portion of duplicative, unnecessary, or inappropriate charges from their respective time sheets, taking into account that other attorneys or firms may arguably have devoted fewer resources to the case.

23. Further, it is my opinion to a reasonable degree of certainty that any substantial reduction of an award of the attorney fees sought in this matter would have a substantial chilling effect on the vindication of constitutional and civil rights in the future in this District. Congress enacted 42 U.S.C. § 1988 to ensure that constitutional rights would be vindicated by competent counsel. Therefore, I do not believe that substantial deduction is appropriate.

24. I have likewise reviewed the out-of-pocket costs and find those to be reasonable and customary in the industry.

25. Finally, a review of the time entries reveal that the time and work was appropriate for the tasks being performed.

Pursuant to 28 U.S.C. §1746, I declare under penalties of perjury under the laws of the United States of America that the foregoing Declaration is true and correct to the best of my knowledge and belief and that such facts are made based on my personal knowledge.

Executed on September 19, 2023

09/20/2023 20:02 UTC

*Louis H. Watson*
Louis H. Watson, Esq.

7

 🔒Document Completion Certificate

```
Document Reference    : e34419c0-9abf-4f9d-9332-c195ba9a127f
Document Title        : Declaration
Document Region       : Northern Virginia
Sender Name           : Louis Watson
Sender Email          : louis@watsonnorris.com
Total Document Pages  : 7
Secondary Security    : Not Required
Participants
 1. Louis Watson (louis@watsonnorris.com)
CC
 1. wmoller@sirillp.com
```

## Document History

| Timestamp | Description |
|---|---|
| 09/20/2023 19:58PM UTC | Sender downloaded document. |
| 09/20/2023 20:01PM UTC | Document sent by Louis Watson (louis@watsonnorris.com). |
| 09/20/2023 20:01PM UTC | Email sent to Louis Watson (louis@watsonnorris.com). |
| 09/20/2023 20:02PM UTC | Document viewed by Louis Watson (louis@watsonnorris.com). 31.221.30.162 Mozilla/5.0 (Windows NT 10.0; Win64; x64) AppleWebKit/537.36 (KHTML, like Gecko) Chrome/116.0.0.0 Safari/537.36 |
| 09/20/2023 20:02PM UTC | Louis Watson (louis@watsonnorris.com) has agreed to terms of service and to do business electronically with Louis Watson (louis@watsonnorris.com). 31.221.30.162 Mozilla/5.0 (Windows NT 10.0; Win64; x64) AppleWebKit/537.36 (KHTML, like Gecko) Chrome/116.0.0.0 Safari/537.36 |
| 09/20/2023 20:02PM UTC | Signed by Louis Watson (louis@watsonnorris.com). 31.221.30.162 Mozilla/5.0 (Windows NT 10.0; Win64; x64) AppleWebKit/537.36 (KHTML, like Gecko) Chrome/116.0.0.0 Safari/537.36 |
| 09/20/2023 20:02PM UTC | Document copy sent to Louis Watson (louis@watsonnorris.com). |