# Exhibit D

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

| | |
|---|---|
| **AMANDA BOSARGE, individually and on behalf of their minor children, et al.,**<br><br>*Plaintiffs,*<br><br>-against-<br><br>**DANIEL P. EDNEY**, **in his official capacity as the State Health Officer, et al.,**<br><br>*Defendants.* | Civil Action No. 1:22-cv-00233-HSO-BWR |

**DECLARATION OF ATTORNEY CHRISTOPHER WIEST IN SUPPORT OF
PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND COSTS**

I, Christopher Wiest, declare as follows:

1.　I am an adult over 18 years of age and am an attorney duly licensed to practice law before all courts of the States Ohio and Kentucky. I am owner of my own law firm, Chris Wiest Attorney at Law, PLLC and counsel for Plaintiffs in the above-referenced action. I make this declaration in support of Plaintiffs' Motion for Attorneys' Fees and Costs in the above-referenced action. The following facts are within my personal and professional knowledge and, if called as a witness herein, I can and will competently testify thereto.

2.　I submit this declaration in support of Plaintiffs' Motion for Attorneys' Fees and Expenses pursuant to 42 U.S.C. § 1983, 42 U.S.C. § 1988, and Rule 54(c) of the Local Uniform Civil Rules of the Southern District of Mississippi.

3.　I have 18 years of litigation experience. I earned my J.D. from the University of Cincinnati in 2004. From 2004-2005, I was an Assistant Attorney General for the Ohio Attorney

General's Office. From 2005 to 2012, I practiced law with a large law firm's Cincinnati's office. Since 2012 (except for a brief period from April 2017 through January 2018), I have been a solo practitioner, with an office in Crestview Hills, Kentucky and later in Cincinnati, Ohio as well. Since 2013, I have handled a significant number of Constitutional matters in federal court in Ohio, Kentucky, Texas, New Mexico, Virginia, West Virginia, California, the District of Columbia, the Sixth Circuit Court of Appeals and the D.C. Circuit Court of Appeals.

4. In my current practice, I charge clients on a case-by-case basis, depending on the complexity, forum, and difficulty of the litigation. For significant matters, such as this one, my hourly rates are generally $550 per hour or more (depending on the jurisdiction).

5. Based on my background, experience, education, and skill, the hours requested in the fee application, by both myself and my co-counsel, have been necessarily expended.

6. The fees requested are reasonable insofar as they accurately reflect the time and labor required in the prosecution of this matter, the difficulty of the questions involved, the skill required to perform the work properly, comport with the fees charged by others for similar legal services, and are appropriate in light of the results obtained.

7. This particular case involved a number of factors that also support the requested rate and support the hours worked. First, a significant amount of time and labor was involved—in no small part due to the actions of Defendants who refused to settle this matter prior to the April 17, 2023 Preliminary Injunction Hearing, which necessitated a significant amount of attorney hours.

8. The relief obtained for the clients, and the state at large, was and is significant.

9. Additionally, this case involved, from the outset, a significant level of undesirability given the vaccine subject matter.

10. Like Siri & Glimstad LLP, I exercised billing judgment at the time the work was recorded. For instance, I did not record every short assignment and phone call. I did not bill for duplicative work that was being handled by Siri & Glimstad LLP. I have reviewed each time entry and made a good faith effort to exclude hours that are excessive, redundant, or otherwise unnecessary. Thus, compensation is not sought for all of the work performed. All time is entered on the case contemporaneous with the work that was performed.

11. Therefore, it is my opinion, given my experience, circumstances, the work performed, and similar factors, as well as my research of comparable attorney fee awards and market surveys, that the prevailing market rate, for civil rights litigation in federal court in the Southern District of Mississippi, and for an attorney with my experience and full circumstances, is $425 per hour.

12. Based on a review of my records, the below breaks down my time into two categories of time: (1) entries related to the April 17, 2023 Preliminary Injunction Hearing; (2) entries not related to the April 17, 2023 Preliminary Injunction Hearing.

| PI-Hearing-Related Hours | Non-PI Hearing-Related Hours | Rate | Total |
|---|---|---|---|
| 32.3 | 40.3 | $425 | $30,855.00 |

13. A detailed itemized list of expenses and time entries is attached hereto as Exhibit 1, "Itemization of Expenses and Time Expended by Chris Wiest Law." A C.V. is attached as Exhibit 2.

Pursuant to 28 U.S.C. §1746, I declare under penalties of perjury under the laws of the United States of America that the foregoing Declaration is true and correct to the best of my knowledge and belief and that such facts are made based on my personal knowledge.

Executed on 9/20/2023. _____

Christopher Wiest

3

# EXHIBIT 1

Chris Wiest, Atty at Law, PLLC

25 Town Center Blvd, Suite 104
Crestview Hills, KY 41017

# Statement of Services

| Date | Invoice # |
|---|---|
| 8/31/2023 | 1307 |

| Bill To |
|---|
| Bossarge - MS Litigation |

| P.O. No. | Terms | Project |
|---|---|---|
|  |  |  |

| Date | Description | Hours | Rate | Amount |
|---|---|---|---|---|
| 7/27/2022 | Revise, research and edit Complaint for MS Bossarge case. | 1.1 | 425.00 | 467.50 |
| 8/19/2022 | Draft, edit, research PI Motion and MOL. | 3.2 | 425.00 | 1,360.00 |
| 8/26/2022 | Review, revise, research and draft PI MOL | 1.2 | 425.00 | 510.00 |
| 8/26/2022 | Review, revise, and additional research on MSJ and other pleadings | 2.3 | 425.00 | 977.50 |
| 9/21/2022 | Discuss agreement to be bound orders with co-counsel and edit order re: same. | 0.6 | 425.00 | 255.00 |
| 11/23/2022 | Draft and research insert for Pullman response. | 1.8 | 425.00 | 765.00 |
| 11/28/2022 | Review brief and draft and edit changes. | 2.3 | 425.00 | 977.50 |
| 12/1/2022 | Review brief and draft and edit changes. | 0.5 | 425.00 | 212.50 |
| 12/3/2022 | PI Reply draft, edit, and research (1.4); MOL Pullman response draft, edit, and research (1.8) | 3.2 | 425.00 | 1,360.00 |
| 12/4/2022 | Redline MS papers (with additional research) | 2.7 | 425.00 | 1,147.50 |
| 2/20/2023 | Edit status report | 0.7 | 425.00 | 297.50 |
| 3/14/2023 | Call with court (0.7); follow up calls with co-counsel (0.4) | 1.1 | 425.00 | 467.50 |
| 3/15/2023 | Call to discuss PI hearing and preparation for same. | 1.1 | 425.00 | 467.50 |
| 3/17/2023 | Review, draft, and research supplemental brief. | 4.1 | 425.00 | 1,742.50 |
| 3/21/2023 | Draft and edit supplemental brief. | 2.2 | 425.00 | 935.00 |
| 3/22/2023 | Interview clients for PI hearing. | 1.8 | 425.00 | 765.00 |
| 3/23/2023 | Interview clients for PI hearing. | 3.6 | 425.00 | 1,530.00 |
| 3/23/2023 | Prepare rough witness outline. | 0.4 | 425.00 | 170.00 |
| 3/31/2023 | Call re: 26(f) | 0.2 | 425.00 | 85.00 |
| 4/4/2023 | 26(f) conference | 0.6 | 425.00 | 255.00 |
| 4/4/2023 | Conference re: Reply for PI | 0.7 | 425.00 | 297.50 |

| | | | | |
|---|---|---|---|---|
| | | | **Total** | |
| | | | **Payments/Credits** | |
| | | | **Balance Due** | |

| Phone # | Fax # | E-mail |
|---|---|---|
| 513/257-1895 | 859/495-0803 | chris@cwiestlaw.com |

Page 1

Chris Wiest, Atty at Law, PLLC

25 Town Center Blvd, Suite 104
Crestview Hills, KY 41017

# Statement of Services

| Date | Invoice # |
|---|---|
| 8/31/2023 | 1307 |

| Bill To |
|---|
| Bossarge - MS Litigation |

| P.O. No. | Terms | Project |
|---|---|---|
|  |  |  |

| Date | Description | Hours | Rate | Amount |
|---|---|---|---|---|
| 4/4/2023 | Draft, edit, and research Section C insert (proper party, Ex parte young) | 4.2 | 425.00 | 1,785.00 |
| 4/6/2023 | Review, research, and edit Reply to PI brief. | 2.6 | 425.00 | 1,105.00 |
| 4/15/2023 | Draft email to A. Siri re cases (0.4); edit and revise 26(a) disclosures (0.3); edit and revise settlement report (0.2) | 0.9 | 425.00 | 382.50 |
| 4/15/2023 | Prepare for argument, review cases and quotations. | 6.8 | 425.00 | 2,890.00 |
| 4/16/2023 | Travel to MS for hearing and prepare for argument during travel) (4.2); Witness and hearing preparation with co-counsel in MS (4.4) | 8.6 | 425.00 | 3,655.00 |
| 4/17/2023 | PI Hearing and final prep for same. | 6.7 | 425.00 | 2,847.50 |
| 4/18/2023 | Travel from PI hearing | 3.3 | 425.00 | 1,402.50 |
| 4/24/2023 | Call with court | 0.3 | 425.00 | 127.50 |
| 7/17/2023 | Review case and materials and confer re: taking case to final disposition | 1.2 | 425.00 | 510.00 |
| 8/3/2023 | Prepare renewed MSJ and proposed order granting same. | 1.1 | 425.00 | 467.50 |
| 8/14/2023 | Draft discovery | 1.2 | 425.00 | 510.00 |
| 8/28/2023 | Court telephonic hearing | 0.3 | 425.00 | 127.50 |
| 4/16/2023 | Airfare, gulfport for PI hearing |  | 370.00 | 370.00 |
| 6/1/2023 | Hotel expense for PI hearing |  | 422.65 | 422.65 |
| 6/1/2023 | Uber expenses - MS |  | 51.60 | 51.60 |
| 6/1/2023 | Parking - MS Trip |  | 60.00 | 60.00 |
|  | Total Reimbursable Expenses |  |  | 904.25 |

**Total**  $31,759.25

**Payments/Credits**  $0.00

**Balance Due**  $31,759.25

| Phone # | Fax # | E-mail |
|---|---|---|
| 513/257-1895 | 859/495-0803 | chris@cwiestlaw.com |

# Christopher D. Wiest

25 Town Center Blvd, Suite 104
Crestview Hills, KY 41017
513/257-1895(c/v)
*chris@cwiestlaw.com*

**EXPERIENCE**

**Chris Wiest, Attorney at Law, PLLC, Crestview Hills, Kentucky**

**Litigation:**
-Focus on federal and constitutional law matters, including:
- Serve as lead or co-counsel in numerous civil rights cases, including as arguing counsel:
    - **2020-2023 matters:**

    - *Massie v. Pelosi*, 72 F.4th 319 (D.C. Cir. 2023) (Representation of 3 members of Congress in challenge to fines under the 27th Amendment and other federal constitutional claims); *Massie v. Pelosi,* 590 F. Supp. 3d 196 (DCD 2022);
    - *Doster v. Kendall,* 54 F.4th 398 (6th Cir. 2022)*,* served as class and arguing counsel in certified national class under RFRA for Air Force members over religious objections to a vaccine mandate; *also*: *Doster v. Kendall*, 1:22-cv-84 (SDOH, 2022) – published decisions at *Doster v. Kendall*, 48 F.4th 608 (6th Cir. 2022); *Doster v. Kendall*, No. 1:22-cv-84, 2022 U.S. Dist. LEXIS 59381 (S.D. Ohio Mar. 31, 2022); *Doster v. Kendall*, 342 F.R.D. 117 (S.D. Ohio 2022); *Doster v. Kendall*, 65 F.4th 792 (6th Cir. 2023) (denial of government's en banc motion)
    - *Roberts v. Neace*, 958 F.3d 595 (6th Cir. 2020) (obtained injunction pending appeal in a published decision that found a First Amendment Free Exercise violation, and re-opened in person worship in the Commonwealth of Kentucky in the midst of COVID-19, in a decision that has since been cited repeatedly by the United States Supreme Court); *Maryville Baptist Church, Inc. v. Beshear*, 977 F.3d 561 (6th Cir. 2020) (same, resolution after appeal); *Roberts v. Neace*, 65 F.4th 280 (6th Cir. 2023) (decision on prevailing party attorney fee award after appeal by Governor); *Roberts v. Neace,* 457 F. Supp.3d 595 (EDKY 2020) (finding Governor's COVID-19 travel ban unconstitutional and enjoining same);
    - *Fischer v. Thomas*, 52 F.4th 303 (6th Cir. 2022) (First Amendment judicial speech case, obtained published injunction pending appeal).
    - *Sisters For Life, Inc. v. Louisville-Jefferson Cnty.*, 56 F.4th 400 (6th Cir. 2022) (reversal of district court in favor of client on First Amendment abortion clinic buffer zone ordinance; ordinance invalidated)
    - *Mitchell v. City of Cincinnati,* 2022 U.S. App. LEXIS 27444 (6th Cir. 2022) (decision on appeal related to Cincinnati Police supervisor consent decree that had racial quotas).
    - *Hils, et. al. v. Davis, et. al.*, 1:21-cv-00475 (SDOH 2021) (Freedom of the Press case involving right of police to record their interviews with the City of

- Cincinnati Citizen Complaint Authority); *Hils v. Davis*, 52 F.4th 997 (6th Cir. 2022) (decision on appeal).
- *Bosarge v. Edney*, 2023 U.S. Dist. LEXIS 152814 (MSSD 2023) (permanent injunction granted on vaccination requirement requiring religious exemption); *Bosarge v. Edney*, 2023 U.S. Dist. LEXIS 67439 (MSSD 2023 (same, preliminary injunction).
- *W. Va. Parents for Religious Freedom v. Christiansen*, 2023 U.S. Dist. LEXIS 105461 (WVND 2023) (First Amendment religious challenge to vaccination mandate).
- *Coleman v. Winbigler*, No. 22-75-DLB-CJS, 2022 U.S. Dist. LEXIS 125562 (E.D. Ky. July 15, 2022) (one person, one vote claim, preliminary injunction issued).
- *Hornback v. Czartorski*, 2022 U.S. Dist. LEXIS 137779 (WDKY 2022) (denial of summary judgment to Defendants in police misconduct/excessive force Fourth Amendment case);
- *Wenrich v. Franz*, 2022 U.S. Dist. LEXIS 83089 (SDOH 2022) (denial of summary judgment on false arrest case to state trooper);
- *Mazer v. D.C. Department of Health*, 1:21-cv-01782 (DCD 2021) (published at *Booth v. Bowser*, 597 F. Supp. 3d 1 (D.D.C. Mar. 24, 2022)) (Constitutional challenge to DC's minor vaccination consent law based on the fundamental right to parent and make medical decisions for minors).
- *Schelske v. Austin*, 2022 U.S. Dist. LEXIS 229432 (TXND 2022) (preliminary injunction granted for Army service members related to vaccine mandate under RFRA)
- *MCP No. 165 v. United States DOL*, 20 F.4th 264 (6th Cir. 2021) (OSHA vaccine mandate); *Mass. Bldg. Trades Council v. United States DOL (In re MCP No. 165)*, 21 F.4th 357 (6th Cir. 2021) (related OSHA vaccine mandate case).
- *Nemes v. Bensinger*, 467 F. Supp. 3d 509 (WDKY 2020) (election challenge under First and Fourteenth Amendments and VRA for COVID reduction in polling places); *Nemes v. Bensinger*, 336 F.R.D. 132 (WDKY 2020) (same);
- *Poffenbarger v. Kendall*, 588 F. Supp. 3d 770 (SDOH 2022) (preliminary injunction granted under RFRA against Air Force on vaccine mandate case);
- *Ramsek v. Beshear*, 468 F. Supp.3d 904 (EDKY 2020) (finding Governor's gathering ban, as applied to political gatherings, unconstitutional under the First Amendment); *Ramsek v. Beshear*, 989 F.3d 494 (6th Cir. 2021) (finding Governor's appeal moot).
- *Kohler v. City of Cincinnati*, 2021 U.S. Dist. LEXIS 76457 (SDOH 2021) (reverse race discrimination case under the Equal Protection Clause, challenging a 40-year-old race and sex quota consent decree in Cincinnati police hiring); *Kohler v. City of Cincinnati*, 2022 U.S. App. LEXIS 22264 (6th Cir. 2022).
- *Clark v. Stone*, 998 F.3d 287 (6th Cir. 2021) (Fourth Amendment search case by social workers).

- *Beshear v. Acree*, 615 SW 3d 780 (Ky. 2020) (representation of business in challenges under state constitutional to Governor's emergency executive powers).
- *Sweeney v. Crigler,* 457 F.Supp.3d 577 (EDKY 2020) (obtained preliminary injunction in favor of third parties and independent candidates upon challenges to Kentucky's ballot access laws);
- *Daly v. Neil*, 1:18-cv-00346 (SDOH 2018) (lead counsel, Second Amendment challenge to Ohio's concealed carry requirement for a firearm in a private motor vehicle); *Daly v. McGuffey*, 2021 U.S. App. LEXIS 33901 (6th Cir. 2021) (decision on appeal)

- **Pre 2020 matters:**

- *Winter v. Wolnitzek*, 834 F.3d 681 (6th Cir. 2016) (lead counsel in a successful First Amendment challenge to Kentucky's Judicial Canons); *see, also, Blau v. Wolnitzek (In re Winter)*, 482 S.W.3d 768 (Ky. 20160 (related Kentucky Supreme Court matter)
- *Schickel v. Dilger*, 2017 U.S. Dist. LEXIS 86555 (EDKY 2017) (lead counsel, First Amendment challenge to campaign finance and legislative ethics laws); Schickel v. Dilger, 2019 U.S. App. LEXIS 21768 (6th Cir. 2019), *see, also*, 2019 U.S. App. LEXIS 21038, 2019 U.S. App. LEXIS 20689, *Schickel v. Dilger*, 925 F.3d 858 (6th Cir. 2019).
- *Brooksbank v. Koch*, 2019 U.S. Dist. LEXIS 224068 (WDKY 2019) (fee award after jury trial in favor of client on Fourth and First Amendment claims)
- *Libertarian Nat'l Comm. v. Holiday*, 907 F.3d 941 (6th Cir. 2018) (First Amendment access/debate case);
- *Libertarian Party of Ky. v. Grimes*, 835 F.3d 570 (6th Cir. 2016) (First Amendment ballot access case);
- *Russell v. Grimes*, 784 F.3d 1037 (6th Cir. 2015) (lead counsel, First Amendment Electioneering case);
- *Hunter v. Hamilton County, et. al.,* 1:15-cv-00540 (SDOH 2015) (lead counsel, defense of private attorneys retained by county to represent former judge in wide-ranging civil rights claims against attorneys and judges by that former judge);
- *USA v. $11,000.00 in United States Currency*, 2:14-cv-00125, EDKY 2014 (serve as co-counsel with Institute for Justice attorneys on challenge to civil asset forfeiture by the United States; obtained the funds in question for the client as a resolution to the case and national press shut down civil asset forfeiture for approximately a year);
- *Brown, et. al. v. Kentucky LRC, et. al.*, EDKY, 2:13-cv-0068, 966 F. Supp. 2d 709 (KYED 2013) (lead counsel, Kentucky redistricting suit, invaliding maps);

Past Experience:

**Thompson Hine, LLP**, Cincinnati, Ohio.
Associate, September, 2005-July, 2012.

**Ohio Attorney General's Office**, Columbus, Ohio.
Assistant Attorney General, September 2004-2005.

### EDUCATION

**University of Cincinnati College of Law**, Cincinnati, Ohio.
J.D., May 2004, *Order of the Coif*.
**Honors and Activities**:
-*University of Cincinnati Law Review*; Editorial Board 2003-04; Associate Member 2002-2003.
-Elected to the *Order of the Coif*.
**University of Cincinnati College of Business**, Cincinnati, Ohio.
Bachelor of Business Administration, December, 2000.

### ADMISSIONS

Supreme Court of Ohio, 2004
Supreme Court of Kentucky, 2005
U.S. Court of Appeals for the D.C. Circuit, 2004
U.S. Court of Appeals for the Sixth Circuit, 2004
U.S. Court of Appeals for the Fourth Circuit, 2023
U.S. District Court for the Northern District of Ohio, 2004
U.S. District Court for the Southern District of Ohio, 2005
U.S. District Court for the Eastern District of Kentucky, 2006
U.S. District Court for the Western District of Kentucky, 2006
U.S. District Court for the D.C. District, 2021