UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | |
|---|---|
| **AMANDA BOSARGE, individually and on behalf of their minor children, et al.,** *Plaintiffs,* -against- **DANIEL P. EDNEY**, **in his official capacity as the State Health Officer, et al.,** *Defendants.* | Civil Action No. 1:22-cv-00233-HSO-BWR |

**PLAINTIFFS' MEMORANDUM BRIEF IN SUPPORT OF MOTION FOR ATTORNEYS' FEES AND COSTS**

COME NOW Plaintiffs, by and through counsel, in accordance with 42 U.S.C. § 1983, 42 U.S.C. § 1988, and Rule 54(c) of the Local Uniform Civil Rules of the Southern District of Mississippi, timely file this Memorandum Brief in Support of Motion for Attorneys' Fees and Costs against Dr. Edney, and in support thereof would respectfully show unto the Court as follows:

**INTRODUCTION**

This case was resolved via Motion for Summary Judgment with an Order being entered in favor of Plaintiffs and a permanent injunction being granted against Defendants on August 29, 2023, requiring the State of Mississippi to allow religious exemptions to its public-school vaccination requirement. The injunction overturned more than four decades of precedent, restoring religious freedom for public schoolchildren statewide. More than one thousand children who had been denied access to a public education because their families' religious beliefs prohibited them from being vaccinated can now access a formal education. Further, this case was the first of its

kind in the United States, establishing a First Amendment Free Exercise right to decline compulsory childhood vaccination where secular exemptions to the vaccination mandate are provided.

Defendants have been on notice of Plaintiffs' intent to seek attorneys' fees and costs since the filing of the original Complaint on September 1, 2022 (Dkt. 1 at 40); Defendants' respective answers acknowledged and addressed Plaintiffs' request for attorneys' fees and costs (Dkt. 33 at 27; Dkt. 36 at 21.); and the Court acknowledged Plaintiffs' intention to seek attorneys' fees and costs on several occasions during the course of this litigation. (Dkt. 38 at 2; Dkt. 65 at 3; Dkt. 66 at 3; Dkt. 77 at 3.) Plaintiff sent an initial request for attorneys' fees and costs to Defendants on September 14, 2023. *See* Exhibit A, Declaration of Walker Moller, hereinafter "**Moller Decl**." Plaintiffs' subsequently filed a Motion Seeking Deadline by Which to File Motion for Attorneys' Fees and Costs, (Dkt. 89), and the instant Motion for Attorneys' Fees and Costs.

The Supreme Court has addressed the importance of appropriate attorneys' fees in civil rights cases in *Perdue v. Kenny*, stating, "[A] reasonable fee is a fee that is sufficient to induce a capable attorney to undertake the representation of a meritorious civil rights case." *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 552 (2010). Given the nature and far-reaching impact of this matter, and the novel constitutional claims presented, reasonable attorneys' fees and costs are warranted. For the reasons discussed below, Plaintiffs request the Court to award them reasonable attorneys' fees and costs.

## ARGUMENT

### I.      THE REQUEST FOR ATTORNEYS' FEES AND COSTS IS TIMELY

Because the Complaint sought fees and costs pursuant to 42 U.S.C. § 1988, *see* Dkt. 1 at 40, this motion has been timely filed as the fees are considered the "costs" of litigation, not

traditional attorney fees subject to Rule 54(d)(2)(B)'s timing limitations. *See* 42 U.S.C. § 1988(b) (defining attorneys' fees under § 1988 as "costs," stating in "the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's **fee as part of the costs** . . .") (emphasis added)). As such, the attorneys' fees sought herein are considered the "costs" of litigation, and the court can entertain a motion for attorneys' fees notwithstanding Rule 54(d)(2)(B)'s 14-day filing limitation.

Consistent with the plain language of 42 U.S.C. § 1988, the Fifth Circuit has held, "[b]ecause Congress directed that attorney's fees under section 1988 be treated as costs, there is no jurisdictional time limit on the filing of a motion seeking such fees." *Knighton v. Watkins*, 616 F.2d 795, 798 (5th Cir. 1980); *see also Associated Builders & Contractors, Inc. v. Orleans Par. Sch. Bd.*, 919 F.2d 374, 381 (5th Cir. 1990) (holding "there is no jurisdictional time limit on the filing of a motion seeking [attorney's] fees" under § 1988, and noting that a "district court [can], in its discretion, entertain the motion for attorney's fees . . . made two months after the entry of the settlement order.").

Rule 54 was amended in 1993, after *Knighton* and *Associated Builders* were decided, and more specifically detailed the procedure for seeking attorneys' fees, including a provision that such motions must be filed "no later than 14 days after the entry of judgment" unless "a statute or court order provides" otherwise. Here, 42 U.S.C. § 1988 specifically defines the attorneys' fees as the "costs" of litigation and therefore removes this motion from Rule 54(d)(2)(B)'s 14-day filing limitation. In addition, even if the 1993 Amendment to Rule 54(d) dictates a 14-day filing requirement on attorneys' fees requests under § 1988, the Court nonetheless possesses discretion to entertain a motion for attorneys' fees filed within weeks of final judgment and to order Plaintiffs to file such a motion within a timeframe it determines is just and reasonable in these circumstances.

3

*See Wells v. City of Alexandria*, No. 01-1686, 2004 U.S. Dist. LEXIS 30917, at *15 (W.D. La. Sept. 17, 2004) (internal citations omitted) (in case decided after the 1993 amendments to Rule 54(d), holding that "Even assuming arguendo that the Defendants' motion for fees is untimely under Rule 54(d)(2)(B), it may still be considered under section 1988. District courts should treat motions for section 1988 attorney's fees as motions for costs under Rules 54(d) and 58, and Rule 54(d) does not specify a deadline for when motions for costs should be made…there is no jurisdictional time limit on the filing of a motion seeking [attorney's] fees under 42 U.S.C. § 1988, a district court could, in its discretion, entertain [a] motion for attorney's fees made well after the entry of the order or judgment.").

Permitting Plaintiffs' Motion for Attorneys' Fees and Costs would be consistent with Rule 54(d)'s two overarching rationales which are: (1) to place defendants on notice of the plaintiff's intent to seek fees and (2) because prompt filing "enables the court in appropriate circumstances to make its ruling on a fee request in time for any appellate review of a dispute over fees to proceed at the same time as review on the merits of the case." *See* Fed. R. Civ. 54 Notes of Advisory Committee on Rules – 1993 Amendments. *See also Wells,* 2004 U.S. Dist. LEXIS 30917, at *14 (acknowledging Fifth Circuit precedent that held "that a court may deem the notification for fees sufficient if it satisfies the intended purposes of Rule 54(d)(2). One of the key functions of Rule 54(d)(2) is to ensure that parties properly notify their opposing parties of their requests for attorneys' fees. The [Fifth Circuit] deemed a plaintiff's motion for attorneys' fees filed 343 days after the entry of final judgment timely because the plaintiff's complaint requesting fees under 42 U.S.C. § 1988, and the district court's acknowledgement of that request, were sufficient to notify opposing counsel of the request for fees.") (internal citations omitted). Defendants have been notified at multiple junctures of this litigation of Plaintiffs' intent to seek attorneys' fees. (*See* Dkt.

4

1 at 40; Dkt. 33 at 27; Dkt. 36 at 21; Dkt. 38 at 2; Dkt. 65 at 3; Dkt. 66 at 3; Dkt. 77 at 3). Moreover, Defendants did not appeal the preliminary injunction nor have they indicated that they intend to appeal the permanent injunction, which they agreed not to oppose before the Court entered it; therefore, timing of appellate review of the merits is not applicable here.

Therefore, considering these factors, Plaintiffs respectfully submit that this Motion is timely filed because the Complaint sought fees and costs under 42 U.S.C. § 1988, and, alternatively, the Court can in its discretion entertain this motion outside of Rule 54(d)(2)(B)'s 14-day filing limitation because this is a § 1988 case and Rule 54's "unless … a court order provides otherwise" language allows it.

## II. PLAINTIFFS ARE THE PREVAILING PARTY

In § 1988(b), Congress created an exception to the "American Rule" that litigants pay for their own attorney fees. *See Sole v. Wyner*, 127 S. Ct. 2188, 2191 (2007); *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 602 (2001). This section provides that "the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs." 42 U.S.C. § 1988(b). The Supreme Court has noted that "'[t]he touchstone of the prevailing party inquiry' . . . is 'the material alteration of the legal relationship of the parties in a manner which Congress sought to promote in the fee statute.'" *Sole*, 127 S. Ct. at 2194 (quoting *Tex. State Teachers Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 792-93 (1989)).

The Fifth Circuit held that, to be a prevailing party, a plaintiff must "(1) obtain actual relief, such as an enforceable judgment or a consent decree; (2) that materially alters the legal relationship between the parties; and (3) modifies the defendant's behavior in a way that directly benefits the plaintiff at the time of the judgment or settlement." *Energy Mgmt. Corp. v. City of Shreveport*, 467

F.3d 471, 482 (5th Cir. 2006). And a permanent injunction, the relief obtained here, qualifies. *Grisham v. City of Fort Worth*, 837 F.3d 564 (5th Cir. 2016). Plaintiffs are thus the prevailing party.

### III.  THE ATTORNEYS' FEES AND COSTS SOUGHT ARE REASONABLE

Pursuant to 42 U.S.C. § 1988, the Court has discretion to "allow the prevailing party . . . reasonable attorney's fee as part of the costs." *Id.* at §(b).

The United States Supreme Court has held that "[t]he most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate."  *Hensley*, 461 U.S. at 433.  The product of the hours worked multiplied by the hourly rate is the "lodestar."  *Mid-Continent Cas, Co. v. Chevron Pipe Line Co.*, 205 F.3d 222, 232 (5th Cir. 2000).   The Court may then adjust the lodestar for reasonableness. *Longden v. Sunderman*, 979 F.2d 1095, 1098 (5th Cir. 1992). In considering the reasonableness, the Court looks to the following twelve factors:

> (1) the time and labor required for the litigation; (2) the novelty and difficulty of the questions presented; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the result obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Johnson v. Georgia Highway Exp., Inc.*, 488 F.2d 714 (5th Cir. 1974), *abrogated on other grounds by Blanchard v. Bergeron*, 489 U.S. 87 (1989)).  The basic issue is "the fee that the prevailing attorney would have received for representing a paying client who was billed by the hour in a comparable case . . . ." *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 542 (2010).

Because they are undisputedly the "prevailing party," Plaintiffs respectfully respect that the Court grant their motion for attorneys' fees and costs, which are reasonable under *Johnson* for

6

the reasons detailed below. *See* Watson Decl. ¶ 18.

### A. Time and Labor Required

1) Aaron Siri spent a total of 44.0 hearing hours on this case and 165.3 non-hearing hours.
2) Christopher Wiest spent a total of 32.3 hearing hours on this case and 40.3 non-hearing hours.
3) Elizabeth Brehm spent a total of 1.9 hearing hours on this case and 54.8 non-hearing hours.
4) Walker Moller spent a total of 41.9 hearing hours on this case and 244.6 non-hearing hours.
5) Nicky Tenney spent a total of .6 hearing hours on this case and 48.5 non-hearing hours.
6) Siri & Glimstad, LLP has incurred costs totaling $12,302.62 as of the filing of this brief in connection with this case.
7) Chrisopher Wiest has incurred costs totaling $904.25 as of the filing of this brief in connection with this case.

*See* Itemization of Expenses and Time Expended by Siri & Glimstad LLP, attached to the Declaration of Aaron Siri, Exhibit B, hereinafter, "**Siri Decl.**" The above hours reflect deletions and deductions made by Plaintiffs' Counsel in good faith to avoid any unnecessary, duplicative, or otherwise potentially objectional time entries. The deductions are reflected in the itemizations of time expended by Siri & Glimstad LLP and Chris Wiest. *See also* Watson Decl. ¶ 22.

### B. Novelty and Difficulty of the Questions

This case involved a First Amendment religious freedom challenge against an existing Mississippi state law that allowed secular exemptions but not religious exemptions to its childhood public school vaccination requirement. As a result of this litigation, children throughout Mississippi are now free to attend public school without compromising their sincere religious beliefs.

Plaintiffs' counsel took on considerable risk in advancing this case. Before filing the case, Plaintiffs' attorneys were aware of directly on point adverse precedent in *Brown v. Stone*, 378 So. 2d 218 (Miss. 1979), a case that has been cited by courts throughout the country when striking

7

down First Amendment challenges to compulsory childhood vaccination requirements. *See, e.g.*, *Workman v. Mingo County Bd. Of Educ.*, 419 Fed. Appx. 348, 355 (4th Cir. 2011) (citing the *Brown* decision when rejecting First Amendment challenge to West Virginia's childhood vaccination scheme that lacks a religious exemption option); *Whitlow v. California*, 203 F. Supp. 3d 1079, 1090 (S.D. Cal. 2016) (same regarding California's childhood vaccination scheme). Attempting to overturn on-point precedent from the Mississippi Supreme Court, especially on a constitutional claim that had been rejected by several federal courts throughout the country before the Supreme Court's 2021 rulings in *Fulton v. City of Philadelphia*, 141 S. Ct. 1868 (2021), and *Tandon v. Newsom*, 141 S. Ct. 1294 (2021), involved considerably more risk and demanded more attorney hours to competently advance the claim than would a more straightforward civil rights case. *See* Exhibit C, Declaration of Louis H. Watson, hereinafter "**Watson Decl.**", ¶ 10.

  **C.**  **Skill Requisite to Perform the Legal Service Properly**

Representation options for those seeking redress to constitutional violations in Mississippi are limited, especially with regard to ingrained vaccination policies that enjoy widespread public support. Because it is not typically seen as a lucrative practice area, there are not an abundance of options for attorneys who successfully perform the type of work presented by this case. Attorney Chris Wiest and the law firm of Siri and Glimstad LLP have recently successfully litigated religious discrimination claims involving vaccination mandates against the United States military in *Doster v. Kendall*, 54 F.4th 398 (6th Cir. 2022), and in *Schelske v. Austin*, Case No. 6:22-CV-049-H, (N.D. Tex. Dec. 21, 2022). Attorney Wiest has litigated First Amendment claims against various government actors over the past 10 years and has in just the past two years recorded several additional notable victories. *See, e.g.*, *Fischer v. Thomas*, 52 F.4th 303 (6th Cir. 2022); *Sisters for Life, Inc. v. Louisville-Jefferson Cnty.*, 56 F.4th 400 (6th Cir. 2022); and *Roberts v. Neace*, 958

8

F.3d 595 (6th Cir. 2020). *See also* Siri Decl. and Wiest Decl.

This case also was more complex than a run-of-the mill single plaintiff/single defendant case. The litigation involved seven named plaintiffs, which added considerable complexities, including potential conflicts of interest, client management issues, and increased communication demands. Not many attorneys are willing to take on cases such as those litigated in this matter. *See* Watson Decl. ¶ 11, 21. There were also multiple government defendants with substantial legal resources at their disposal.

### D. Preclusion of Other Employment by the Attorneys Due to Acceptance of the Case

Due to the time expended to successfully litigate this case, Plaintiffs' counsel declined significant amounts of compensable work it could have otherwise accepted. *See* Siri Decl. ¶ 9.

### E. Customary Fee

The fee charged for Aaron Siri is $425 per hour. This is the amount reflected in the itemization submitted by Mr. Siri and is reasonable in view of Mr. Siri's experience and ability. *See* Itemization of expenses and time expended for Siri & Glimstad, PLLC., attached to Siri Decl.; *see also* Siri Decl. and Watson Decl. ¶ 12-13.

The fee charged for Christopher Wiest is $425 per hour. This is the amount reflected in the itemization submitted by Mr. Wiest and is most reasonable in view of Mr. Wiest's experience and ability. *See* Itemization of expenses and time expended for Christopher Wiest, attached to the Declaration of Chris Wiest, Exhibit D, hereinafter "**Wiest Decl.**" and Watson Decl. ¶ 12-13.

The fee charged for Elizabeth Brehm is $425 per hour. This is the amount reflected in the itemization submitted by Ms. Brehm and is most reasonable in view of Ms. Brehm's experience and ability. *See* Itemization of expenses and time expended for Siri & Glimstad LLP, attached to Siri Decl.; *see also* Exhibit E, Declaration of Elizabeth Brehm, hereinafter "**Brehm Decl.**" and

9

Watson Decl. ¶ 12-13.

The fee charged for Walker Moller is $325 per hour. This is the amount reflected in the itemization submitted by Mr. Moller and is most reasonable in view of Mr. Moller's experience and ability. *See* Itemization of expenses and time expended for Siri & Glimstad, PLLC., attached to Siri Decl.; *see also* Moller Decl. and Watson Decl. ¶ 12-13.

The fee charged for Nicky Tenney, paralegal, is $75 per hour. This is the amount reflected in the itemization submitted by Ms. Tenney and is most reasonable in view of Ms. Tenney's experience and ability. *Id.*; *see also* Siri Decl.

  **F.**  **The Fee Arrangement**

Plaintiffs' attorneys have not looked to Plaintiffs for fees or costs. Fees and costs have been partially funded by a non-profit. Any fees awarded by the Court will be used to refund the portion of the fees and costs that have been paid by the non-profit.

  **G.**  **Time Limitations Imposed by the Client or the Circumstances**

The Plaintiffs in this case were eager to have the option to enroll their children in school for the 2023/2034 school year. Hence, Plaintiffs' attorneys sought injunctive relief by July 15, 2023, so that Plaintiffs could navigate any exemption and enrollment process made available. Throughout the litigation, Plaintiffs were eager for a permanent resolution so that they could enroll their children in school with the understanding that they would not need to uproot them soon thereafter. Because of the nature of the relief sought, the case often involved demanding briefing deadlines, especially with regard to Defendants' *Pullman* abstention defenses.

  **H.**  **Amount Involved and the Results Obtained**

Plaintiffs were successful, with the Court issuing a permanent injunction statewide. Dkt. 88. The permanent injunction assured that all children in Mississippi whose religious beliefs or

whose parents' religious beliefs prohibit them from being vaccinated are free to attend public school. No monetary damages were sought or awarded.

### I.     The Experience, Reputation, and Ability of Attorneys

Attorney Aaron Siri graduated from University of California, Berkeley School of Law in 2005. Mr. Siri was admitted to the New York Bar in 2005 and to the Arizona Bar in 2020, and has prosecuted numerous civil rights matters, class actions, commercial and high stakes disputes in state and federal court, at both the trial and appellate level. For the past seven-plus years, Mr. Siri's practice has been focused on vaccine policy work, with many of those cases involving civil rights issues. *See, e.g.*, *Public Health & Med. Pros. for Transparency v. FDA*, No. 4:22-cv-00915 (N.D. Tex. May 9, 2023) (order granting timely production of documents); *Betten Chevrolet, Inc. v. Department of Labor, OSHA*, 142 S. Ct. 892 (2022); *Let Them Choose v San Diego Unified Sch. Dist.*, 85 Cal.App.5th 693 (Cal. Ct. App. 2022); *Booth v. Bowser*, 597 F. Supp. 3d 1 (D.D. C. 2022); *Public Health & Med. Pros. for Transparency v. FDA*, No. 4:21-cv-01058 (N.D. Tex. Jan. 6, 2022) (order granting timely production of documents); *Massoyan-Artinian v Bharel*, Mass. Super. Ct., No. 2084-CV-02924 (Suffolk County Dec. 18, 2020); *Gatto, et al. v. Sentry Services, Inc. et al.*, No. 13-cv-05721-RMB-GWG (S.D.N.Y. Dec. 18, 2014); *Buchanan v. Sirius XM*, 17-cv-0728 (N.D. Tex.); and *Compurun, Inc. d/b/a Rainbow Prime Products v. Famitech Inc. et al.*, Index No. 708713/2014 (Queens Sup. Ct.). An appropriate fee for Mr. Siri is at least $425 per hour. *See* Siri Decl. ¶ 12.

Attorney Christopher Wiest graduated from the University of Cincinnati in 2000, receiving a bachelor's degree in Business Administration, and the University of Cincinnati College of Law in 2004. He was admitted to practice law in Ohio in November 2004 and Kentucky in May 2005, and has practiced before numerous courts in Ohio, Kentucky, Texas, New Mexico, Virginia, West

Virginia, California, the District of Columbia, both at the trial and appellate level. Independent of his collaboration with the law firm of Siri & Glimstad, LLP, attorney Christopher Wiest has also recently recorded noteworthy civil rights and First Amendment victories against various government actors. *See, e.g.*, *Roberts v. Neace*, 958 F.3d 595 (6th Cir. 2020); *Fischer v. Thomas*, 52 F.4th 303 (6th Cir. 2022); and *Sisters For Life, Inc. v. Louisville-Jefferson Cnty.*, 56 F.4th 400 (6th Cir. 2022). An appropriate fee for Mr. Wiest is at least $425 per hour. *See* Wiest Decl. ¶ 3.

Attorney Elizabeth Brehm graduated from Boston University in 2001, receiving a bachelor's degree in Childhood Elementary; from Long Island University in 2004, receiving a Master's degree in Computers in Education; and from Hofstra University School of Law, graduating *magna cum laude*, in 2008. She was admitted to the New York State Bar in 2009 and has practiced before numerous courts in New York and multiple other states, both at the trial and appellate level. Ms. Brehm has worked exclusively on vaccine-related policy and litigation work for more than three years. Prior to that, she focused on antitrust and securities class action litigation. An appropriate fee for Ms. Brehm is at least $425 per hour. *See* Brehm Decl. ¶ 3.

Attorney Walker Moller graduated *cum laude* from Mississippi State University, receiving a bachelor's degree in Business Administration in 2006, and *summa cum laude* from Mississippi College School of Law in 2014. He was admitted to the Texas Bar in 2014 and the Mississippi Bar in 2016. From 2014-2015, Mr. Moller clerked for the Honorable Robert G. James of the Western District of Louisiana, and from 2015-2021, served as an assistant district counsel for the U.S. Army Corps of Engineers, where he litigated employment law and federal procurement cases in various federal administrative courts. Mr. Moller left the Corps of Engineers to join Siri & Glimstad, LLP where he has practiced before federal courts in Mississippi, Texas, Delaware, Michigan, New York, California, North Carolina, Tennessee, Arizona, Connecticut, and West

Virginia, at both the trial and appellate level. An appropriate fee for Mr. Moller is $325 per hour. *See* Moller Decl. ¶ 3.

Paralegal Nicky Tenney is the Senior Paralegal with 14 years of experience. Ms. Tenney graduated from San Jose State University in California and received her certification as a California paralegal from John F. Kennedy University in 2008. Prior to joining Siri & Glimstad, LLP Ms. Tenney spent 11 years working for the Scranton Law Firm, including as Senior Litigation Paralegal.

The law firm of Siri & Glimstad, LLP and Attorney Chris Wiest have recently partnered on several nationally significant civil rights cases, including prevailing against the United States Air Force and United States Army in *Doster v. Kendall*, 54 F.4th 398 (6th Cir. 2022), and *Schelske v. Austin*, Case No. 6:22-CV-049-H (N.D. Tex. Dec. 21, 2022).

**J.     The "Undesirability" of the Case**

Vaccine mandates have recently become a controversial, polarizing, and highly politicized issue in the United States. Advocating against vaccine mandates often is not a popular position, as evidenced by the fact that both President Trump and President Biden have expressed strong bi-partisan support for vaccines. *See, e.g.,* https://www.whitehouse.gov/briefing-room/press-briefings/2021/12/17/press-briefing-by-white-house-covid-19-response-team-and-public-health-officials-74/.

Holding religious objections to vaccination is not a mainstream position. Declining vaccination for religious reasons in Mississippi can be a very unpopular position. *See* Watson Decl. ¶ 17. For example, while litigation was still pending, Defendant Dr. Daniel Edney gave a radio interview, where he stated, "I'm going to tell you, physicians are united in this [opposition to the religious exemption]. This is a house of medicine thing, that pediatricians, family medicine docs,

13

internists like myself, all of us in the house of medicine have been fighting to protect this law for a very long time." [1] Later in the interview, opining on the Court's decision to recognize First Amendment protections in Mississippi, Dr. Edney states, "for a federal judge to issue the court order overturning over 40 years of public health success to me as a Mississippi doctor is galling."[2]

Additionally, this was a high-risk litigation, requiring a substantial output of resources with uncertain chances of recovery. As discussed above, there was directly on-point adverse precedent, and, therefore, the likelihood that attorneys' fees would not be recovered which made this case particularly unattractive from a risk standpoint. Further, this case involved seven named plaintiffs and multiple government defendants with considerable resources, generating additional demands and making this case less attractive on additional levels.

K. **The Nature and Length of the Professional Relationship with the Client**

Plaintiffs' counsel's relationship with Plaintiffs began in April of 2022 when they signed engagement letters and representation was commenced. *See* Moller Decl. ¶ 4. The Complaint was filed on September 1, 2022, and final judgment was entered August 29, 2023.

L. **Awards in Similar Cases**

The Fifth Circuit Court of Appeals has upheld a district court's award of approximately $225,000 in fees in a case which was dismissed on summary judgment. *EEOC v. AGRO Distribution, LLC*, 555 F.3d 462, 465 (5th Cir. 2009). Certainly, the fees sought by Plaintiffs, whose case involved, *inter alia*, a motion (and renewed motion) for summary judgment, a motion for a preliminary injunction, a preliminary injunction hearing, and a motion for judgment on the pleadings, are reasonable in light of *EEOC v. AGRO Distribution, LLC*.

---

[1] https://www.youtube.com/watch?v=edHwhrh51Ng at 22:04 -19.

[2] *Id.* at 22:34-48.

A 2014 decision regarding attorneys' fees occurred in *United States of America ex rel. Cori Rigsby and Kerry Rigsby v. State Farm Fire and Casualty Co., et al.*, No. 1:06-cv-00433-HSO-RHW, 2014 U.S. Dist. LEXIS 22050 (S.D. Miss. 2014). In that Opinion and Order, the Court used the *Johnson* factors to assess the attorneys' fees and found that a rate of $400.00 per hour was reasonable for Mr. August J. Matteis, who had practiced law for more than twenty years as a partner in his firm. Similarly, the Court found that $358.00 per hour was reasonable for William Copley who had been practicing law for nearly 15 years and was a partner at his law firm; $262.00 per hour was a reasonable rate for Laura K. Barbour, who began practice in 2000, and for Pamira Matteis, who engaged in the practice of law for only seven years. Mr. Siri's experience, Mr. Wiest's experience, and Ms. Brehm's experience is comparable to that of Mr. August J. Matteis at the time the decision was rendered. *See* Siri Decl. ¶ 12, Brehm Decl. ¶ 3 and Wiest Decl. ¶ 3. Mr. Moller's experience is comparable to that of Ms. Barbour and/or Mr. Copley. *See* Moller Decl. ¶ 3. In addition, these rates were awarded almost ten years ago.

In *Pickett v. Miss. Bd. of Animal Health*, No. 2:18-cv-214-KS-JCG, 2021 U.S. Dist. LEXIS 205985 (S.D. Miss. Oct. 26, 2021), a straightforward single plaintiff Title VII case, the prevailing plaintiff's attorneys charged $400 an hour for the lead trial attorney and $300 an hour for the other attorneys who worked the case. These rates were awarded almost two years ago. *See* Watson Decl. ¶ 15.

In *Albert Brown v. Mississippi Department of Health,* No. 3:11-cv- 00146-CWR-FKB, 2012 U.S. Dist. LEXIS 155195 (S.D. Miss. 2012), the court awarded Louis H. Watson, Jr., an attorney with twenty-one years' experience, $300.00 per hour, and Robert Nicholas Norris, an attorney with eight years' experience, $235.00 per hour. Mr. Wiest's years of experience is substantially similar to that of Mr. Watson, but Mr. Wiest has substantially more experience

15

litigating constitutional issues such as those presented by this case. *See* Wiest Decl. ¶ 3. Crucially, this case awarded these rates more than ten years ago. *See* Watson Decl. ¶ 14.

In addition, inflation has caused considerable upward adjustments in legal rates in the market since the above decisions on attorneys' fees were decided. *See* https://www.bls.gov/data/inflation_calculator.htm (last visited 9/15/2023) (adjusting $400 from December 2016—when the *Rigsby* decision was issued—equates to $508.63 in August of 2023); *see also* Watson Decl. ¶ 16. But an inflation adjustment alone does not adjust for additional experience that these attorneys have obtained in the last few years, nor does it account for general market adjustments to rates in the relevant market which have increased somewhat significantly in the past two years, all of which make the requested rates in this matter fair, reasonable, and appropriate.

## **LODESTAR FEE**

Plaintiffs respectfully request that the Court set an appropriate lodestar fee by multiplying what the Court finds to be a reasonable rate by the hours expended as follows:

1. Aaron Siri ................................................................................................ 209.3 hours
2. Christopher Wiest.................................................................................... ..72.6 hours
3. Elizabeth Brehm...................................................................................... ..56.7 hours
4. Walker Moller ......................................................................................... 286.5 hours
5. Nicky Tenney ......................................................................................... ..49.1 hours

Plaintiffs' counsel has taken great care to carefully review all itemized time entries to eliminate a significant number of duplicative, unnecessary, or otherwise potentially objectionable charges, in a showing of good faith and taking into account that other attorneys or firms may arguably have devoted fewer resources to the case based on a less aggressive litigation strategy. *See* Brehm Decl. ¶ 5; *see also* Watson Decl. ¶ 22. The Court can view the itemized list of time entries to see all those that were zeroed out by Plaintiff's counsel. The total attorneys' fees being sought are $240,700 ($209,845.00 from Siri & Glimstad LLP and $30,855 from Christ Wiest). *See*

Itemization of expenses and time expended by Siri & Glimstad, LLP, attached to Siri Decl.

## ADJUSTMENT TO LODESTAR

Once lodestar is determined, the Court may adjust the fees either downward or upward using the *Johnson* factors. Courts have often reduced for poor result or waste of time. *See Winborne v. Sunshine Health Care, Inc.*, 2009 WL 2900011, 4 (N.D. Miss. 2009); *Migis v. Pearle Vision, Inc.*, 135 F.3d 1041, 1047 (5th Cir. 1998). Here, however, the opposite is true. Plaintiffs attempted to negotiate with the Attorney General in advance of the April 17, 2023 preliminary injunction hearing. Plaintiffs proposed a consent decree declaring that Miss. Code § 41-23-37 was unconstitutional on its face because it provided the opportunity for medical exemptions without the possibility for religious exemptions – the precise ultimate finding of this Court. Defendants did not agree, necessitating all of the hearing fees and costs and all fees and costs subsequent to that offer. Plaintiffs made clear that they preferred a non-litigated solution. *See* Siri Decl. ¶ 23. On the other hand, the Fifth Circuit disapproves of enhancement except in the most unusual cases. *Shipes v. Trinity Indus.*, 987 F.2d 311, 321-22 (5th Cir. 1993). Accordingly, no enhancement is requested. *But see Hyatt v. Apfel*, 195 F.3d 188 (4th Cir. 1999) (1.33 multiplier for exceptional services).

## CONCLUSION

Plaintiffs respectfully request that the Court award reasonable attorneys' fees. Additionally, Plaintiff's request that costs to Siri & Glimstad LLP in the amount of $12,302.62 and costs to Chris Wiest in the amount of $904.25 be granted. *See* Itemization of expenses and time expended by Siri & Glimstad, LLP, attached to Siri decl.

RESPECTFULLY SUBMITTED, this, the 21st day of September, 2023.

          */s/ Walker D. Moller*
          Walker D. Moller
          1005 Congress Avenue Suite 925 – C36
          Austin, TX

Tel: (512) 265-5622
Fax: (646) 417-5967
wmoller@sirillp.com

Aaron Siri (Pro Hac Vice)
Elizabeth Brehm (Pro Hac Vice)
745 Fifth Ave, Suite 500
New York, NY 10151
Tel: (212) 532-1091
Fax: (646) 417-5967
aaron@sirillp.com
ebrehm@sirillp.com

Christopher Wiest (Pro Hac Vice)
25 Town Center Blvd., Suite 104
Crestview, KY 41017
Tel: (513) 257-1895
Fax: (859) 495-0803
chris@cwiestlaw.com

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I, Walker Moller, do hereby certify that I electronically filed the foregoing with the Clerk of court using the CM/ECF system, which will send notification of such filing to all counsel of record.

THIS the 21st day of September, 2023.

/s/ *Walker D. Moller*

Walker D. Moller
501 Congress Avenue Suite 150 – #343
Austin, TX
Tel: (512) 265-5622
Fax: (646) 417-5967
wmoller@sirillp.com