# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

| | |
|---|---|
| **AMANDA BOSARGE, individually and on behalf of their minor children, et al.,**<br><br>*Plaintiffs,*<br><br>-against-<br><br>**DANIEL P. EDNEY**, **in his official capacity as the State Health Officer, et al.,**<br><br>*Defendants.* | Civil Action No. 1:22-cv-00233-HSO-BWR |

## PLAINTIFFS' REPLY TO DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR ATTORNEY FEES AND COSTS AGAINST DEFENDANT DANIEL P. EDNEY [DKT. 95]

COME NOW Plaintiffs Amanda Bosarge, Jaquelyn Butler, Kimberly Harrell, William Morgan, Paul Perkins, Brandi Renfroe, and Jeana Stanley ("**Plaintiffs**"), by and through counsel, and hereby file their Reply to Defendant Attorney General Lynn Fitch's and Defendant Daniel P. Edney's ("**Defendants**") Response in Opposition to Plaintiffs' Motion for Attorney Fees and Costs Against Defendant Daniel P. Edney [Dkt. 95].

In support, Plaintiffs advance the following:

1. The Court should grant Plaintiffs' Motion for Attorney Fees and Costs against Defendant Daniel P. Edney. (Dkt. 90).

2. Plaintiffs adopt and incorporate by reference, as if fully and completely set forth herein, the arguments and the authorities set forth in Memorandum Brief in Support of Plaintiffs' Reply to Defendants' Opposition to Plaintiffs' Motion for Attorneys' Fees and Costs Against Dr. Edney being filed contemporaneously herewith.

3. Plaintiffs are the prevailing party in this significant constitutional case and in light of the significant relief obtained for children state-wide, Plaintiffs should be awarded attorneys' fees and costs for their necessary and competent legal work pursuant to 42 U.S.C. § 1988. A crucial goal of § 1988 is to incentivize attorneys to ensure enforcement of the civil rights law and for that reason the Fifth Circuit has held that, "absent special circumstances" not present here, "a prevailing plaintiff should be awarded § 1988 fees as a matter of course." *Cruz v. Hauck*, 762 F.2d 1230, 1233 (5th Cir. 1985) (internal punctuation omitted).

4. Because attorney fees are considered the "costs" of litigation under 42 U.S.C. § 1988(b) and not traditional attorneys' fees, and because there is no deadline for seeking costs pursuant to § 1988, Plaintiffs' Motion for Attorney Fees was timely filed.

5. Moreover, the Court has discretion to order fees outside of the Rule 54(d) 14-day window that Defendants argue applies here because the core function of Rule 54, which is to ensure that a defendant has notice of a plaintiff's intention to seek attorneys' fees, was satisfied here, given that Defendants have been well aware of Plaintiffs' intention to seek attorneys' fees since the commencement of litigation and have acknowledged same and been made aware of it throughout the litigation.

6. The Court should not further reduce Plaintiffs' counsel's attorneys' fees as they have already been reduced significantly. The constitutional win obtained for Plaintiffs restored First Amendment free exercise rights for children and families throughout Mississippi and required an extensive amount of legal expertise, time, and resources.

7. Plaintiffs have used the lodestar method to calculate attorneys' fees, which is afforded a strong presumption of reasonableness by Fifth Circuit. Plaintiffs' hours do not exceed a reasonable amount considering the degree of success and results obtained in this case. In addition,

counsel has already drastically reduced the amount of hours and rates, and counsel has only submitted hours for a fraction of the legal professionals who billed time in this matter.

8. Plaintiffs' counsel's proposed hourly rates are also reasonable in light of similar rates for similar cases in this judicial district, given that counsel has considerably reduced their typical "market" compensation rates to comport with prevailing legal rates in Mississippi, while still accounting for the attorney level of experience and specialized nature of the case.

9. Plaintiffs' requested expenses are reasonable as courts within the Fifth Circuit have found that attorneys may be compensated for *pro hac vice* fees, as well as court reporter costs, lodging expenses, and the cost of hearing materials.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs respectfully request that the Court make and enter its Order granting Plaintiffs' Motion for Attorney Fees and Costs against Defendant Daniel P. Edney. (Dkt. 90).

Date: October 12, 2023                     Respectfully submitted,

                                            SIRI & GLIMSTAD LLP

                                            BY:    */s/ Walker D. Moller*
                                                             Walker D. Moller, Attorney
                                                              Mississippi Bar Number: 105187
                                                               1005 Congress Avenue
                                                               Suite 925 – C36
                                                               Austin, TX 78701
                                                               Tel: (512) 265-5622
                                                               Fax: (646) 417-5967
                                                               wmoller@sirillp.com

                                                               Aaron Siri, Esq.
                                                               Elizabeth A. Brehm, Esq.
                                                               Catherine Cline, Esq.
                                                               745 Fifth Ave, Suite 500
                                                               New York, NY 10151
                                                               Tel: (212) 532-1091

Fax: (646) 417-5967
aaron@sirillp.com
ebrehm@sirillp.com
ccline@sirillp.com

Christopher Wiest
25 Town Center Blvd., Suite 104
Crestview, KY 41017
Tel: (513) 257-1895
Fax: (859) 495-0803
chris@cwiestlaw.com

*Attorneys for Plaintiffs*

CERTIFICATE OF SERVICE

I certify that I have served a copy of the foregoing upon all counsel of record, via CM/ECF, this 12th day of October 2023.

/s/   *Walker Moller*
Walker D. Moller, Attorney
